DEBRA ELLWOOD MEPPEN (SBN: 183885)
LISA K. GARNER (SBN: 155554)
HILARY E. FEYBUSH (SBN: 280714)
GORDON & REES LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
dmeppen@gordonrees.com
lgarner@gordonrees.com
hfeybush@gordonrees.com

Attorneys for Defendant
ROBERT TAYLOR

MICHAEL N. FEUER, City Attorney (SBN: 111529x)
JAMES CLARK, Chief Deputy City Attorney
CORY BRENTE, Assistant City Attorney
ELIZABETH L. GREENWOOD, Deputy City Attorney (SBN: 178010)
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Telephone: (213) 978-7025
Facsimile: (213) 978-8785
Elizabeth.greenwood@lacity.org

Attorneys for Defendants
LOS ANGELES POLICE DEPARTMENT, ALEX VARGAS, JAVIER
NAVARRO, JORGE RODRIGUEZ, PETE ECHAVARRIA, MICHAEL
BRAUSAM, DERRICK PRUDE, DERRICK DOMINGUEZ, JASON DE LA
COVA, ANDREW VERGARA JR., DONALD SCHWARTZER, HORACE
FRANK, KEVIN MONTGOMERY, LARRY GUILLEN and RONALD CRUMP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADINE HAYS,<br><br>                    Plaintiff,<br><br>    vs.<br><br>LOS ANGELES POLICE<br>DEPARTMENT, et al.,<br><br>                    Defendants. | Case No. CV12-10219 DMG(PJW)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR HER TO BE ALLOWED TO RECORD CONVERSATIONS WITH DEFENSE COUNSELS WITHOUT THE CONSTANT THREAT OF BEING PROSECUTED FOR A FELONY CRIME; DEFENDANTS' REQUEST FOR SANCTIONS AGAINST PLAINTIFF IN THE AMOUNT OF $1,975** |

| | |
|---|---|
| | ) Accompanying Papers: |
| | ) Declaration of Lisa K. Garner |
| | ) |
| | ) Complaint filed: November 29, |
| | ) 2012 |
| | ) Discovery Cut-off: May 5, 2014 |

## I.    INTRODUCTION

Defendants LOS ANGELES POLICE DEPARTMENT, ALEX VARGAS, JAVIER NAVARRO, JORGE RODRIGUEZ, PETE ECHAVARRIA, MICHAEL BRAUSAM, DERRICK PRUDE, DERRICK DOMINGUEZ, JASON DE LA COVA, ANDREW VERGARA JR., DONALD SCHWARTZER, HORACE FRANK, KEVIN MONTGOMERY, LARRY GUILLEN AND RONALD CRUMP ("City Defendants") and ROBERT TAYLOR ("Taylor") (City Defendants and Taylor are collectively referred to herein as "Defendants") hereby oppose Plaintiff NADINE HAY's ("Plaintiff") Motion for Her to be Allowed to Record Conversations With Defense Counsels Without the Constant Threat of Being Prosecuted for a Felony Crime ("Motion") .

This lawsuit arises from Plaintiff's belief that her arrest on April 25, 2012 by the Los Angeles Police Department violated her civil rights.  In addition to various City Defendants, she has included a private security guard, Defendant Taylor.

Despite this Court explaining to Plaintiff on May 15, 2014 at the hearing on Defendants' Motion to Compel Plaintiff's Independent Psychiatric Examination ("Motion to Compel IME") that Defendants did not have to consent to being audio recorded, Plaintiff filed the instant frivolous Motion with the Court that same day.

As this Motion is frivolous and is utterly without merit, sanctions against Plaintiff in the amount of $1,975 should be granted to Defendants.

## II.    RELEVANT FACTS

On April 11, 2014, the parties attempted to participate in a telephone conference during which Plaintiff insisted on recording the conversation.  Counsel for Defendants would not consent to be recording which resulted in Plaintiff

1    hanging up and refusing to participate.  Declaration of Lisa K. Garner in Support

2    of Defendants' Opposition ("Garner Decl.") at ¶ 2, Ex. A.

