# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 12-10219-DMG (PJW) | Date | May 30, 2014 |
| Title | *Nadine Hays v. Los Angeles Police Department, et al.* | | |

| Present: The Honorable | Patrick J. Walsh, U.S. Magistrate Judge | |
|---|---|---|
| Jacob Yerke | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   Plaintiff's Motion to Record Conversations with Defense Counsel (Doc. No. 74.)

     Before the Court is Plaintiff's motion requesting permission to record conversations with defense counsel without fear of prosecution.  (Doc. No. 74.)  In her motion, Plaintiff argues that, because of her PTSD and short-term memory problems, she could better remember what was said in conversations with defense counsel if she could record them and later replay them.  She contends that California law prohibits only secret recording of conversations and that it is not a crime to record a conversation if she tells defense counsel that she is recording it and counsel refuse to be recorded.

     In their opposition, Defendants argue that it is a crime in California to record a conversation without consent and that Defendants' counsel have repeatedly informed Plaintiff that they do not consent.  They also argue that the Court already informed Plaintiff that Defendants' counsel did not have to consent to being tape recorded and that Plaintiff's motion is therefore frivolous.  They request sanctions in the amount of $1,975.

     As the Court has previously informed Plaintiff, she may not record conversations with Defendants' counsel without their consent, and they have clearly not consented here.  *See Nissan Motor Co., Ltd. v. Nissan Computer Corp.*, 180 F. Supp. 2d 1089, 1094-97 (C.D. Cal. 2002) (finding "the recordation of conversations between counsel in the normal course of litigation, without consent, is a violation of California Penal Code § 632").  To the extent that Plaintiff is requesting that the Court order Defendants' counsel to participate in conversations with Plaintiff when they know their statements will be recorded, that request is denied.  The Court is aware of no authority that would require defense counsel to participate in such conversations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

  Defendants' request for sanctions is denied. It appears that Plaintiff was merely seeking to convince the Court to amend its earlier orders regarding the taping of conversations, which the Court does not find unreasonable or inappropriate. Plaintiff is admonished, however, to be mindful of the costs to Defendants flowing from her unending filings and, when appropriate, the Court will order Plaintiff to pay those costs, including attorney's fees.

cc:
Nadine Hays
370 Highland Hills Dr.
Camarillo, CA 93010

Elizabeth Greenwood
Los Angeles City Attorney's Office, City Hall East
200 North Main Street 6th Floor
Los Angeles, CA 90012

Lisa Garner
Hilary Erin Feybush
Gordon & Rees LLP
633 West Fifth Street 52nd Floor
Los Angeles CA 90071

S:\PJW\Cases-Civil Rights\HAYS 12-10219\MO_record conversations.wpd

                             : 
Initials of Preparer sr