UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10219-DMG (PJW) | Date | May 29, 2014 |
|---|---|---|---|
| Title | *Nadine Hays v. Los Angeles Police Department, et al.* | | |

| Present: The Honorable | Patrick J. Walsh, U.S. Magistrate Judge | |
|---|---|---|
| Jacob Yerke | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   Plaintiff's Request that the Court Reconsider Its Decision re: Video Recording of Independent Mental Examination  (Doc. No. 78.)

Before the Court is a discrepancy notice issued by the Clerk's office in connection with Plaintiff's motion requesting the Court to reconsider its decision prohibiting her from videotaping her independent psychiatric examination. (*See* Doc. No. 78.) According to the Clerk's office, Plaintiff threw the document at the intake window and walked out, making it difficult to process it. This conduct is not appropriate under any circumstances. Plaintiff is warned that, if she repeats it, she will be fined and barred from entering the clerk's office again.

As to the merits of Plaintiff's request, the Court has reviewed the motion and the case Plaintiff attached to it as an exhibit and it is not persuaded that it should change its order. The case Plaintiff cites, from the Northern District of California, centers on a plaintiff's request to videotape the examination *after* the defendant requested that the same examination be videotaped. *See Mandujano v. Geithner*, No. 10-1226 LB, 2011 WL 1298786 (N.D. Cal. April 4, 2011). In response, the district court revisited its earlier ruling that both sides should be permitted to videotape the examination to address the defendant's concerns that the plaintiff's videotaping of the exam would compromise the validity of the exam and diminish the value of the exam for the defendant, who was paying for it. Noting that the defendant's "prior position about videotaping arguably waive[d] the argument now that videotaping should not be allowed," the Court allowed both sides to videotape the examination subject to a protective order.

In the instant case, Defendants have not requested to videotape the examination and, consequently, have not waived their argument that videotaping would interfere with the exam. They have, instead, opposed Plaintiff's request to videotape it. As the Court has already informed Plaintiff, generally speaking, being that it is their exam, the Court is inclined to grant them some discretion in how it is conducted. *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 609-10 (C.D. Cal. 1995). As there is nothing before the Court to indicate that the examination will be improper, the Court sides with Defendants and will not allow it to be video recorded.

In order to resolve Plaintiff's concerns about her memory, however, the Court has agreed that she can tape record the clinical interview portion of the examination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

   For these reasons, Plaintiff's request that the Court reconsider its previous order and modify it to allow her to videotape her examination is denied.

cc:
Nadine Hays
370 Highland Hills Dr.
Camarillo, CA 93010

Elizabeth Greenwood
Los Angeles City Attorney's Office, City Hall East
200 North Main Street 6th Floor
Los Angeles, CA 90012

Lisa Garner
Hilary Erin Feybush
Gordon & Rees LLP
633 West Fifth Street 52nd Floor
Los Angeles CA 90071

S:\PJW\Cases-Civil Rights\HAYS 12-10219\MO_reconsider video recording IME.wpd

                                   :
                      Initials of Preparer sr