1 | DEBRA ELLWOOD MEPPEN (SBN: 183885)
LISA K. GARNER  (SBN: 155554)
2 | HILARY E. FEYBUSH  (SBN:  280714)
GORDON & REES LLP
3 | 633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071
4 | Telephone:  (213) 576-5000
Facsimile:  (213) 680-4470
5 | dmeppen@gordonrees.com
lgarner@gordonrees.com
6 | hfeybush@gordonrees.com

7 | Attorneys for Defendant
ROBERT TAYLOR
8 |
MICHAEL N. FEUER, City Attorney  (SBN: 111529x)
9 | JAMES CLARK, Chief Deputy City Attorney
CORY BRENTE, Assistant City Attorney
10 | ELIZABETH L. GREENWOOD, Deputy City Attorney (SBN: 178010)
200 North Main Street, 6th Floor, City Hall East
11 | Los Angeles, CA 90012
Telephone: (213) 978-7025
12 | Facsimile: (213) 978-8785
Elizabeth.greenwood@lacity.org
13 |
Attorneys for Defendants
14 | LOS ANGELES POLICE DEPARTMENT, ALEX VARGAS, JAVIER
NAVARRO, JORGE RODRIGUEZ, PETE ECHAVARRIA, MICHAEL
15 | BRAUSAM, DERRICK PRUDE, DERRICK DOMINGUEZ, JASON DE LA
COVA, ANDREW VERGARA JR., DONALD SCHWARTZER, HORACE
16 | FRANK, KEVIN MONTGOMERY, LARRY GUILLEN and RONALD CRUMP

17 | UNITED STATES DISTRICT COURT

18 | CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 19 | NADINE HAYS, | ) Case No. CV12-10219 DMG(PJW) |
| 20 | Plaintiff, | ) **DEFENDANTS' OBJECTIONS** |
| 21 | vs. | ) **TO PLAINTIFF'S REQUEST TO**<br>) **THE COURT TO ACCEPT HER** |
| 22 | LOS ANGELES POLICE DEPARTMENT, | ) **PROPOSED MANNER OF**<br>) **CONDUCTING HER** |
| 23 | et al., | ) **DEPOSITIONS** |
| 24 | Defendants. | ) Accompanying Papers:<br>) Declarations of Hilary E. Feybush |
| 25 | | ) and Elizabeth L. Greenwood |
| 26 | | ) Complaint filed:  November 29,<br>) 2012 |
| 27 | | |
| 28 | | |

# **TABLE OF CONTENTS**

I.      INTRODUCTION .................................................................................... 1

II.     RELEVANT FACTS ............................................................................... 2

A.      Meet and Confer Efforts Regarding Plaintiff's Proposed Manner ............... 2

B.      Plaintiff's Financial Condition ........................................................... 5

III.    LEGAL ARGUMENT ............................................................................ 7

      A.      As a Pro Se Litigant, Plaintiff Is Not Excused From Following the Rules of Civil Procedure .................................................... 7

      Federal Rules of Civil Procedure Regarding Oral Depositions ..................... 8

B.      Plaintiff's Proposed Method Does Not Comport with the Federal Rules of Civil Procedure ........................................................... 10

IV.     CONCLUSION ..................................................................................... 12

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S REQUEST TO THE COURT TO ACCEPT HER PROPOSED MANNER OF CONDUCTING HER DEPOSITIONS

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*American Ass'n of Naturopathic Physicians v. Hayhurst,*
  227 F.3d 1104 (9th Cir. 2000)...................................................................7

*Briones v. Riviera Hotel & Casino,*
  116 F.3d 379 (9th Cir. 1997)....................................................................7

*Morris v. Long,*
  2012 U.S. Dist. LEXIS 112368 (E.D. Cal. 2012)..................................11

**Rules**

Central District of California, Local Rule 1-3.........................................7

Central District of California, Local Rule 83-2.2.3.................................8

Federal Rule of Civil Procedure Rule 28 ......................................3, 9, 11

Federal Rules of Civil Procedure Rule 30..........................2, 8, 9, 10, 11

UNPS/1095625/19823564v.1

CASE NO. CV12-10219 DMG(PJW)
DEFENDANTS' OBJECTIONS TO PLAINTIFF'S REQUEST TO THE COURT TO
ACCEPT HER PROPOSED MANNER OF CONDUCTING HER DEPOSITIONS

