1  NADINE HAYS
2  370 Highland Hills Drive
   Camarillo, CA  93010
3  (805) 484-4452
   (818) 474-7676 – Fax
4  NadineHays@aol.com
   In Pro Se
5



6

7

8              UNITED STATES DISTRICT COURT,

9       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DISTRICT

10

11  NADINE HAYS, an individual;          Case No. **CV12-10219 DMG (PJW)**
                                         Assigned for all purposes to:
12        Plaintiff,                     Judge:  DMG (PJW)
                                         Dept:  Currently Courtroom 23 for PJW
13        vs.
                                         **PLAINTIFF'S APPEAL TO JUDGE DOLLY**
14  LOS ANGELES POLICE DEPARTMENT, et al **GEE REGARDING JUDGE WALSH'S**
                                         **DECISION THAT THE AUDIO RECORDERS**
15        Defendants                     **MUST BE TURNED OFF DURING**
                                         **THE PSYCHOLOGICAL TESTING**
16  ──────────────────────────────      **PORTION OF THE INDEPENDENT**
                                         **MENTAL EXAMINATION**
17

18
    
19                                       Original Complaint Filed:   Nov. 19, 2012

20                                       Trial Date:                 None
                                         Written Discovery Cut Off:  May 5, 2014
21                                       *HEARING :   7-18-14    9:30AM*
                                         *COURTROOM:  7*
22

23

24  **PLAINTIFF'S APPEAL TO JUDGE DOLLY GEE REGARDING JUDGE WALSH'S**
    **DECISION THAT THE AUDIO RECORDERS MUST BE TURNED OFF DURING**
25  **THE PSYCHOLOGICAL TESTING PORTION OF THE INDEPENDENT**
    **MENTAL EXAMINATION**
26

27                              1                      6/17/2014

28

**PLAINTIFF WISHES TO APOLOGIZE TO THE COURT IF THIS PLEADING LACKS IN ITS COMPOSITION.**

Being a pro se litigant has been far more challenging than Plaintiff ever imagined.  It has indeed been an eye opening experience to see the type of behavior the Court is willing to put up with as attorneys and a pro se litigant battle for "justice".  On top of the stress of the case, Plaintiff has been physically challenged.  She is in desperate need of a hip replacement and is now having problems with her lower back and sciatic nerve.  Pain killers have been prescribed, but they have greatly compromised Plaintiff's ability to think.  Plaintiff has decided to stop the pain medication and to deal with the pain until some other form of pain relief is obtained (surgery, injections, etc.).  In the meantime, Plaintiff will do the best she can despite the handicaps.

## INTRODUCTION

Because Plaintiff has claimed that the Defendants in this case have intentionally caused her to have emotional distress and injury, Plaintiff does understand that Defendants have the right to compel an Independent Mental Examination (IME).  Exactly how this IME is to be conducted, however, is still in dispute.

///

///

///

///

///

**PLAINTIFF'S APPEAL TO JUDGE DOLLY GEE REGARDING JUDGE WALSH'S DECISION THAT THE AUDIO RECORDERS MUST BE TURNED OFF DURING THE PSYCHOLOGICAL TESTING PORTION OF THE INDEPENDENT MENTAL EXAMINATION**

1 | **THE LAW DOES NOT ALLOW VIDEO RECORDING OF AN IME; THE COURT IS**
2 | **UPHOLDING THIS LAW.**

3 | At the motion hearing to compel the mental examination, Magistrate Judge Patrick Walsh
4 | made a ruling that the IME could not be video recorded; see Doc. 75; **Exhibit A**.  After the
5 | hearing Plaintiff was doing research in the Law Library and discovered a case which she thought
6 | would support her request to be allowed to videotape the IME.  Plaintiff immediately prepared a
7 | Request for Reconsideration and submitted it the next day; see Doc. 78; **Exhibit B**.

8 | The Court read Plaintiff's paper, which Plaintiff greatly appreciated.  The Court further
9 | explained that the case Plaintiff cited was not appropriate, as the Plaintiff in the cited case was
10 | granted the right to video record only because the Defendant wanted to video record the IME.

11 | Consequently, in this case, the Court held fast to its decision to not allow any type of
12 | video recording of the IME; see Doc. 80; **Exhibit C**.