3          On April 15, 2014, Plaintiff emailed Defendants' counsel asking them to

4    sign a Stipulation regarding audio recordings of conversations and stated that if she

5    did not hear back by from counsel, she would assume that counsel approved of

6    such.  Garner Decl. at ¶ 3, Ex. B.  On April 17, 2014, counsel for Defendant

7    Taylor responded that she did not approve or agree to this stipulation.  *Id.*

8          On May 8, 2014, Plaintiff emailed Defendants' counsel stating that she

9    would be writing a request to the court regarding recording conversations and

10   asked counsel to send her an explanation why counsel was not agreeable to

11   Plaintiff audio recording their conversations.  See Court Doc. No. 74, Ex. F.  On

12   May 9, 2014, counsel for Defendant Taylor responded explaining that counsel

13   would not agree to being recorded.  *Id.* Counsel repeated to Plaintiff that it is a

14   felony to record a conversation in California without the consent of the parties and

15   that counsel for Defendant Taylor would not consent.  *Id.*  Counsel for Defendant

16   Taylor explained that Plaintiff was welcome to take written notes and to

17   memorialize conversations in writing after they happen.  *Id.*  Also on May 9, 2014,

18   counsel for City Defendants responded stating she would not consent to being

19   recorded.  *Id.*  Counsel explained she had previously told Plaintiff that California is

20   a state that requires consent of all parties to a recording and that failure to notify

21   the other party and get their consent is a crime.  *Id.*  Counsel further explained that

22   there were other ways for her to memorialize conversations, such as notes and

23   journals.  *Id.*

24         On May 15, 2014, this Court explained to Plaintiff at the hearing on

25   Defendants' Motion to Compel Plaintiff's Independent Psychiatric Examination

26   that the Court could not order Defendants' counsel to consent to being audio

27   recorded.  Garner Decl. at ¶ 4.  Despite this, Plaintiff filed the instant frivolous

28   Motion with the Court that same day.

1    On May 22, 2014, Plaintiff sent Defendants' counsel and Detective Purcell

2  an email that she described as her "CEASE AND DESIST order" stating that the

3  email was their notice that anytime they speak to her or are around her, she may be

4  recorded.  Garner Decl. at ¶ 5, Ex. C.

## III.    LEGAL ARGUMENT

### A.    California Penal Code Section 632, Et Seq. Makes It Is A Crime To Record Without Consent

In California, it is a crime to record a conversation without consent.  Section 632 of the California Penal Code states:

> Every person who, ***intentionally and without the consent of all parties*** to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500), or ***imprisonment in the county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment***. If the person has previously been convicted of a violation of this section or Section 631, 632.5, 632.6, 632.7, or 636, the person shall be punished by a fine not exceeding ten thousand dollars ($10,000), by imprisonment in the county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment.

Cal. Penal Code § 632(a) (emphasis added). Section 632(c) defines a "confidential communication" as one that is "carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes a communication made … in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded."

Section 637 of the California Penal Code prohibits the surreptitious recording of "confidential communications" by any party to a telephone call, as well as by any third parties.  Specifically, the section provides that all parties to a telephone conversation must be informed of or consent to the recording of the conversation.

CASE NO. CV12-10219 DMG(PJW)
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION

Here, as detailed above, Defendants' counsel has on numerous occasions explained to Plaintiff that they will not consent to being recorded and explained to Plaintiff that it is a crime to record a conversation without their consent. Plaintiff has not cited to, and Defendants' counsel cannot find, any statute or case law that states there is an exception to the consent requirement of California Penal Code section 632 *et seq.* if the one of the parties has a disability, as Plaintiff allegedly has. Furthermore, California Penal Code section 632 *et seq.* does not allow a party to get around the consent requirement by putting the other party on notice that they are being recorded as Plaintiff is attempting to do in her May 22, 2014 email. Accordingly, Defendants respectfully request that this Court not only deny Plaintiff's Motion but also issue an Order that Plaintiff cannot record Defendants or Defendants' counsel without their express consent.

**B.** **Plaintiff's Motion Should Be Stricken Due To Her Failure To Give Enough Notice**

Plaintiff's Motion is untimely and should be stricken. Regarding Notice and Service of the Motion, the Central District of California's Local Civil Rules state:

> The notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing, and shall be served on each of the parties electronically or, if excepted from electronic filing, either by deposit in the mail or by personal service. *If mailed, the notice of motion shall be served not later than thirty-one (31) days before the Motion Day designated in the notice.* If served personally, or electronically, the notice of motion shall be served not later than twenty-eight (28) days before the Motion Day designated in the notice.

L.R. 6-1 (emphasis added).