## I.   **INTRODUCTION**

Defendants LOS ANGELES POLICE DEPARTMENT, ALEX VARGAS, JAVIER NAVARRO, JORGE RODRIGUEZ, PETE ECHAVARRIA, MICHAEL BRAUSAM, DERRICK PRUDE, DERRICK DOMINGUEZ, JASON DE LA COVA, ANDREW VERGARA JR., DONALD SCHWARTZER, HORACE FRANK, KEVIN MONTGOMERY, LARRY GUILLEN AND RONALD CRUMP ("City Defendants") and ROBERT TAYLOR ("Taylor") (City Defendants and Taylor are collectively referred to herein as "Defendants") hereby submit their Objections to Plaintiff NADINE HAYS' ("Plaintiff") Request to the Court to Accept her Proposed Manner of Conducting her Depositions and to Order Defense Counsel to Cooperate with Plaintiff so that her Depositions will Run Smoothly ("Request").

This lawsuit arises from Plaintiff's belief that her arrest on April 25, 2012 by the Los Angeles Police Department violated her civil rights.  In addition to various City Defendants, she has included a private security guard, Defendant Taylor.  In her most recent Request to the Court, Plaintiff requests that she be exempt from "the standard Court Reporter system" because it "is not financially feasible for Plaintiff."  At the deposition of Defendant Officer Vergara on May 28, 2014, Plaintiff had a notary public present to swear in the Officer Vergara but had her own personal GoPro camera set up that she, herself, would be operating during the deposition, therefore acting as the deposition officer.  Since Plaintiff's proposed method of conducting depositions does not comport with the Federal Rules of Civil Procedure and since an exception should not be made for Plaintiff as she is not indigent and as there is no basis for allowing a civil litigant to violate the Rules of Federal Civil Procedure in any event, despite her representations to the Court to the contrary, Defendants respectfully request that this Court deny Plaintiff's Request.

///

///

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S REQUEST TO THE COURT TO
ACCEPT HER PROPOSED MANNER OF CONDUCTING HER DEPOSITIONS

## II. RELEVANT FACTS

### A. Meet and Confer Efforts Regarding Plaintiff's Proposed Manner

On April 28, 2014, Plaintiff sent an email correspondence to Lisa Garner, counsel for Defendant Taylor, and to Elizabeth Greenwood of the City Attorney's office, Counsel for all other defendants, requesting the parties stipulate to various conditions for the depositions Plaintiff would be conducting.   See Declaration of Hilary E. Feybush in Support of Defendants' Objections ("Feybush Decl.") at ¶ 2, Ex. A.   That same date, Ms. Garner responded stating that, as she had previously informed Mrs. Hays, Ms. Garner would not be willing to forgo having a deposition officer monitor the official record of any deposition.  Feybush Decl. at ¶ 3, Ex. B. Ms. Garner explained that Plaintiff's proposed method did not comport with Federal Rules and directed Plaintiff to Federal Rules of Civil Procedure Rule 30, specifically Rules 30(b)(5) and 30(c).  *Id.*  On April 29, 2014, Ms. Garner repeated that she would not stipulate to any method contrary to the Federal Rules of Civil Procedure and explained once again that a deposition office must conduct the entire deposition proceeding, not just one part of it.  Feybush Decl. at ¶ 4, Ex. C.

On May 11, 2014, Plaintiff emailed counsel for Defendants her "Stipulations of the Parties Regarding Plaintiff's Proposed Manner of Conducting Depositions Noticed by Plaintiff and Request for a Court Order" and stated that she assumed they are still going to argue against her proposal.  Feybush Decl. at ¶ 5, Exs. D and E.  If so, Plaintiff asked counsel to print out the Opinion page of her attachment and send the justifications to why they are not willing to agree.  *Id.*

On May 14, 2014, counsel for Defendant Taylor sent Plaintiff his Opposition to Plaintiff's Proposed Stipulation and once again explained that Plaintiff's proposed method of conducting the depositions do not comport with the Federal Rules of Civil Procedure.  Feybush Decl. at ¶ 6, Ex. F.  Counsel for Taylor included the relevant Rules of Civil Procedure and explained that he would not stipulate to the proposed method and maintained that the depositions must be