13 |
14 |

15 | **THE LAW ALLOWS THE INDIVIDUAL GIVEN AN IME TO AUDIO RECORD THE**
16 | **ENTIRE EXAMINATION.**

17 | Plaintiff still felt very uncomfortable about the Court's ruling and continued her quest to
18 | find a legal way to accomplish the security she longed for when entering the IME.  On June 6,
19 | 2014 Plaintiff submitted another pleading asking the Court to allow her to *completely* **audio**
20 | record the examination, as that is what the law allows; see Doc. 92; **Exhibit D**.

21 | The Civil Discovery Act, Title 4, Part 4, Section 2032.53 states the following:
22 | "Recording mental examination by audio technology.  (a) The examiner and examinee shall have

23 |

24 | **PLAINTIFF'S APPEAL TO JUDGE DOLLY GEE REGARDING JUDGE WALSH'S**
25 | **DECISION THAT THE AUDIO RECORDERS MUST BE TURNED OFF DURING**
    | **THE PSYCHOLOGICAL TESTING PORTION OF THE INDEPENDENT**
26 | **MENTAL EXAMINATION**

27 | 3                                                            6/17/2014
28 |

1   the right to record a mental examination by audio technology." There is no portion of the act

2   that gives the examiner the right to demand that the recording device be turned off for a portion

3   of the testing. This would violate the protection that is put in place by allowing the audio

4   recording to be done. If there is any portion of the testing that should not be recorded, it can

5   easily be done as a written test.

6          Finally, the following was said in Doc. 92, 5:9-6:2:

7

8          Plaintiff would like to draw the Court's attention to the case *Golfland Entertainment*
           *Centers Inc. v. Superior Court*; see **Exhibit 2** on the enclosed CD, which Plaintiff has printed on

9          lined paper in order to more easily reference portions of the opinion. The following quote is
           made on page 6, lines 3-5: **"[w]e must assume, absent evidence to the contrary, that the**

10         **examiner will proceed in an ethical manner,** adhering to these constraints" [4] ; and the **entire**
           **examination will be audiotaped** (as discussed in the next part of this opinion). (Vinson, supra,

11         43 Cal.3d 833, 846, 239 Cal.Rptr. 292, 740 P.2d 404.)
                  On page 6, lines 5-6 the following quote is found: "Nothing in the applicable statute

12         suggests that the right of the examiner or examinee is limited to recording only selected parts of
           the examination. Further, recording only the examinee's responses would defeat **the main**

13         **purposes of the audiotaping, which are to ensure that the examiner does not overstep the**
           **bounds set by the court for the mental examination,** that the context of the responses can be

14         judged for purposes of trial, **that the examinee's interests are protected (especially since the**
           **examinee's counsel ordinarily will not be present), and that any evidence of abuse can be**

15         **presented to the court.** (See Vinson, supra, 43 Cal.3d 833, 846, 239 Cal.Rptr. 292, 740 P.2d
           404.)" (emphasis added)

16

17         In the final disposition, the court ordered that an audio recording be done of *the entire*

18  *examination.* This is exactly what Plaintiff has requested and believes she should be entitled to

19  have.

20  ///

21  ///

22  ///

23

24  **PLAINTIFF'S APPEAL TO JUDGE DOLLY GEE REGARDING JUDGE WALSH'S**
    **DECISION THAT THE AUDIO RECORDERS MUST BE TURNED OFF DURING**

25  **THE PSYCHOLOGICAL TESTING PORTION OF THE INDEPENDENT**
    **MENTAL EXAMINATION**

26

27                                          4                          6/17/2014

28

1  **JUDGE WALSH WAS UPHOLDING THE LAW UNTIL DEFENSE COUNSEL**

2  **GARNER ASKED FOR THE AUDIO RECORDERS TO BE TURNED OFF FOR THE**

3  **PSYCHOLOGICAL TESTING PART OF THE EXAMINATION, WHICH IS IN**

4  **VIOLATION OF THE LAW.**

5  Even in the motion hearing on May 15, 2014 Judge Walsh said: "I gave you an audio

6  tape…that's what the law allows…that's what I'm exercising my discretion and allowing.

7  That's what's going to happen."; see **Exhibit F**, 3:21-23.

8  Then Ms. Garner, one of the defense counsels and the individual that arranged for the

9  IME, stated: "I actually have no objection except for one. I just wanted to…the audio recorders

10  must be off during the psychological testing because those testing questions are not open to

11  public dissemination."; see **Exhibit F,** 5:12-14.