Plaintiff's husband John Hay's Proof of Service states that he served a copy of the Motion via U.S. Mail on May 13, 2014. The envelope, however, shows it was mailed on May 14, 2014. Garner Decl. at ¶ 6, Ex. D. Furthermore, it is unlikely the Motion was served on May 13, 2014, when Plaintiff signed the Motion and her declaration on May 14, 2014, *the day after* it was allegedly mail served. Therefore, Plaintiff served the Notice of Motion less than the thirty-one (31) day

1    requirement.  Since the Motion was untimely served, Plaintiff's Motion should be

2    stricken.

3        **C.**    **Plaintiff Should Be Sanctioned For Filing This Frivolous Motion**

4            **In Complete Disregard Of This Court and on an Untimely Basis**

5        Local Rule 11-9 states, "The presentation to the Court of frivolous motions .

6    . . subjects the offender at the discretion of the Court to sanctions of L.R. 83-7."

7    Despite this Court explaining to Plaintiff that she cannot record without the parties'

8    consent at the hearing on May 15, 2014 and informed Plaintiff the Court could not

9    order Defendants' counsel to consent, and despite Defendants' counsel repeatedly

10   informing Plaintiff that they would not consent to being recorded, Plaintiff

11   disregarded this Court and filed the instant frivolous Motion that very same day

12   and has not withdrawn the Motion.  Therefore, Defendants respectfully request that

13   this Court sanction Plaintiff for her complete disregard for this Court's prior ruling

14   and filing of this frivolous Motion pursuant to Local Rule 11-9.

15   **IV.**   **CONCLUSION**

16       Pursuant to the foregoing facts and law, Defendants respectfully request that

17   this Court deny Plaintiff's Motion for Her to be Allowed to Record Conversations

18   With Defense Counsels Without the Constant Threat of Being Prosecuted for a

19   Felony Crime.  Furthermore, since Plaintiff filed this frivolous Motion in complete

20   disregarded of this Court's prior ruling, Defendants respectfully request the Court

21   sanction Plaintiff in the amount of $1,975.

22   Dated: May 23, 2014        GORDON & REES, LLP

23

24                  By:  *s/ Lisa K. Garner*

25                        Debra Ellwood Meppen

26                        Lisa K. Garner

                     Hilary E. Feybush

27                        Attorneys for Defendant

                     ROBERT TAYLOR

28

1  Dated: May 23, 2014                    CITY ATTORNEY

2                                         By:   *s/ Elizabeth L. Greenwood*

3                                              Michael N. Feuer

4                                              James P. Clark
                                               Cory M. Brente
5                                              Elizabeth L. Greenwood

6                                              Attorneys for Defendants
                                               LOS ANGELES POLICE
7                                              DEPARTMENT, ALEX VARGAS,
                                               JAVIER NAVARRO, JORGE
8                                              RODRIGUEZ, PETE
                                               ECHAVARRIA, MICHAEL
9                                              BRAUSAM, DERRICK PRUDE,
                                               DERRICK DOMINGUEZ, JASON
10                                             DE LA COVA, ANDRE VERGARA
                                               JR., DONALD SCHWARTZER,
11                                             HORACE FRANK, KEVIN
                                               MONTGOMERY, LARRY
12                                             GUILLEN AND RONALD CRUMP

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP, 633 West Fifth Street, 52nd Floor, Los Angeles, CA  90071.  On **May 23, 2014,** I served the within documents:

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR HER TO BE ALLOWED TO RECORD CONVERSATIONS WITH DEFENSE COUNSELS WITHOUT THE CONSTANT THREAT OF BEING PROSECUTED FOR A FELONY CRIME; DEFENDANTS' REQUEST FOR SANCTIONS  AGAINST PLAINTIFF IN THE AMOUNT OF $1,975**

☒ **Electronically:**  I caused a true and correct copy thereof to be <u>electronically filed</u> using the Court's Electronic Court Filing ("ECF") system.

☒ I served those parties who are not registered participants of the ECF System as indicated below.

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Los Angeles, addressed as set forth below.

☒ by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processed of envelopes and packages for overnight delivery **by FedEx** as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

| | |
|---|---|
| ***Via Fedex***<br><br>*Plaintiff In Pro Per*<br>Nadine Hays<br>370 Highland Hills Drive<br>Camarillo, CA  93010<br>Telephone:     (805) 484-4452<br>Facsimile:      (818) 474-7676 | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the Bar of this court at whose direction the service was made.

CASE NO. CV12-10219 DMG(PJW)

1   I declare under penalty of perjury under the laws of the United States of
2   America that the above is true and correct.

    Executed on **May 23, 2014**, at Los Angeles, California.

3

4

5                                        /s/ *Carolina Rodriguez*
                                         Carolina Rodriguez
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28