1  conducted before an officer appointed or designated under Rule 28.  *Id.*

2       On May 28, 2014, Ms. Greenwood, Ms. Feybush, counsel for Defendant

3  Taylor, and Defendant Officer Vergara appeared for Officer Vergara's deposition

4  at 10:00 a.m.  See Declaration of Elizabeth L. Greenwood in Support of

5  Defendants' Objections ("Greenwood Decl.") at ¶ 2; Feybush Decl. at ¶ 7.  When

6  they arrived, Plaintiff was in the room with a notary public and her own personal

7  GoPro camera without a deposition officer present to record the deposition in

8  compliance with the Federal Rules of Civil Procedure.  *Id.*  Ms. Greenwood

9  repeatedly told Plaintiff that counsel would not stipulate to a notary swearing in the

10  witness and allowing Plaintiff to operate the recording device.  *Id.*  Ms. Greenwood

11  reminded Plaintiff that at the Court hearing last week, the Court informed Plaintiff

12  multiple times that a notary was not a proper deposition officer.  *Id.*  Ms.

13  Greenwood reminded Plaintiff that the Court further told her that if she was to

14  proceed with the depositions in that manner, Plaintiff needed to get a stipulation

15  from Defendants or convince the Court.  *Id.*  Since counsel for Defendants had not

16  stipulated and there was not a Court order, Ms. Greenwood said she would not

17  allow the deposition to go forward.  *Id.*

18       On May 29, 2014, Plaintiff sent an email to counsel at 12:09 a.m. stating that

19  they failed to produce the officers as noticed for their depositions that day and

20  cancelling all depositions noticed by Plaintiff "until further notice."  Feybush Decl.

21  at ¶ 8, Ex. G.

22       In response to Plaintiff's email, Ms. Greenwood stated that she did present

23  her clients as she was there with Officer Vergara on May 28, 2014 at 10:00 a.m.

24  and at 1:00 p.m. with Lieutenant Montgomery.  Greenwood Decl. at ¶ 3, Ex. A.  In

25  addition, they were prepared to attend the noticed deposition of Officer Juaregui at

26  3:00 p.m.  *Id.*  However, Plaintiff was not there and neither was a court reporter.

27  *Id.*  Ms. Greenwood explained that on May 29, 2014, Officer Dominguez arrived at

28  9:00 a.m. and was available for his deposition at 10:00 a.m.  *Id.*  Ms. Greenwood

further explained that when she arrived with Ms. Feybush and Officer Vergara on May 28, 2014, Plaintiff was in the room with a notary and her own GoPro camera without a deposition officer present to record the deposition in compliance with the Federal Rules of Civil Procedure. *Id.* Ms. Greenwood stated that neither she nor counsel for Defendant Taylor had stipulated to Plaintiff's proposed deposition manner and Ms. Greenwood had not seen an order from the Court allowing her to use a notary. *Id.* Ms. Greenwood explained that they had waited until 1:30 p.m. to see if she would return for her noticed deposition but she did not appear. *Id.* They also waited until after 3:00 p.m. to see if she would proceed with Officer Juaregui's deposition, but Plaintiff also did not appear. *Id.* On May 29, 2014, defense counsel and Officer Dominguez came into the office prepared to proceed with the deposition but Plaintiff had sent an email after midnight canceling all further depositions when no one was in the office able to cancel the officer's deposition. *Id.* Ms. Greenwood explained to Plaintiff that the City of Los Angeles had spent significant resources providing conference rooms for the depositions in this matter and that by failing to comply with the Federal Rules of Civil Procedure and the Court's order, Plaintiff needlessly wasted the City's resources. *Id.*

On Saturday June 7, 2014, Plaintiff emailed counsel for Defendants asking whether they are going to allow her to proceed with Defendant Taylor's deposition on Wednesday. Feybush Decl. at ¶ 9, Ex. H. Plaintiff commented that "Ms. Garner even has her full-time deposition officer." *Id.* Plaintiff stated that if counsel wanted to hire a court reporter so they could have a transcript through a court reporting agency that is their option to choose and would have to pay for their own manner of recording. *Id.*

On June 9, 2014, counsel for Taylor responded to Plaintiff explaining that if she was still planning to proceed by having a notary swear in Mr. Taylor and then video-record the deposition herself, as she had planned to do on May 28, 2014, the answer is that such manner of conducting the deposition does not comport with the

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S REQUEST TO THE COURT TO ACCEPT HER PROPOSED MANNER OF CONDUCTING HER DEPOSITIONS