12  Judge Walsh then modified his ruling when he said: "I understand. She puts it on the

13  internet then everyone's going to know the questions that are going to be asked and then they are

14  going to know how to answer the questions. That request is granted."; see **Exhibit F,** 5:16-22.

15  This decision severely prejudices Plaintiff and removes the protection put in place by law which

16  allows her to have a *complete* audio recording.

17  There are other possible ways for this situation to be resolved. Defense counsel wants it

18  their way and will not compromise. Plaintiff is more than willing to sign a protective order

19  which states that she will not post the recording to the internet. Plaintiff believes that answers to

20  questions could be written, rather than oral, thereby not compromising the standardized tests that

21  are used. Defense counsel's argument is weak and it has cited no authority which mandates that

22  the audio recording be disabled during sections of the testing.

23

24  **PLAINTIFF'S APPEAL TO JUDGE DOLLY GEE REGARDING JUDGE WALSH'S**
   **DECISION THAT THE AUDIO RECORDERS MUST BE TURNED OFF DURING**

25  **THE PSYCHOLOGICAL TESTING PORTION OF THE INDEPENDENT**
   **MENTAL EXAMINATION**

26

27                                            5                              6/17/2014

28

1     Judge Walsh's decision to not allow a complete audio recording is in violation of case

2   law cited in this district and should be reversed and an order should be made which allows

3   Plaintiff to audio record the entire IME.

4

5

6   Respectfully submitted,

7

8

9   *Nadine Hays*

10   Nadine Hays

11   Plaintiff, in Pro Se

12

13   Dated: June 17, 2014

14

15

16

17

18

19

20

21

22

23

24   **PLAINTIFF'S APPEAL TO JUDGE DOLLY GEE REGARDING JUDGE WALSH'S
     DECISION THAT THE AUDIO RECORDERS MUST BE TURNED OFF DURING
25   THE PSYCHOLOGICAL TESTING PORTION OF THE INDEPENDENT
     MENTAL EXAMINATION**

26

27                                       6                        6/17/2014

28



Nadine Hays vs Los Angeles Police Department, et al
CV12-10219 DMG(PJW)
PLAINTIFF'S APPEAL TO JUDGE DOLLY GEE
REGARDING JUDGE WALSH'S DECISION THAT THE
AUDIO RECORDERS MUST BE TURNED OFF DURING
THE PSYCHOLOGICAL TESTING PORTION OF THE IME;
EXHIBITS A-F

# EXHIBITS A, B, C, D, E, and F

# EXHIBIT F

Partial Transcript From Motion Hearing on May 15, 2015 *(handwritten: 2014)*

JUDGE WALSH: The main purpose of the hearing is to get Ms. Hays an opportunity to respond to my tentative. I'll give the Defendants a chance as well and I don't know they disagree with anything I've said but maybe they do. Ms. Hays...talk to me...come to the lectern and let's talk.

You don't want to have a psychiatric exam. You think your PET scans are going to be good enough. You want to videotape it.

MS. HAYS: Actually, your Honor, I've modified my plan of attack because I found out that although they are perfecting the MEG scans, right now it's with group analysis, it's not with individual analysis. They haven't refined it to that point, so I retract what I had put in my pleadings.

JUDGE WALSH: (indiscernible)

MS. HAYS: OK

JUDGE WALSH: (indiscernible)

MS. HAYS: OK.

JUDGE WALSH: (indiscernible). All right...so...(indiscernible)

Partial Transcript From Motion Hearing on May 15, 2015 *(handwritten: 2014)*

1

1  MS. HAYS: OK. As I have said, your Honor, I do not have a problem having my mental state

2  evaluated. In fact, I'm really surprised that my own professionals haven't administered

3  examinations.

4

5  JUDGE WALSH: And now you're going to get them for free...they're going to pay for it.

6

7  MS. HAYS: Right, isn't that wonderful? However, I've supplied case law that basically says

8  that when an opposition doctor is examining an individual it has to be done on a fair playing

9  grounds. And, number one, I personally have had some very negative experiences with

10  psychiatric doctors. And I have no guarantee if I am (pausing...voice choking up) forced to go

11  in to see a doctor that I know nothing about other than the fact that his goal is to not help me

12  because he's working for the defendants. So I said, OK..what can be done that would be a

13  compromise that should not compromise the evaluation but yet allow me to go into the

14  evaluation without fear. And to tell you the truth, your Honor, if I am fearful when I go in, I'm