Federal Rules of Civil Procedure.  Feybush Decl. at ¶ 10, Ex. I.  Counsel would not permit the deposition to proceed in that manner.  *Id.*  Counsel for Defendant Taylor further stated that Ms. Garner and her firm do not have full-time deposition officers in their employ, but rather has to hire them in the same way Plaintiff would have to do so.  *Id.*  Counsel requested that if Plaintiff planned to hire a court reporter or deposition officer to handle the deposition to let counsel know by noon on June 9, 2014 so they could try to see if they could reschedule Mr. Taylor for June 11, 2014, as Mrs. Hays had notified everyone on May 30 that the depositions had been canceled.  No response to this email was forthcoming.  *Id.*

On June 10, 2014, this Court rejected Plaintiff's Questions and Concerns for the Court Regarding Discovery Issues; Personal Matters Affecting Plaintiff's Ability to Function in which she discusses her proposed manner for conducting depositions.  Court Doc. No. 91.  In Plaintiff's Questions and Concerns, Plaintiff proposed that once the deposition has been recorded, she can have it transcribed in one of three manners: (1) Plaintiff can transcribe the recording herself and then have a neutral third party certify the transcription; (2) Plaintiff can have a stenographic student who has the proper court software do the transcription work; or (3) Plaintiff can have a court reporting agency transcribe only portions of the deposition.  *Id.*

### B.  **Plaintiff's Financial Condition**

Throughout her proposals and requests to this Court and defense counsel, Plaintiff misrepresents her financial condition when she states the reason she needs to conduct the depositions in a different manner is due to her alleged dire financial condition.

In Plaintiff's "Stipulations of the Parties Regarding Plaintiff's Proposed Manner of Conducting Depositions Noticed by Plaintiff and Request for a Court Order" that she sent to defense counsel on May 10, 2014, Plaintiff states she is asking opposing counsel to allow her to conduct her depositions in her proposed

manner because "funds are extremely limited for her."   Ex. E to Feybush Decl.,

pg. 1, lns. 1-3.  Plaintiff further contends that she would be severely prejudiced if

she is not allowed to conduct her depositions in the manner she proposes because

the cost of a deposition through a Court Reporter "is a sum of money that is not

affordable for Plaintiff."  *Id.* at pg. 1, ln. 16-19.

In Plaintiff's current Request to the Court that is the subject of this very

Objection, Plaintiff told this Court that "[t]he standard Court Reporter system is

not financially feasible for Plaintiff."  Court Doc. No. 85, pg. 2, lns. 2-3.   Plaintiff

further contended that she "will be highly prejudiced if the Court insists that

Plaintiff must use one of the very expensive court reporting agencies.  Such an

order could make one's search for justice impossible simply because of the Costs.

*Id.* at pg. 6, lns. 16-18.

Plaintiff's numerous contentions to this Court and defense counsel that she

does not have the financial resources to follow the Federal Rules and use the

"standard Court Reporter system" is false.

Plaintiff's primary residence is located at 370 Highland Hills Drive,

Camarillo, California 93010 has five bedrooms and four and a half bathrooms with

a pool and is located on 1.4 acres.  Feybush Decl. at ¶ 12, Ex. J.  Plaintiff's

residence is estimated to be worth One Million Five Hundred Fifth Two Thousand

Six Hundred Ninety Three Dollars ($1,552,693.00). *Id.*

In Plaintiff's email on May 26, 2014 regarding her "Proposed Manner of Doing

Her Depositions" to defense counsel, Plaintiff explained, "Normally on Memorial

Day weekend my husband and I are up at Big Bear, staying in our cottage, and

sailing." Feybush Decl. at ¶ 13, Ex. K.  Clearly, Plaintiff is not indigent if she has

a second home besides her residence in Camarillo, California.

Plaintiff's financial condition is further evidenced by her husband John

Hays' deposition testimony from May 21, 2014:

/ / /

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S REQUEST TO THE COURT TO
ACCEPT HER PROPOSED MANNER OF CONDUCTING HER DEPOSITIONS

- "... taking care of our home and the estate and her [Plaintiff] apartment building that she inherited from her father...**Over 37 years of marriage, we have accumulate an estate.** .. We have a 1997 Malibu ski boat that sites in storage. We have a 2000 Discovery motor home that sits on stilts... We have a 2007, I think, trailerable MacGregor sailboat, 26-footer that sits in storage. We have a house with a swimming pool that I can't take care of it anymore by myself. We have a place in Big Bear... So I'm very blessed to have a lot of stuff and very challenged to learn how to take care of it all by myself because I'm embarrassed to say that all I did was get up in the morning and go sell stuff. I sold and I made money." Feybush Decl. at ¶ 14, Ex. L, p. 42, ln 17 – p. 43, ln.17, emphasis added.