15  going to skew the results and I don't think that's a fair evaluation either as to a person's mental

16  state. I think that we would get a lot more accurate results if I would go in and I will prepare

17  myself...I'll just say, "He's a doctor, he's administering standardized tests and then I get the

18  results of those tests and then I have the ability to find somebody that can look at the results and

19  do a different interpretation that will be in my favor. I guess that's how the game is normally

20  played. I could live with that as long as I can go into the examination with ease, and tranquility,

21  and calmness. I don't even need to have somebody present in the room. I know they said they

22  did not want to have a third party even though I cited case law where third party...in fact, it's

23  funny where for a medical examination it's part of the code that the attorney can be with the

24

25              Partial Transcript From Motion Hearing on May 15, ~~2015~~ *JKH*
                                                                    *2014*
26

27                                               2

28

1   person but I guess for some reason…and I don't know why…but for a psychiatric or mental

2   examination it's not allowed. I don't know…like I said, I wish I knew why…I can guess that it

3   was probably because the attorneys interfered too much  with objections…that's kind of what

4   I've read.

5

6   JUDGE WALSH: That's the way attorneys usually are.

7

8   MS. HAYS: Yeh…Well, see, I'm not that way. I usually try to be as cooperative as I possibly

9   can, and polite, and courteous….so, OK, so I'm going… you know I don't have an attorney. My

10   attorney is going to be there…it's me. Right? I had suggested …I don't understand why a video

11   recording is not allowed, especially if the video …my camera is this big, your Honor, it's not

12   teleproduction size. But it has good audio. It has good video and it can be set off to the side.

13   I'm not interested in a pretty picture of me or the doctor…I mean it can just be our backs as far

14   as that's concerned.

15

16   JUDGE WALSH: So let's review

17

18   MS. HAYS: Yes.

19

20   JUDGE WALSH: You came in here and said you want a video. OK. I said no and you said let's

21   compromise, give me a videotape. That ain't compromising. I gave you an audio tape…that's

22   what the law allows…that's what I'm exercising my discretion and allowing. That's what's

23   going to happen. We can't beat a dead horse. Here's the way the system works. You've raised

24

25   Partial Transcript From Motion Hearing on May 15, ~~2015~~ *n∗/∗*
                                                                    *2014*

26

27                                              3

28

1 | your issue. I read your papers. I issued a tentative so that you'd have time to…put your hand

2 | down…in the calmness of your own house, to read it and come in because it is an important

3 | issue…to give someone a psychiatric exam. Your request for a video tape is denied. I have

4 | hundreds, if not thousands of cases. I can't make the same decision five times. OK. I read your

5 | paper. I know you want a video. OK. What do you want to say.

6 |

7 | MS. HAYS: I don't see where the examination would be compromised if…

8 |

9 | JUDGE WALSH: (Indiscernible)

10 |

11 | MS. HAYS:  Let me finish, your Honor…

12 |

13 | JUDGE WALSH: I don't need to let you finish.

14 |

15 | MS. HAYS: It's not on the video.

16 |

17 | JUDGE WALSH: I don't care. You're going to use a tape recorder or nothing at all. That's my

18 | ruling. Here's how the system works. You don't like my ruling, you appeal it. OK? Don't keep

19 | saying the same thing. I'm sorry. I have a bunch of cases coming in today.

20 |

21 | MS. HAYS: So you won't allow a CCTV…

22 |

23 | JUDGE WALSH: No

24 |

Partial Transcript From Motion Hearing on May 15, ~~2015~~ *nk¼l*
*2014*

4

1

2 | MS. HAYS: ...system, where an outsider could watch and observe what's going on.

3

4 | JUDGE WALSH: No.  OK?

5

6 | MS. HAYS: So the Court's willing to take on the responsibility if something happens (choking

7 | up)? Thank you, your Honor.

8

9 | JUDGE WALSH: You folks, unless you have some objection...come on up here.  I don't want to

10 | shut you off.  Ms. Garner...

11

12 | MS. GARNER:  Yes, your Honor, I actually have no objection except for one.  I just wanted

13 | to..the audio recorders, however, must be off during the psychological testing because those

14 | testing questions are not open to public dissemination...and that's all I...

15

16 | JUDGE WALSH: I understand.

17

18 | MS. GARNER:...want.