- "We have two [cars]. .. 2006 Tahoes, papa tow and nana tow, because we're supposed to be towing our toys. And we have a Silverado truck that's supposed to be delivering product, and I inherited it. . . I wound up with a 1963 Cabriolet Porsche". *Id.* at p. 125, ln. 10-15.

- "I have been a success financially. I have been a No. 1 salesman for many years, yep." *Id.* at p. 137, ln. 12-13.

As demonstrated above, Plaintiff clearly has the financial means to hire a Court Reporter or Deposition Officer and has on multiple occasions misrepresented her current financial situation to this Court and defense counsel in an attempt to allow herself to be exempt from the Federal Rules of Civil Procedure regarding depositions by oral examination.

## III.   LEGAL ARGUMENT

### A.   As a Pro Se Litigant, Plaintiff Is Not Excused From Following the Rules of Civil Procedure

The Ninth Circuit has held that pro se litigants must follow the same rules of procedure that govern other litigants and are not excused from following court rules. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381-382 (9th Cir. 1997). *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108-1108 (9th Cir. 2000). In addition, Local Rule 1-3 states, "Persons appearing pro se are bound by these rules, and any reference in these rules to 'attorney' or 'counsel' applies to parties pro se unless the context requires otherwise." Central District of California, L.R. 1-3. Furthermore, Local Rule 83-2.2.3 states, "Any person

appearing *pro se* is required to comply with these Local Rules, and with the F.R.Civ.P., F.R.Crim.P., F.R.Evid. and F.R.App.P." Central District of California, L.R. 83-2.2.3.

Despite these rules, Plaintiff is constantly seeking exceptions to the rules due to her pro se litigant status. On May 26, 2014, Plaintiff requested that defense counsel burn on a DVD all of the depositions that Defendants had taken in exchange for $10 per DVD because she asked the Court Reporter for these documents but said they insisted she purchase the entire transcript. Greenwood Decl. at ¶ 4, Ex. B. On May 29, 2014, Ms. Greenwood explained to Plaintiff that she must bear the cost of her litigation. Greenwood Decl. at ¶ 5, Ex. C. Ms. Greenwood further explained that defense counsel purchased the deposition transcripts from the court reporting company and explained to Plaintiff that the reasonable fee the FRCP refers to is the amount the court reporting agency charges, which includes the time and labor of the court reporter. *Id.* Ms. Greenwood stated that Plaintiff was asking her to steal their labor and work product and sell it to Plaintiff, which is soliciting Ms. Greenwood to commit a crime. *Id.*

Plaintiff, as a pro se litigant in a civil matter, should be held to the same standards as any other litigant who is required to follow the Federal Rules of Civil Procedure regarding the taking of oral depositions. Counsel for Defendants have had to follow the Federal Rules and incur the expenses of hiring deposition officers and receiving certified copies of the transcripts. Accordingly, Plaintiff should also be required to incur the costs of conforming with the Federal Rules of Civil Procedure in regards to conducting depositions and be required to hire a deposition officer to monitor all aspects of the deposition.

Federal Rules of Civil Procedure Regarding Oral Depositions

Rule 30 of the Federal Rules of Civil Procedure guide depositions by oral examination. In regards to the method of recording, Rule 30 (b)(3) states:

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S REQUEST TO THE COURT TO ACCEPT HER PROPOSED MANNER OF CONDUCTING HER DEPOSITIONS

> The party who notices the deposition must state in the notice the method for recording the testimony. Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. ***The noticing party bears the recording costs.***

FRCP Rule 30(b)(3)(A) (emphasis added).  In discussing the deposition officer duties, Rule 30(b)(5) states:

> (A)Before the Deposition. Unless the parties stipulate otherwise, ***a deposition must be conducted before an officer appointed or designated under Rule 28***. The officer must begin the deposition with an on-the-record statement that includes:
> (i) the officer's name and business address;
> (ii) the date, time, and place of the deposition;
> (iii) the deponent's name;
> (iv) the officer's administration of the oath or affirmation to the deponent; and
> (v) the identity of all persons present.
>
> (B) Conducting the Deposition; Avoiding Distortion. If the deposition is recorded nonstenographically, the officer must repeat the items in Rule 30 (b)(5)(A)(i)-(iii) at the beginning of each unit of the recording medium. The deponent's and attorneys' appearance or demeanor must not be distorted through recording techniques.
>
> (C) After the Deposition. At the end of a deposition, the officer must state on the record that the deposition is complete and must set out any stipulations made by the attorneys about custody of the transcript or recording and of the exhibits, or about any other pertinent matters.