19

20 | JUDGE WALSH: She puts it on the internet then everyone's going to know the questions that

21 | are going to be asked and then they are going to know how to answer the questions.  That request

22 | is granted.

23

24

25

Partial Transcript From Motion Hearing on May 15, ~~2015~~ 2014 y/R/21

26

27

5

28

1 | MS. GARNER: Thank you.

2 |

3 | JUDGE WALSH: We're going to alter this to say that during the testing...that standardized

4 | testing...she's not allowed to have it on.  Anything from the other side?

5 |

6 | GREENWOOD: No, your Honor...submit.

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

Partial Transcript From Motion Hearing on May 15, ~~2015~~ *inital*
*2014*

6

Certification of Transcription

I hereby certify that the foregoing, also known as Exhibit F in Plaintiff's pleading dated 6/17/14, is a true and correct transcript, to the best of my ability, of the requested portion of the motion hearing on May 15, 2014 for Case CV12-10219 made available to me.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken, and further that I am not financially nor otherwise interested in the outcome of the action.

Signature of Individual Certifying Transcription:

_William T. Adams_

Printed Name of Individual Certifying Transcription:

_WILLIAM T. ADAMS_

Date: _JUNE 17, 2014_

# CALIFORNIA JURAT WITH AFFIANT STATEMENT

☑ See Attached Document (Notary to cross out lines 1–6 below)
☑ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

*The printed transcript that is attached is a true and correct transcript, to the best of my ability, of the requested portion of the motion hearing on May 15, 2014 for case CV-10219.*

_____
Signature of Document Signer No. 1

_____
Signature of Document Signer No. 2 (if any)

State of California

County of __VENTURA__

Subscribed and sworn to (or affirmed) before me on this

__17__ day of __JUNE__, 20__14__, by
  Date              Month             Year

(1)__NADINE K. HAYS__,
           Name of Signer

proved to me on the basis of satisfactory evidence
to be the person who appeared before me (.) (,)

                    (and

(2)_____,
           Name of Signer

proved to me on the basis of satisfactory evidence
to be the person who appeared before me.)

Signature _____
                    Signature of Notary Public

**WILLIAM T. ADAMS**
COMM. #1943213
NOTARY PUBLIC • CALIFORNIA
VENTURA COUNTY
Comm. Exp. JULY 30, 2015

Place Notary Seal Above

--------------------- *OPTIONAL* ---------------------

*Though the information below is not required by law, it may prove
valuable to persons relying on the document and could prevent
fraudulent removal and reattachment of this form to another document.*

**Further Description of Any Attached Document**

Title or Type of Document: __CERTIFICATION of TRANSCRIPTION__
__EXHIBIT F__

Document Date: __MAY 15, 2014__     Number of Pages: __8__

Signer(s) Other Than Named Above: _____

RIGHT THUMBPRINT
OF SIGNER #1
Top of thumb here

RIGHT THUMBPRINT
OF SIGNER #2
Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5910   Reorder: Call Toll-Free 1-800-876-6827

## PROOF OF SERVICE – CIVIL

1.  At the time of service I was over 18 years of age and not a party to this action.  My residence address is: 370 Highland Hills Dr.; Camarillo, CA  93010.

2.  Case: CV 12-10219 DMG(PJW)

3.  On June 2̶0̶, 2014 I served a copy of the following document:

    **PLAINTIFF'S APPEAL TO JUDGE DOLLY GEE REGARDING JUDGE WALSH'S DECISION THAT THE AUDIO RECORDERS MUST BE TURNED OFF DURING THE PSYCHOLOGICAL TESTING PORTION OF THE INDEPENDENT MENTAL EXAMINATION;** dated 6/17/2014

    **[PROPOSED] ORDER ON PLAINTIFF'S APPEAL REGARDING DECISION THAT AUDIO RECORDERS MUST BE TURNED OFF DURING THE PSYCHOLOGICAL TESTING PORTION OF THE INDEPENDENT MENTAL EXAMINATION;** dated 6/17/2014

4.  Person served:

    Elizabeth Greenwood
    Deputy City Attorney
    200 North Main Street, 6th Floor, City Hall East
    Los Angeles, CA  90012

    Lisa Garner
    Gordon and Rees, LLP
    633 W. Fifth Street
    52nd Floor
    Los Angeles, CA  90071

    Served via U.S. mail.


Date: June 2̶0̶, 2014

Signed: _____
              John A. Hays

---

## PROOF OF SERVICE