FRCP Rule 30(b)(5)(A)-(C) (emphasis added).

Under Rule 28, "a deposition must be taken before an officer authorized to administer oaths either by federal law or by the law in the place of examination." FRCP Rule 28(a)(1)(A).  Furthermore, Rule 28 states, "A deposition must not be taken before a person who is any party's relative, employee, or attorney; who is related to or employed by any party's attorney; or who is financially interested in the action."  FRCP Rule 28(c). The requirement that "all depositions be recorded by an officer designated or appointed under Rule 28 and contains special provisions designed to provide basic safeguards [is] to ***assure the utility and integrity of recordings taken other than stenographically***." Advisory Committee Notes to FRCP Rule 30, 1993 Amendments Subdivision (b) (emphasis added).

During the examination, "the officer must record the testimony by the method designated under Rule 30(b)(3)(A). The *testimony must be recorded by the officer personally or by a person acting in the presence and under the direction of the officer*." FRCP Rule 30(c)(1) (emphasis added).

In addition, after the deposition, "*[t]he officer must certify in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony*. The certificate must accompany the record of the deposition." FRCP Rule 30(f)(1) (emphasis added).  Furthermore, *the officer must retain a copy of the recording* and when paid reasonable charges, must furnish a copy of the recording to any party or the deponent.  FRCP Rule 30(f)(3).

In the Advisory Committee Notes, it explains that:

> A party choosing to record a deposition only by videotape or audiotape should understand that a transcript will be required by Rule 26(a)(3)(B) and Rule 32(c) if the deposition is later offered as evidence at trial or on a dispositive motion under Rule 56.  Objections to the non-stenographic recording of a deposition, when warranted by the circumstances, can be presented to the court under Rule 26(c)."

Advisory Committee Notes to FRCP Rule 30, 1993 Amendments Subdivision (b).

**B.    Plaintiff's Proposed Method Does Not Comport with the Federal Rules of Civil Procedure**

Despite what Plaintiff has previously stated she would do in her Proposed Manner of Depositions, at the deposition of Officer Vergara on May 28, 2014, Plaintiff was going to have a notary public swear in Officer Vergara and then Plaintiff was going to be the one in charge of her GoPro Camera and act as the deposition officer.  Defendants do not dispute that Plaintiff can use a notary public to swear in the deponent.  What Defendants do dispute is that Plaintiff is required to follow the Federal Rules of Civil Procedure by hiring a deposition officer to properly conduct the manner in which Plaintiff chooses to record the depositions, as having a notary public simply swear in the deponent is not sufficient.

Under Rule 30(b)(3), Plaintiff, as the noticing party, bears the recording costs, not defense counsel. Defense counsel has had to bear the costs of recording and transcribing the depositions they have taken in compliance with the Federal Rules and Plaintiff should be required to do the same. In fact, the Federal Rule of Civil Procedure Rule 30, when discussing how the deposition officer is to be present and take over the manner in which the deposition is recorded, uses the word "must." See i.e., FRCP Rule 30(c)(1). There is no provision in the rules for Plaintiff's proposed method of recording the depositions, with her own equipment and under her own purview. Moreover, there is no provision in the rules, absent stipulation of the parties, for any variation in the rules as Plaintiff proposes.

Defendants do not dispute that Plaintiff can have the depositions videotaped instead of recorded stenographically. However the deposition is recorded, whether stenographically or videographically, a deposition officer ***must*** monitor all aspects of it and maintain custody of the recording. Plaintiff is required to have the deposition conducted before an officer designated under Rule 28 which assures the integrity of the records since the depositions are being taken by means other than stenographically. In *Morris v. Long,* 2012 U.S. Dist. LEXIS 112368 (E.D. Cal. 2012), the Court granted defendant's motion to preclude the use of video, audio and/or transcripts of depositions because the examinations failed to comply with Rules 28 and 30 of the Federal Rules of Civil Procedure since they were taken before Plaintiff's attorney and not a deposition officer. *Morris v. Long,* 2012 U.S. Dist. LEXIS 112368, *42-46 (E.D. Cal. 2012). In line with *Morris,* Plaintiff, herself, cannot be the one videotaping the deposition, as she attempted to do at the deposition on May 28, 2014, since there is no assurance of the integrity of the recording and under Rule 30(c)(1), it must be recorded by the officer personally or by a person acting under the direction of the officer.

Furthermore, Defendants are concerned by the manner in which the recording will be kept and used in the future for dispositive motions and at trial

CASE NO. CV12-10219 DMG(PJW)
DEFENDANTS' OBJECTIONS TO PLAINTIFF'S REQUEST TO THE COURT TO
ACCEPT HER PROPOSED MANNER OF CONDUCTING HER DEPOSITIONS

1   since a deposition officer is required to retain a copy of the recording and, given

2   Plaintiff's proposed manner, there will not be an official record of the depositions.

3   See FRCP Rules 30(f)(3) and 32(c).

4        The court is authorized pursuant to Rule 26(c), for "good cause shown" to

5   "make any order which justice requires to protect a party or person from

6   annoyance, embarrassment, oppression or ***undue burden or expense***." FRCP 26(c)

7   (emphasis added).  However, Plaintiff has not shown that good cause exists for this

8   court to make an order to protect her from undue expense.  Further, there is no

9   provision for changing the rules on how depositions must be conducted.  Despite

10  Plaintiff's contentions to this Court and defense counsel that she cannot financially

11  afford to hire a Court Reporter and that such would cause an undue financial

12  hardship, the facts demonstrate otherwise.  Accordingly, the Court should not order

13  defense counsel to comply with Plaintiff's Request as Plaintiff has not shown good

14  cause as to why she should be exempt from the requirements of the Federal Rules

15  of Civil Procedure.  Moreover, this is a civil case; while Plaintiff may take

16  depositions, if she feels that she cannot afford to take them pursuant to the rules,

17  there is no reason why she should be entitled to a deposition that does not comport

18  with the Federal Rules.

19  **IV.**   **CONCLUSION**

20       Pursuant to the foregoing facts and law, Defendants respectfully request that

21  this Court deny Plaintiff's Request to the Court to Accept her Proposed Manner of

22  Conducting Her Depositions.

23  Dated: June 17, 2014          GORDON & REES, LLP

24

25                      By:  */s/ Hilary E. Feybush*
                          Debra Ellwood Meppen

26                            Lisa K. Garner

27                            Hilary E. Feybush
                          Attorneys for Defendant

28                            ROBERT TAYLOR

1  Dated: June 17, 2014

2

CITY ATTORNEY

By:  _/s/ Elizabeth L. Greenwood_
    Michael N. Feuer
    James P. Clark
    Cory M. Brente
    Elizabeth L. Greenwood
    Attorneys for Defendants
    LOS ANGELES POLICE
    DEPARTMENT, ALEX VARGAS,
    JAVIER NAVARRO, JORGE
    RODRIGUEZ, PETE
    ECHAVARRIA, MICHAEL
    BRAUSAM, DERRICK PRUDE,
    DERRICK DOMINGUEZ, JASON
    DE LA COVA, ANDRE VERGARA
    JR., DONALD SCHWARTZER,
    HORACE FRANK, KEVIN
    MONTGOMERY, LARRY
    GUILLEN AND RONALD CRUMP

*Hays v. Los Angeles Policy Dept., et al.,* Case No. CV12-10219 DMG (PJW)

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 633 West Fifth Street, 52nd Floor, Los Angeles, CA 90071.

On June 18, 2014, I served the within documents: **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S REQUEST TO THE COURT TO ACCEPT HER PROPOSED MANNER OF CONDUCTING HER DEPOSITIONS**

☐ **BY FACSIMILE.** By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ **BY PERSONAL SERVICE.** By causing such document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

☑ **BY U.S. MAIL.** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Los Angeles, addressed as set forth below.

☐ **BY OVERNIGHT SERVICE.** By placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

☐ **BY ELECTRONIC.** By transmitting via **ELECTRONIC MAIL** the document(s) listed above to the electronic mail (e-mail) address as follows.:

Nadine Hays
370 Highland Hills Drive
Camarillo, CA 93010
Telephone: (805) 484-4452
Facsimile: (818) 474-7676
*Plaintiff In Pro Per*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 18, 2014, at Los Angeles, California.

/s/ Betty Jue

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

UNPS/1095625/19263890v.1