1

2                    UNITED STATES DISTRICT COURT

3                   CENTRAL DISTRICT OF CALIFORNIA
                           WESTERN DIVISION

4

5
     NADINE HAYS,                    )
6                                    )
                                     )
7           PLAINTIFF,               )
                                     )
8           VS.                      )   CASE CV 12-10219-DMG(PJWX)
                                     )
9    LOS ANGELES POLICE DEPARTMENT,  )
     ET AL.,                         )   LOS ANGELES, CALIFORNIA
10                                   )
            DEFENDANT.               )   APRIL 4, 2014
11                                   )
     _____)

12

13
                              HEARING
14              BEFORE THE HONORABLE PATRICK J. WALSH
                   UNITED STATES MAGISTRATE JUDGE
15

16

17   APPEARANCES:              SEE NEXT PAGE

18   COURT REPORTER:           RECORDED; XTR

19   COURTROOM DEPUTY:         JACOB YERKE

20   TRANSCRIBER:              DOROTHY BABYKIN
                               COURTHOUSE SERVICES
21                             1218 VALEBROOK PLACE
                               GLENDORA, CALIFORNIA  91740
22                             (626) 963-0566

23

24

25   PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
     TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.

2

```
 1   APPEARANCES:  (CONTINUED)
     FOR THE PLAINTIFF:        NADINE HAYS
 2                             PRO SE

 3   FOR ALL DEFENDANTS        LOS ANGELES CITY ATTORNEY'S OFFICE
     EXCEPT ROBERT TAYLOR:     BY:  ELIZABETH L. GREENWOOD
 4                                  DEPUTY CITY ATTORNEY
                               CITY HALL EAST
 5                             200 NORTH MAIN STREET
                               6TH FLOOR
 6                             LOS ANGELES, CALIFORNIA  90012

 7   FOR ROBERT TAYLOR:        GORDON & REES LLP
                               BY:  LISA K. GARNER
 8                                  ATTORNEY AT LAW
                               633 WEST FIFTH STREET
 9                             52ND FLOOR
                               LOS ANGELES, CALIFORNIA  90071
10

11   ALSO PRESENT:             DETECTIVE DAVID PURCELL
                               LOS ANGELES POLICE DEPARTMENT
12
                               WENDY SOBEL, COURT REPORTER
13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

1                              I N D E X
   CASE NO. CV 12-10219-DMG(PJWX)              APRIL 4, 2014
2
   HEARING RE:   OUTSTANDING DISCOVERY DISPUTES
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4

1          LOS ANGELES, CALIFORNIA; FRIDAY, APRIL 4, 2014

2              THE CLERK:  CALLING ITEM 1, NADINE HAYS VERSUS LOS

3     ANGELES POLICE DEPARTMENT, LAPD, ET AL., CASE CV 12-10219.

4              IF YOU'D PLEASE STATE YOUR APPEARANCES FOR THE

5     RECORD.

6              MS. HAYS:  NADINE HAYS, PLAINTIFF.

7              MS. GARNER:  LISA GARNER, COUNSEL FOR ROBERT

8     TAYLOR.

9              MS. GREENWOOD:  ELIZABETH GREENWOOD, COUNSEL FOR

10    THE REMAINING DEFENDANTS.

11             DETECTIVE PURCELL:  DETECTIVE PURCELL, LAPD.

12             MS. SOBEL:  WENDY SOBEL, COURT REPORTER.

13             THE COURT:  I DIDN'T HEAR THE LAST NAME.  I DIDN'T

14    HEAR THE LAST -- I'VE GOT NADINE HAYS.  I'VE GOT ELIZABETH

15    GREENWOOD.  I'VE GOT LISA GARNER.

16             WHO ELSE IS THERE?

17             DETECTIVE PURCELL:  DETECTIVE DAVID PURCELL, LAPD.

18             THE COURT:  ALL RIGHT.

19             ANYBODY ELSE?

20             MS. SOBEL:  YES.  WENDY SOBEL, COURT REPORTER.

21             THE COURT:  THANKS, MS. SOBEL.  OKAY.

22             ALL RIGHT.  MY CLERK HAS ALREADY GIVEN ME A PREVIEW

23    OF WHAT'S UP.  MS. HAYS APPARENTLY BROUGHT A VIDEO RECORDER

24    TO THE DEPOSITION AND WANTS TO VIDEO RECORD IT.  AND

25    MS. GREENWOOD HAS AN OBJECTION.

5

1            AM I RIGHT, MS. GREENWOOD?

2            MS. GREENWOOD:  I DO.

3            THE COURT: GO AHEAD.

4            MS. GARNER:  YES.  AND THIS IS LISA GARNER, YOUR

5    HONOR.  AND I ALSO HAVE AN OBJECTION.

6            THE COURT:  ALL RIGHT.  ONE AT A TIME.

7            MS. GREENWOOD.

8            MS. GREENWOOD:  IT'S REQUIRED BY THE FEDERAL RULES

9    OF CIVIL PROCEDURE TO GIVE NOTICE THAT THIS IS GOING TO

10   HAPPEN.  AND IDEALLY THERE'S SOMEONE TO MONITOR IT, TO TURN

11   IT ON AND OFF AT THE APPROPRIATE TIME.  THERE IS NO

12   DEPOSITION (INAUDIBLE) HERE.  AND WE DID NOT RECEIVE NOTICE

13   PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE.

14           THE COURT:  OKAY.

15           MS. GARNER.

16           MS. GARNER:  (INAUDIBLE) -- ALSO NOTED PURSUANT TO

17   THE RULES OF CIVIL PROCEDURE.

18           AND ALSO MY UNDERSTANDING IS THAT MS. HAYS ALSO IF

19   SHE DOESN'T GET TO VIDEO TAPE IT WOULD LIKE TO AUDIO RECORD

20   IT, AND THERE'S NO NOTICE OF THAT EITHER.  AND I OBJECT TO

21   ANY AUDIO RECORDING OF THE DEPOSITION.

22           THE COURT:  OKAY.

23           MS. GREENWOOD:  -- OBJECTION.

24           THE COURT:  MS. HAYS, WHO ARE YOU GOING TO POINT

25   THE VIDEO RECORDER AT?

6

1          MS. HAYS:  YOUR HONOR, IF THEY WANT ME TO POINT IT

2     AT THE WALL, I'LL POINT IT AT THE WALL.  I'M DOING IT MORE

3     FOR AUDIO THAN FOR VIDEO.  IT JUST SO HAPPENED TO BE THE MOST

4     CONVENIENT ITEM FOR ME TO USE.

5          THE COURT:  OKAY.  YOU HAVE A TAPE RECORDER THERE?

6     YOU HAVE A TAPE RECORDER THAT YOU CAN RECORD IT?

7          MS. HAYS:  I DO NOT.

8          THE COURT:  YOU DO NOT.  YOU ONLY HAVE A VIDEO

9     RECORDER.

10          MS. HAYS:  I'VE GOT MY CELL PHONE, BUT THAT WOULD

11     (INAUDIBLE).

12          THE COURT:  ALL RIGHT.

13          MS. HAYS:  -- I DID GIVE MS. GREENWOOD NOTICE THAT

14     I WAS GOING TO RECORD.  SHE KNEW IT AND COULD HAVE BROUGHT IT

15     UP THAT SHE OBJECTED WHEN WE HAD OUR TELECONFERENCE CALL ON

16     MONDAY.

17          THE COURT:  YOU'RE BREAKING UP A LITTLE, MS. HAYS.

18     CAN YOU GET CLOSER TO THE SPEAKER.

19          MS. HAYS:  YEAH.  I WAS -- I WAS SAYING I HAD -- I

20     HAD --

21          THE COURT:  HOW DID YOU GIVE HER NOTICE?  YOU TOLD

22     HER ON THE PHONE?

23          MS. HAYS:  TOLD HER IN PERSON.

24          THE COURT:  ALL RIGHT.  WHEN DID YOU TELL HER IN

25     PERSON?

7

1          MS. HAYS:  ON MONDAY I BELIEVE IT WAS.

2          THE COURT:  ALL RIGHT.  AND YOU WERE AT A MEETING

3    WITH MS. GREENWOOD AND YOU SAID I'M GOING TO RECORD IT?

4          MS. HAYS:  WELL, MONDAY IF YOU REMEMBER -- LET'S

5    SEE, TODAY IS --

6          THE COURT:  FRIDAY.

7          MS. HAYS: -- FRIDAY.  WAS IT NOT MONDAY THAT WE HAD

8    OUR TELECONFERENCE CALL.

9          THE COURT:  OKAY.

10         MS. HAYS: -- OR NOT.

11         THE COURT:  I THINK SO.  BUT ARE YOU TELLING ME

12   THAT DURING THAT CALL YOU SAID YOU WERE GOING TO RECORD IT?

13         MS. HAYS:  NOT DURING THE CALL BUT WHILE I WAS --

14   IN FACT, I WAS SETTING UP FOR THE DEPO BECAUSE THE DEPO,

15   REMEMBER, WAS GOING TO BE ON THAT DAY.

16         THE COURT:  I'M JUST TRYING TO -- HERE'S WHAT I

17   WANT FROM YOU, THE FACTS.  WHAT DAY?  WHAT TIME?  WHERE?  WHO

18   WAS THERE WHEN YOU TOLD THE OTHER SIDE THAT YOU WERE GOING TO

19   RECORD IT?

20         MS. HAYS:  OKAY.  I WAS IN THE CITY ATTORNEY'S

21   OFFICE TELLING MS. GREENWOOD THAT I NEEDED TO RECORD BECAUSE

22   OF MY MEMORY ISSUE.  SHE CONTINUALLY INSISTED THAT I COULD

23   NOT.  IN FACT, I BELIEVE I'VE GOT EMAIL CORRESPONDENCE PRIOR

24   TO MONDAY WHERE I HAD TOLD HER THAT I INTENDED TO

25   VIDEO RECORD AND SHE DID OBJECT WHEN SHE SENT ME A REPLY.  SO

1  -- BUT SHE DIDN'T BRING IT UP ON MONDAY WHEN WE HAD OUR

2  TELECONFERENCE CALL --

3          THE COURT:  SO, YOU THINK YOU -- YOU THINK YOU'VE

4  SENT HER EMAILS ABOUT IT, AND YOU THINK YOU TOLD HER ON

5  MONDAY DURING THE CONFERENCE?

6          MS. HAYS:  YES.  AND IF I'M GIVEN TIME, I WILL BE

7  MORE THAN HAPPY TO RESEARCH THAT, YOUR HONOR.

8          THE COURT:  OKAY.

9          MS. GREENWOOD.

10          MS. GREENWOOD:  THANK YOU, YOUR HONOR.

11          WE DID NOT TALK ABOUT IT ON MONDAY.  THERE WERE A

12  FEW THINGS THAT WE DIDN'T EVEN GET TO ON MONDAY -- I BELIEVE

13  IN PART BECAUSE THE COURT RAN OUT OF TIME.

14          BUT WHEN I CAME IN SHE DID NOT HAVE A CAMERA SET

15  UP.  SHE HAD A COMPUTER SET UP.  AND IT'S IN THE ROOM THAT WE

16  ARE ALL CURRENTLY SITTING IN RIGHT NOW.  SHE DID NOT MENTION

17  IT TO ME ON MONDAY.

18          SHE MENTIONED IT TO ME ON THE PHONE -- ON THE PHONE

19  A WEEK BEFORE THAT.  AND WHAT I TOLD HER, AND WHAT I HAD

20  REPEATEDLY TOLD HER IS THAT THERE ARE STEPS THAT YOU NEED TO

21  TAKE.  THOSE STEPS ARE OUTLINED IN THE FEDERAL RULES OF CIVIL

22  PROCEDURE.  SHE'S BEEN A PROBLEM THROUGHOUT THIS ENTIRE CASE

23  BECAUSE SHE DOES NOT WANT TO FOLLOW THE FEDERAL RULES OF

24  CIVIL PROCEDURE -- OR SHE DOESN'T.  WHETHER OR NOT SHE WANTS

25  TO I SHOULDN'T -- I SHOULDN'T SPEAK TO.  SHE DOESN'T FOLLOW

9

1   THE FEDERAL RULES OF CIVIL PROCEDURE.

2              AND IN ORDER TO MAINTAIN SOME CONTROL OF THIS THE

3   ONLY THING I KNOW TO DO IS TO INSIST UPON THAT.

4              THE COURT:  ALL RIGHT.  WELL, LET ME STOP YOU, MS.

5   GREENWOOD.

6              FEDERAL RULE OF CIVIL PROCEDURE 30(B)(3)((B) SAYS

7   THAT IN ORDER TO -- FOR HER TO VIDEOTAPE IT OR RECORD IT ON A

8   MEANS OTHER THAN A COURT REPORTER SHE HAS TO GIVE YOU PRIOR

9   NOTICE AND TELL YOU HOW SHE'S GOING TO DO IT.

10             AND WHAT YOU'VE JUST TOLD ME IS A WEEK AGO MONDAY

11  SHE TOLD YOU SHE WAS GOING TO DO THAT.  AND THAT'S PRIOR

12  NOTICE.

13             MS. GREENWOOD:  OKAY.

14             THE COURT:  THERE'S NO REQUIREMENT THAT IT'S IN

15  WRITING, AND THERE'S NO REQUIREMENT THAT YOU APPROVE OF IT.

16  THAT'S NOT AN ISSUE.

17             MS. GREENWOOD:  OKAY.

18             THE COURT:  MS. GARNER WASN'T IN THE CASE AT THE

19  TIME SO I DON'T KNOW THAT SHE WAS REQUIRED.  I THINK MS.

20  GARNER IS BASICALLY WORKING HER WAY BACK IN.  ALL RIGHT.

21             SO, FOR THAT REASON, I'M GOING TO OVERRULE YOUR

22  OBJECTION THAT SHE WANTS TO VIDEOTAPE IT, AND I'M GOING TO

23  ALLOW HER TO VIDEOTAPE IT.  AND I'M GOING TO TELL HER THAT I

24  WANT YOU TO POINT THE CAMERA AT YOURSELF.

25             RIGHT, MS. HAYS?

10

1          MS. HAYS:  YES, YOUR HONOR.

2          THE COURT:  POINT IT AT YOUR CHAIR.  GET IT READY.

3  GET IT STARTED.  GO SIT IN YOUR CHAIR AND BE DEPOSED.

4          NOW, I DON'T KNOW WHAT THE PURPOSE OF IT IS GOING

5  TO BE BECAUSE NORMALLY THE OTHER SIDE WANTS TO TAKE YOUR

6  VIDEOTAPE SO THEY CAN SHOW THE JURY.  BUT IF YOU WANT TO --

7  YOU ARE ALLOWED TO RECORD YOUR DEPOSITION THROUGH VIDEOTAPE

8  IF YOU WANT.

9          AND I'LL OVER THE DEFENDANTS' OBJECTIONS -- MS.

10 GREENWOOD'S AND MS. GARNER'S -- I'M GOING TO ALLOW YOU TO DO

11 THAT BECAUSE I BELIEVE YOU GAVE NOTICE AND YOU'VE BROUGHT THE

12 MACHINE THERE.

13         ALL RIGHT.  MS. GREENWOOD, YOU CAN STATE YOUR

14 OBJECTIONS ON THE RECORD IN ADDITION TO WHAT YOU'VE SAID

15 ALREADY IF THERE'S ANYTHING FURTHER.

16         MS. GREENWOOD:  THE OTHER FURTHER THING -- I DON'T

17 KNOW THE LEGAL OBJECTION.  HERE'S MY MAIN CONCERN.  SHE

18 AUDIOTAPES TELEPHONE CALLS WITHOUT TELLING THE PERSON ON THE

19 OTHER END OF THE PHONE THAT SHE'S DOING THAT.  THAT'S A

20 FELONY IN CALIFORNIA.  I'VE ADVISED HER OF THIS.  SHE TELLS

21 ME IT'S NOT AND THEN PROCEEDS TO DO IT ANYWAY.  SHE HAS

22 AUDIOTAPED PEOPLE AND VIDEOTAPED PEOPLE AND UPLOADS IT ON

23 YOUTUBE.

24         I AM CONCERNED BECAUSE I SEE THIS BEING BIG DRAMA

25 SERVING NO PURPOSE ON THIS CASE MOVING FORWARD.

11

1           SO, THERE IS A RELEVANCE OBJECTION, A PRIVACY

2    OBJECTION, AN OBJECTION THAT I WANT TO MAKE SURE THAT SHE

3    TURNS IT OFF WHEN THE DEPOSITION IS -- WHEN WE'RE IN RECESS,

4    WHEN WE ARE NOT SPEAKING, WHEN WE PAUSE BRIEFLY.  BECAUSE SHE

5    DOESN'T HAVE SOMEONE HERE ACTING AS THE DEPOSITION --

6           LET ME FINISH WITHOUT YOU INTERRUPTING ME.  YOU'RE

7    TALKING TO ME --

8           YES, YOUR HONOR.  I'M GOING -- I'M GOING TO GIVE

9    THE PHONE TO MS. GARNER.

10          MS. GARNER:  YOUR HONOR, THIS IS LISA GARNER FOR

11    ROBERT TAYLOR.

12          JUST AN OBJECTION THAT WE NEVER GOT NOTICE OF THIS.

13    AND I ALSO HOLD THE SAME CONCERNS OF PRIVACY AND, YOU KNOW,

14    BEING REQUIRED TO FOLLOW THE RULES.

15          I ALSO AM CONCERNED ABOUT HER USE OF THIS OUTSIDE

16    OF THIS PROCEEDING -- REQUEST THEN THAT YOU ISSUE A

17    PROTECTIVE ORDER THAT SHE CAN ONLY -- THAT SHE CAN ONLY --

18          THE COURT:  YOU'RE BREAKING UP, MS. GARNER.

19          MS. GARNER:  I'M SORRY, YOUR HONOR.  CAN YOU HEAR

20    ME NOW?

21          THE COURT:  YES.

22          MS. GARNER:  I REQUEST THAT YOU ISSUE A PROTECTIVE

23    ORDER THAT SHE CANNOT UPLOAD THIS TO ANY SOCIAL MEDIA, THAT

24    SHE CAN ONLY USE THIS FOR THE PURPOSES OF THIS LITIGATION.

25          MS. HAYS:  NO PROBLEM.  YOUR HONOR, I OFFERED TO

12

1    MS. GREENWOOD AND I CAN DO IT TO MS. GARNER --

2              CAN YOU HEAR ME?

3              THE COURT:  YEP.

4              MS. HAYS:  OKAY.

5              -- TO MS. GARNER AS WELL.

6              I SAID I WILL BE MORE THAN HAPPY TO FURNISH COPIES

7    OF THIS VIDEO AND AUDIO TO THEM AS WELL.  AND I AM NOT GOING

8    TO UPLOAD IT TO YOUTUBE.

9              AND THE ONLY AUDIO THAT I HAVE UPLOADED TO YOUTUBE

10   HAS BEEN NOTICED TO THE INDIVIDUAL THAT I AM RECORDING.  SO

11   --

12             THE COURT:  ALL RIGHT.  I'M NOT GOING TO -- HERE'S

13   WHAT I'M GOING TO DO.

14             I WILL ENTER -- SINCE YOU DON'T OBJECT, MS. HAYS,

15   I'M GOING TO ENTER A PROTECTIVE ORDER THAT YOU CANNOT UPLOAD

16   THE DEPOSITION VIDEOTAPE ON TO THE INTERNET.

17             DO YOU UNDERSTAND?

18             MS. HAYS:  I UNDERSTAND.

19             THE COURT:  YOU JUST KEEP THAT AMONGST YOURSELF AND

20   THE PARTIES.  IF YOU WANT TO GIVE -- IF THEY WANT A COPY, YOU

21   CAN GIVE IT TO THEM.  IF THEY DON'T WANT A COPY, YOU DON'T

22   HAVE TO.  THEY'LL LET YOU KNOW.

23             AND I'M GOING TO ENTER A PROTECTIVE ORDER THAT

24   YOU'RE NOT ALLOWED TO DISSEMINATE THE VIDEOTAPE OF YOUR

25   DEPOSITION WITHOUT FURTHER ORDER OF THIS COURT.

13

1      DO YOU UNDERSTAND?

2           MS. HAYS:  I UNDERSTAND.

3           AND THE CAMERA DOES A RED LIGHT ON IT AND IS

4  LITERALLY A FOOT IN FRONT OF (INAUDIBLE) -- AND ELIZABETH

5  GREENWOOD AND LISA GARNER.  SO, IF SOMEBODY WANTS TO SPEAK

6  AND TAKE IT OFF RECORD, THEY'RE MORE THAN WELCOME.  I'LL SHOW

7  THEM WHERE THE BUTTON IS AND THEY CAN JUST REACH OVER AND

8  PUSH THE BUTTON.

9           THE COURT:  NO, HERE'S WHAT I THINK.  I THINK YOU

10  SHOULD OPERATE THE CAMERA.  I DON'T THINK YOU SHOULD GET THEM

11  OPERATING THE CAMERA.  THEN THERE'S GOING TO BE A FIGHT ABOUT

12  THEM SHUTTING IT OFF.

13           HERE'S THE DEAL.  WHILE YOUR DEPOSITION IS BEING

14  TAKEN, YOU CAN HAVE THE VIDEO CAMERA ON.  WHEN YOUR

15  DEPOSITION IS NOT BEING TAKEN, LIKE, WHEN YOU'RE GOING TO THE

16  BATHROOM OR YOU'RE TAKING A LUNCH BREAK OR WHATEVER, SHUT IT

17  OFF.

18           THEY DON'T WANT TO BE FILMED JUST WALKING AROUND

19  THEIR OFFICES AND TALKING AMONGST THEMSELVES.  AND I'M GOING

20  TO GO ALONG WITH THEM ON THAT.

21           THE ONLY THING THAT SHOULD BE FILMED IS YOU BEING

22  DEPOSED.

23           DO YOU UNDERSTAND?

24           MS. HAYS:  I UNDERSTAND, YOUR HONOR.

25           THE COURT:  SO, WHEN YOU'RE NOT BEING DEPOSED, SHUT

14

1   IT OFF.

2           ALL RIGHT.  NOW, MS. GARNER, I WANTED TO RESPOND TO

3   YOUR OBJECTIONS.  I DON'T -- HAVE YOU -- WHAT HAPPENED -- WAS

4   THERE A DEFAULT ENTERED IN THE CASE AGAINST YOU OR YOUR

5   CLIENT?

6           MS. GARNER:  YES, A DEFAULT WAS ENTERED AGAINST MY

7   CLIENT.

8           THE COURT:  ALL RIGHT.  SO, TECHNICALLY I DON'T

9   EVEN THINK -- HAS IT BEEN UNDONE YET?

10          MS. GARNER:  NO, YOUR HONOR.  WE MENTIONED THIS TO

11  YOU ON MONDAY, AND YOU SAID THAT YOU MIGHT -- YOU WOULD TRY

12  TO TAKE CARE OF --

13          THE COURT:  HANG ON A SECOND.

14          WHAT'S GOING ON WITH THE DEFAULT?

15          (THE COURT CONFERRING WITH CLERK.)

16          THE COURT:  ALL RIGHT.  THAT'S -- I'M GOING TO LOOK

17  AT THAT RIGHT NOW.

18          ANYWAY, SO I DON'T TECHNICALLY -- I UNDERSTAND YOUR

19  OBJECTIONS THAT SHE DIDN'T GIVE YOU NOTICE.  YOU KNOW, AS

20  HARD -- AS HARD AS IT IS FOR YOU TO DEAL WITH PRO SES, IT'S

21  EQUALLY AS HARD FOR ME.  IT'S NOT THAT I JUST TELL THEM THAT

22  THEY DON'T HAVE TO FOLLOW ANY OF THE RULES.  BUT SHE DID MAKE

23  AN ATTEMPT IN THIS CASE TO LET MS. GREENWOOD -- WHO IS GOING

24  TO BE INVOLVED IN THE DEPOSITION -- KNOW THAT SHE WAS GOING

25  TO DO IT.

15

1          THE FACT THAT SHE DIDN'T LET YOU KNOW -- YOUR

2    CLIENT HAD DEFAULTED AT THAT POINT.  IN FACT, YOU KNOW, EVEN

3    BEING PART OF THE DEPOSITION AFTER YOU'VE DEFAULTED I THINK

4    IS A QUESTION.

5          BUT I'M GOING TO OVERRULE YOUR OBJECTIONS.  I'M

6    ADDRESSING YOUR CONCERNS AS BEST I CAN.  YOU CAN INSIST THAT

7    THE RECORDER BE SHUT OFF BY MS. HAYS WHEN THE DEPOSITION IS

8    NOT GOING FORWARD.  I DON'T WANT HER WALKING AROUND THE CITY

9    ATTORNEY'S OFFICE TAKING VIDEO OF EVERYBODY.  AND SHE'S NOT

10   GOING TO DISSEMINATE IT ON THE INTERNET.

11         ALL RIGHT.  SO, THAT WILL ALLEVIATE SOME OF YOUR

12   CONCERNS.

13         AS FAR AS WHAT MS. HAYS IS DOING ABOUT RECORDING OR

14   NOT RECORDING PHONE CALLS WITH FOLKS, THAT'S NOT -- I'M NOT

15   GOING TO DEAL WITH THAT ISSUE RIGHT NOW.  IF SOMEBODY WANTS

16   TO BRING IT BEFORE ME AT ANOTHER TIME OR WANTS TO REFER IT

17   FOR PROCEEDINGS AT SOME TIME, THEY CAN DO THAT, BUT I'M NOT

18   GOING TO RESOLVE THAT TODAY.

19         ALL RIGHT.

20         MS. HAYS:  THANK YOU.  (INAUDIBLE.)

21         THE COURT:  YOU'RE WELCOME.

22         NOW, THE NEXT ISSUE IS AS I UNDERSTAND THAT MS.

23   HAYS WANTS TO DEPOSE HERSELF DURING THE DEPOSITION.

24         AM I RIGHT?

25         MS. GREENWOOD:  SHE SAYS -- (INAUDIBLE.)

16

1          MS. HAYS:  YOUR HONOR, I DON'T EVEN KNOW WHAT --

2          THE COURT:  WELL, I THINK WHAT YOU ARE GOING TO DO

3    IS EITHER PROVIDE A NARRATIVE OR ASK YOURSELF QUESTIONS AND

4    ANSWER THEM.

5          MS. HAYS?

6          MS. HAYS:  (INAUDIBLE.)

7          THE COURT:  WHAT ARE YOU -- ARE YOU JUST GOING TO

8    RESPOND TO THE LAWYER'S QUESTIONS, OR ARE YOU GOING TO

9    PROVIDE OR YOU'RE GOING TO OFFER ADDITIONAL TESTIMONY?

10         MS. HAYS:  IF I DEPOSE MYSELF, I CAN DO THAT WITH

11   THE (INAUDIBLE); CAN I NOT?

12         THE COURT:  I DIDN'T CATCH IT -- WITH THE COURT

13   COMPUTER?

14         MS. HAYS:  NO, NO.  WHEN YOU DO -- WHEN YOU DO

15   DEPOSITIONS DO ALL COUNSEL NEED TO BE PRESENT?

16         THE COURT:  YES.

17         MS. HAYS:  OH, THEY DO.

18         THE COURT:  YES.

19         MS. HAYS:  OKAY.  SO, BASICALLY IF IN THE PROCESS

20   OF THE DEPOSITION I FELT THERE WAS SOME DIRECTION OR

21   STATEMENT THAT WAS MADE THAT I WANTED TO CLARIFY, SHOULD I

22   ASK THE CLERK TO TRY TO DO CLARIFICATION AT THAT TIME WHILE

23   THEY'RE DEPOSING ME, OR SHOULD I HOLD OFF AND (INAUDIBLE) THE

24   EXISTING DEPOSITION?

25         THE COURT:  WELL, YOU KNOW, I'M NOT YOUR LAWYER.

17

```
 1    I'M THE JUDGE.  AND NORMALLY WHAT HAPPENS WHEN THE PLAINTIFF
 2    IS DEPOSED IN A CIVIL RIGHTS CASE AND HAS A LAWYER, THE
 3    LAWYER DOESN'T ASK THE PLAINTIFF ANY QUESTIONS ON THE RECORD.
 4    BECAUSE IF THERE'S SOMETHING SAID THAT THE PLAINTIFF NEEDS TO
 5    CLARIFY, OR IF THERE'S SOME -- IF A SUMMARY JUDGMENT MOTION
 6    IS FILED LATER BASED IN PART ON THE PLAINTIFF'S DEPOSITION,
 7    THE PLAINTIFF CAN SUBMIT A DECLARATION.  SO, THAT'S WHAT
 8    HAPPENS IN THE REAL WORLD.
 9            THIS IS NOT THE REAL WORLD.  THIS IS YOU
10    REPRESENTING YOURSELF.  AND YOU ARE ALLOWED TO CLARIFY YOUR
11    ANSWERS DURING THE DEPOSITION.  IF THERE'S SOME CONFUSION OR
12    YOU THINK YOU MISSPOKE, YOU CAN FIX THAT.
13            AS TO AT SOME POINT JUST GOING ON WITH A LONG
14    NARRATIVE, I DON'T KNOW.  YOU CAN DO IT.  I'M NOT GOING TO
15    TELL YOU YOU CAN'T.  AND MS. GREENWOOD AND MS. GARNER CAN
16    RAISE ANY OBJECTIONS THEY FEEL ARE APPROPRIATE.
17            ALL RIGHT?
18            MS. HAYS:  YES, YOUR HONOR.
19            THE COURT:  OKAY.  MS. GREENWOOD, ANYTHING FURTHER
20    BEFORE I LET YOU GO?
21            MS. GREENWOOD:  WE EACH HAVE ONE THING.
22            BRIEFLY IN RESPONSE TO THE ORDER THAT YOU GAVE THE
23    OTHER DAY ABOUT MS. HAYS' MEDICAL RECORDS, THE CITY OF LOS
24    ANGELES IS NOT -- BECAUSE WE DIDN'T GET TO THIS IN THE PHONE
25    CONVERSATION.  THE CITY OF LOS ANGELES IS NOT THE CUSTODIAN
```

18

1  OF RECORDS -- OF THOSE MEDICAL RECORDS.  HIPAA PREVENTS ME

2  FROM GETTING THEM.  WE HAVE NO ACCESS TO THEM.

3          THE COURT:  WHO HAS THEM?

4          MS. GREENWOOD:  I DON'T KNOW WHO THE --

5          THE COURT:  FIND OUT AND EMAIL MY CLERK TONIGHT AND

6  TELL ME WHERE THE RECORDS ARE AND WHO HAS THEM.  OKAY?

7          MS. GREENWOOD:  YES, WE WILL --

8          THE COURT:  SO, WHAT YOU'RE SAYING IS WHEN YOU GO

9  TO LOS ANGELES -- WHEN THE LOS ANGELES POLICE DEPARTMENT

10 ARRESTS YOU AND PUTS YOU IN JAIL AND THEY GIVE YOU MEDICAL

11 TREATMENT, THE CITY DOESN'T HAVE THOSE MEDICAL RECORDS.  YOU

12 GIVE THEM TO SOMEBODY ELSE?

13         MS. GREENWOOD:  THERE ARE DOCTORS AND NURSES THAT

14 WORK FOR THE CITY, AND THEY ARE THE CUSTODIANS OF RECORD FOR

15 THOSE -- OR THEY'RE CONTRACTED WITH THE CITY.

16         I DON'T HAVE --

17         MS. HAYS:  (INAUDIBLE.)

18         THE COURT:  HANG ON A SECOND.

19         MR. GREENWOOD, WHAT DOES THAT MEAN?  THAT THIS

20 CONTRACT DOCTOR TAKES HER MEDICAL FILE AND PUTS IT IN HIS

21 TRUNK AND DRIVES AWAY.

22         MS. GREENWOOD:  I DON'T KNOW.

23         THE COURT:  NO, THAT'S NOT WHAT HAPPENS.

24         MS. GREENWOOD, THIS ISN'T THE FIRST CASE I'VE EVER

25 HAD.

1          MS. GREENWOOD:  I UNDERSTAND, YOUR HONOR.  WHEN I

2     TELL YOU THAT WHEN WE SEND OUT THE SUBPOENA FOR THAT, WE GET

3     A RESPONSE -- AND I'VE SHARED THIS WITH MS. HAYS BEFORE --

4     THAT SAYS, "HIPAA PREVENTS US FROM GIVING YOU THOSE RECORDS."

5          THE COURT:  HIPAA DOES NOT -- I WANT TO TELL YOU

6     SOMETHING ABOUT HIPAA.  HIPAA DOES NOT PRESENT -- PREVENT A

7     PATIENT FROM GETTING THEIR OWN MEDICAL RECORDS.

8          MS. GREENWOOD:  THAT'S CORRECT.  SHE CAN GET THEM.

9     SHE CAN GET THEM.  AND I HAVE NO PROBLEM WITH HER GETTING

10    THEM.

11         THE COURT:  FROM WHOM?

12         MS. GREENWOOD:  MS. HAYS CAN GET THEM.

13         THE COURT:  FROM WHOM?

14         MS. GREENWOOD:  I WILL GET THE NAME OF THE PERSON

15    BEFORE SHE LEAVES TODAY.

16         THE COURT:  ALL RIGHT.  YOU GIVE HER THE NAME OF

17    THE PERSON THAT SHE HAS TO -- YOU WANT TO -- DO THEY -- THE

18    CITY IS A PARTY TO THIS CASE SO THEY DON'T -- YOU NORMALLY

19    DON'T SUBPOENA A PARTY.  BUT ARE YOU SAYING THEY HAVE TO --

20    SHE HAS TO SUBPOENA THEM?

21         MS. GREENWOOD:  I'M SAYING THAT SHE IS GOING TO

22    HAVE TO -- SHE HAS TO SUBPOENA THEM OR GET THEM FROM THE

23    CUSTODIAN OF RECORDS.

24         THE COURT:  HERE'S WHAT I'M GOING TO DO.  HERE'S

25    WHAT I'M GOING TO DO.  SHE HAS REQUESTED THOSE RECORDS, AND

1    I'VE ORDERED YOU TO PRODUCE THEM.

2              YOUR ARGUMENT AND YOUR OBJECTION BASED ON HIPAA IS

3    OVERRULED.  THAT'S OVERRULED.  THE CITY OF LOS ANGELES CANNOT

4    REFUSE TO TURN OVER A PATIENT'S MEDICAL RECORDS BASED ON

5    HIPAA.  IT DOES NOT APPLY TO THE PATIENT.  THE FEDERAL

6    GOVERNMENT DID NOT INVENT A LAW THAT SAYS PATIENTS CAN'T GET

7    THEIR OWN MEDICAL RECORDS.  THAT OBJECTION IS OVERRULED.

8              IF YOU WANT TO APPEAL MY RULING, YOU CAN TAKE IT

9    UP.  I'M ORDERING YOU TO PRODUCE THOSE RECORDS.  THIS IS --

10   THIS IS SILLY.

11             MS. GREENWOOD:  I AGREE, YOUR HONOR.  IT'S AN

12   ARGUMENT THAT WE'RE HAVING WITH BOTH THE FIRE DEPARTMENT AND

13   THE DOCTORS AT THE POLICE DEPARTMENT BECAUSE NEITHER ONE OF

14   THEM WILL TURN OVER RECORDS TO US.  BUT --

15             THE COURT:  YOU CAN -- HERE'S WHAT YOU DO.  YOU

16   TELL THAT PERSON IN THE POLICE DEPARTMENT THAT I'M ORDERING

17   HIM TO APPEAR IN MY COURTHOUSE WITH THOSE RECORDS NEXT

18   FRIDAY.  AND HE IS TO SHOW CAUSE WHY HE OR SHE SHOULD NOT BE

19   HELD IN CONTEMPT OF COURT FOR REFUSING TO PRODUCE THOSE

20   RECORDS.  YOU PASS THAT ON TO THAT PERSON.

21             MS. GREENWOOD:  I WILL.

22             THE COURT:  YOU EMAIL ME THAT PERSON'S NAME, AND I

23   WILL PRESENT -- I WILL ISSUE AN ORDER TO SHOW CAUSE.

24             MS. GREENWOOD:  OKAY.

25             THE COURT:  ALL RIGHT.

21

1          MS. GREENWOOD:  YES.  THERE'S ONE MORE --

2          HANG ON.

3          THE COURT:  GO AHEAD.

4          MS. GARNER:  THIS IS LISA GARNER.

5          I JUST WANT TO HAVE IT MADE CLEAR TO MS. HAYS THAT,

6  YOU KNOW, SHE NEEDS TO LET US KNOW IF THE VIDEO RECORDERS

7  WERE ON AND OFF THROUGHOUT THIS.  BECAUSE IT'S A

8  (INAUDIBLE.)

9          THE COURT:  I UNDERSTAND.

10          MS. HAYS.

11          MS. HAYS:  YES, YOUR HONOR.

12          THE COURT:  THEY WANT TO KNOW WHEN THAT IS ON AND

13  OFF.  AND YOU MAKE IT CLEAR TO EVERYBODY IN THAT ROOM.  AND

14  DO NOT RECORD ANYTHING THEY ARE SAYING WHEN YOU DON'T TELL

15  THEM THAT IT'S ON.

16          DO YOU UNDERSTAND?

17          MS. HAYS:  YES, YOUR HONOR.  IT'S GOT A RED

18  BLINKING LIGHT --

19          THE COURT:  I UNDERSTAND.

20          MS. HAYS:  -- THEY SHOULD BE ABLE TO SEE IT.

21          THE COURT:  I'M NOT ADDING TO THEIR BURDEN THOUGH

22  AND HAVING THEM FIGURE OUT WHEN THE RED LIGHT IS ON.

23          MS. HAYS:  RIGHT.

24          AND IN REGARDS TO MY MEDICAL RECORDS, I'VE ALREADY

25  GONE DOWN TO THE PLACE, AND I'VE SIGNED THE MEDICAL RELEASE.

22

1    BECAUSE THAT IS WHAT I DO NEED TO DO.  THEY'RE MY MEDICAL

2    RECORDS.  AND I AM WORKING ON THAT SO THAT I DON'T THINK IS

3    GOING TO BE A -- I DON'T THINK THAT'S GOING TO BE AN ISSUE.

4         THE COURT:  ALL RIGHT.  SO, YOU THINK YOU'RE GOING

5    TO GET YOUR MEDICAL RECORDS?

6         MS. HAYS:  I THINK I'LL GET THE MEDICAL RECORDS.

7         WHAT I'M REALLY CONCERNED WITH IS THE AUDIO

8    RECORDINGS FROM THE GLOBAL (INAUDIBLE).

9         THE COURT:  AND I'M NOT GOING TO REVISIT THAT.

10   WE'VE ALREADY DEALT WITH THAT.

11        MS. GREENWOOD -- HANG ON A SECOND.

12        SO, MS. HAYS, ARE YOU GOING TO BE ABLE TO GET YOUR

13   MEDICAL RECORDS ON YOUR OWN?

14        MS. HAYS:  I CAN LET THE COURT KNOW I AM GOING TO.

15   I WILL -- FIRST THING NEXT WEEK I WILL -- IN FACT, IF I GET

16   OUT OF HERE EARLY ENOUGH, I WILL GO DOWN THERE.  BUT IF NOT,

17   FIRST THING NEXT WEEK I WILL GO DOWN THERE AND BASICALLY

18   DEMAND THEM.  AND IF THEY SAY, WELL, WE STILL DO NOT HAVE THE

19   PROCEDURES (INAUDIBLE) WE'RE ALSO ON THE (INAUDIBLE) WHAT

20   THEIR PROCEDURES WERE, YOU KNOW, FOR A PERSON WHEN THEY'RE

21   HAVING A BREAKDOWN OR WHEN THEY NEED MEDICATION.

22        AND, SO, IF THEY'RE STILL TRYING TO GET THAT

23   INFORMATION, I'LL GET WHAT I CAN, AND I'LL LET THE COURT KNOW

24   WHAT THEY'RE HOLDING OFF ON.

25        LIKE I SAID, THIS IS STUFF THAT THEY SHOULD BE ABLE

23

1    TO JUST REACH INTO A FILE, PUT IT ON THE COPY MACHINE AND SAY

2    HERE IT IS.

3              THE COURT:  ALL RIGHT.

4              MS. GREENWOOD, I'M GOING TO LET MS. HAYS TRY AND

5    GET THE MEDICAL FILES SINCE SHE THINKS SHE CAN DO IT ON HER

6    OWN.  IF THERE'S A PROBLEM, I'M GOING TO HAVE TO REVISIT THE

7    ISSUE.  YOU DO NOT HAVE TO TELL THE PERSON THAT I'M GOING TO

8    ISSUE AN ORDER TO SHOW CAUSE.

9              BUT YOU CAN PASS ON THAT I DO NOT BELIEVE THAT ANY

10   -- ANY REASONABLE, RATIONAL INTERPRETATION OF HIPAA

11   PROHIBITS A MEDICAL FACILITY FROM TURNING OVER A PATIENT'S

12   RECORDS TO THE PATIENT.  OKAY.

13             AND IF I --

14             MS. GREENWOOD:  WE AGREE.  ABSOLUTELY.

15             THE COURT:  ALL RIGHT.  AND I'M SORRY YOU'RE STUCK

16   IN THE MIDDLE OF THIS.  BUT, YOU KNOW, I GET FRUSTRATED AS

17   WELL AS YOU CAN SEE.  I'VE GOT A LOT OF CASES.  AND I'M DOWN

18   TO THE NITTY-GRITTY WITH THIS CASE, YOU KNOW, HOW LONG IS THE

19   RECORDER GOING TO BE ON, IS SHE GOING TO DEPOSE HERSELF, CAN

20   SHE GET HER OWN RECORDS.  IT'S JUST A LITTLE FRUSTRATING FOR

21   ME AS WELL.

22             ALL RIGHT.

23             MS. GREENWOOD:  I UNDERSTAND, YOUR HONOR.

24   ABSOLUTELY.

25             THE COURT:  OKAY.  AND I DON'T WANT TO HAVE TO BE

24

1   DEALING WITH HER NEXT MOTION WHICH IS TO COMPEL THE CITY OR

2   THE LAPD TO PRODUCE THE MEDICAL RECORDS.

3       BUT FOR RIGHT NOW, I'M JUST GOING TO WITHDRAW THAT

4   ORDER THAT YOU TALK TO THOSE PEOPLE.  LET MS. HAYS GO FIGURE

5   IT OUT.  AND IF SHE HAS A PROBLEM, WE'LL REVISIT THE ISSUE.

6       MS. GREENWOOD:  OKAY.  WELL, IF IT'S ALL RIGHT WITH

7   THE COURT, I MAY STILL PASS THE MESSAGE ALONG THAT THIS MIGHT

8   BE COMING.

9       THE COURT:  ABSOLUTELY.  AND I'M SURE YOU'RE TIRED

10  OF CALLING PEOPLE THAT WORK WITH YOU AS WELL AND HAVING

11  PEOPLE TELL YOU THEIR INTERPRETATION OF THE LAW WHICH IS

12  ABSURD.

13      ALL RIGHT.  I'M HERE.  AND I'M HOPING THIS GOES

14  SMOOTHLY.

15      BUT MS. GARNER AND MS. GREENWOOD AND MS. HAYS, IF

16  THERE'S AN ISSUE AND YOU NEED TO CALL ME, CALL ME.  I WILL BE

17  AT MY DESK THROUGH THE LUNCH HOUR.  AND IF YOU NEED

18  SOMETHING, YOU CALL ME, AND WE'LL WORK THROUGH IT.

19      ALL RIGHT.

20      MS. GREENWOOD:  YES.  ALTHOUGH I BELIEVE MS. HAYS

21  HAS ONE OTHER THING SHE WANTS TO TALK TO YOU ABOUT.

22      THE COURT:  THANK YOU.

23      MS. HAYS, GO AHEAD.

24      MS. HAYS:  YES, YOUR HONOR.  I HAVE FOR MANY MONTHS

25  BEEN ASKING (INAUDIBLE) --

25

1        THE COURT:  YOU'RE BREAKING UP.

2        MS. HAYS:  OKAY.  I'VE BEEN ASKING FOR (INAUDIBLE)

3   --

4        THE COURT:  YOU'RE BREAKING UP.

5        MS. HAYS:  WHICH IS YOUR MICROPHONE?

6        MS. GREENWOOD:  THE MICROPHONE --

7        MS. HAYS:  OKAY.

8        I'M TRYING TO GET MY CASE -- THE INCIDENTS FROM THE

9   BEGINNING TO THE END.  AND I'VE TRIED EXPLAINING THAT AND

10  MAYBE MY VOCABULARY IS NOT UNDERSTOOD BY HER.  BUT, LIKE, FOR

11  EXAMPLE, WHEN -- WHEN I WAS ARRESTED, I NEED TO HAVE THE CALL

12  THAT CAME INTO THE POLICE STATION.  AND I NEED TO HAVE THE

13  CONVERSATION THAT WAS HELD.  I NEED TO HAVE THE CONVERSATION

14  THAT WAS HELD WHEN IT WENT OUT OF DISPATCH AND IT WENT TO, I

15  AM GOING TO ASSUME AT THIS TIME, SERGEANT WALKER.  AND I NEED

16  CONVERSATIONS WHEN SERGEANT WALKER IS CALLING FOR ADDITIONAL

17  BACK-UP.

18       THE COURT:  OKAY.  ALL RIGHT.  YOU KNOW, I DON'T

19  KNOW -- I DON'T KNOW -- SO WHAT YOU'RE ASKING IS THE RADIO

20  TRANSMISSIONS WITHIN THE POLICE DEPARTMENT.

21       AM I RIGHT?

22       MS. HAYS:  YES.

23       THE COURT:  ALL RIGHT.  I DON'T KNOW IF THIS IS THE

24  BEST TIME, BUT LET ME SEE IF I CAN ADDRESS THIS.

25       MS. GREENWOOD, DO THEY STILL HAVE THESE RECORDINGS?

1    DO THEY EXIST?  WERE THEY EVER IN EXISTENCE?

2            MS. GREENWOOD:  THEY DO EXIST.  WELL, THE RADIO

3    TRANSMISSION EXISTS.  I HAVE -- SHE ORDERED I WANT TO SAY

4    EIGHT HOURS OF IT.  IT COMES ON TWO CDS.  WE LISTENED TO IT.

5    SHE DOESN'T WANT TO PAY FOR THE COPYING CHARGE.

6            MS. HAYS:  (INAUDIBLE.)

7            MS. GREENWOOD:  PLEASE LET ME FINISH.

8            SO, WE LISTENED TO IT IN HERE.  SHE FAST FORWARDED

9    IT AND SAID THIS WAS NOT WHAT SHE WANTED.  I DON'T HAVE

10   ANYTHING ELSE ASIDE FROM THE RADIO TRANSMISSION ON THAT DAY.

11           THE COURT:  ALL RIGHT.

12           MS. HAYS, ONE, IS WHEN YOU REQUEST DISCOVERY FROM

13   THE OTHER SIDE, YOU'RE REQUIRED TO PAY FOR IT.

14           MS. HAYS:  OKAY.  I DON'T HAVE A PROBLEM PAYING FOR

15   IT, YOUR HONOR.  BUT SHE HAD ONE COPY OF A RADIO TRANSMISSION

16   BETWEEN OFFICERS WHICH IS THE TYPE OF RECORDING THAT I WANT.

17           THE OTHER THING WITH EIGHT HOURS IT WAS JUST

18   BUZZING AND BEEPING EVERY TEN SECONDS.  AND IT WAS NOT -- I

19   MEAN, I KNOW THERE WAS MORE TO THE CONVERSATION OF A CALL

20   COMING IN WHEN THEY'RE ASKING FOR OFFICERS TO COME AND ARREST

21   A PERSON.

22           THE COURT:  ALL RIGHT.  I UNDERSTAND.  AND I'M

23   GOING TO STOP YOU THERE.

24           FIRST THING, HOW MUCH DOES SHE OWE YOU, MS.

25   GREENWOOD?

27

1          MS. HAYS:  $10.

2          MS. GREENWOOD:  IT'S $10 PER CD IF SHE WANTS TO

3  PURCHASE A COPY OF THEM.

4          THE COURT:  SHE'S GOING TO PURCHASE THEM.  SHE

5  ORDERED -- SHE ASKED YOU FOR THEM.  YOU COPIED THEM.  SHE'S

6  GOING TO BUY THEM.  IT'S $10 EACH.

7          MS. HAYS:  THERE WAS ONLY ONE --

8          THE COURT:  ALL RIGHT.  WHATEVER THERE WAS.

9          MS. HAYS:  -- (INAUDIBLE) TWO MINUTES OF A RECORDING

10  ON IT.

11          THE COURT:  OKAY.  GET IT.  GET IT.  LISTEN TO IT.

12  YOU CAN'T TELL ME THERE MUST BE MORE OR THERE WOULD BE MORE.

13  THAT'S NOT -- YOU'RE NOT AN EXPERT.  I CAN'T ACCEPT YOUR

14  POSITION THAT -- YOUR OPINION THAT THERE MUST BE MORE IF

15  THEY'RE GOING TO ARREST SOMEBODY.  OKAY.  I MEAN, PEOPLE

16  ARRESTED PEOPLE FOR HUNDREDS OF YEARS IN THIS COUNTRY BEFORE

17  THEY HAD RADIO TRANSMISSIONS.  YOU DON'T NEED A RADIO

18  TRANSMISSION TO ARREST SOMEBODY.

19          ANYWAY, YOU GET THE CD OR CDS AND YOU LISTEN TO

20  THEM.  AND YOU WANT TO PRESENT A MOTION TO ME AND TELL ME

21  THAT MS. GREENWOOD AND THE LOS ANGELES POLICE DEPARTMENT ARE

22  WITHHOLDING THESE CONVERSATIONS, I WILL LOOK AT IT.

23          ALL RIGHT.  BUT THIS IS LIKE A CLOUD YOU KEEP

24  TRYING TO HAVE ME GRAB.  ALL RIGHT.  AND I'M DONE GRABBING

25  CLOUDS.  I DON'T -- WHEN THE POLICE DEPARTMENT SAYS THIS IS

1    IT, THIS IS IT.  IF YOU OR SOMEONE ELSE HAS GOT EVIDENCE THAT

2    IT'S NOT IT, OR YOU TAKE THE OFFICER'S DEPOSITION AND HE SAID

3    THERE WERE 30 TRANSMISSIONS, AND YOU SAY, BUT I ONLY HAVE

4    ONE, THEN, THAT'S EVIDENCE.  YOU PRESENT THAT TO ME.  I'LL

5    ASK MS. GREENWOOD, AND SHE'LL RESPOND TO IT.

6              OKAY.

7              MS. HAYS:  YOUR HONOR, I HAVE SEEN THE PAPERWORK

8    FROM CENTRAL STATION.  AND ROBERT TAYLOR'S NAME IS ON THE

9    PAPERWORK.  SO, THERE HAVE BEEN A CALL THAT CAME IN FROM

10   ROBERT TAYLOR, AND I NEED TO KNOW WHAT ROBERT TAYLOR SAID.

11             THE COURT:  I NEED YOU TO DEPOSE ROBERT TAYLOR AND

12   ASK HIM.  OKAY.  I DON'T KNOW WHAT ROBERT TAYLOR SAID.  SO,

13   I'M THE WRONG PERSON TO ASK.  TAKE HIS DEPOSITION AND ASK HIM

14   WHAT HE SAID.  SHOW HIM THE RECORDS.

15             MS. HAYS:  BUT, YOUR HONOR, THE DEPOSITION IS NOT

16   NECESSARILY GOING TO TELL YOU WHAT REALLY HAPPENED BECAUSE

17   PEOPLE DO LIE EVEN UNDER OATH.

18             THE COURT:  YES, THEY DO.  I CAN'T -- MS. HAYS, I

19   CAN'T BE IN CHARGE OF YOUR DISCOVERY AND DEAL WITH EVERY

20   SINGLE SOLITARY CONVERSATION THAT TOOK PLACE, EVERY WITNESS

21   THAT TOOK PLACE, EVERY RECORD THAT OCCURRED.  THAT'S NOT MY

22   ROLE HERE.

23             YOU PRESENT ME WITH INDISPUTABLE EVIDENCE THAT MS.

24   GREENWOOD AND THE LOS ANGELES POLICE DEPARTMENT ARE

25   WITHHOLDING EVIDENCE FROM YOU, AND I WILL DEAL WITH HER AND

29

1    THE DEPARTMENT.

2            MS. HAYS:  (INAUDIBLE.)

3            THE COURT:  YOU TELL ME THAT THERE MUST BE MORE OR

4    YOU'RE SURE THERE'S MORE.  OR YOU READ SOMETHING.  THAT'S NOT

5    ENOUGH.

6            MS. HAYS:  OKAY.  YOUR HONOR, DO I HAVE -- SEE, I

7    DON'T KNOW HOW THE CITY IS STRUCTURED, BUT DO I NOT HAVE THE

8    RIGHT, AND MAYBE I DON'T DO IT WITH ELIZABETH GREENWOOD, BUT

9    EVERYBODY ALWAYS GIVES YOU THE ROUND-ABOUT AND DOESN'T GIVE

10   YOU A STRAIGHT ANSWER.  AND A ROUND-ABOUT ALWAYS ENDS AT A

11   DEAD END AND NOT WHERE YOU WANT TO GO.

12           BUT IF I -- I WOULD BELIEVE THAT I, HAVING BEEN A

13   VICTIM, AND I AM CALLING MYSELF A VICTIM WITH WHAT HAPPENED

14   TO ME, I SHOULD BE ENTITLED TO TALK TO THE INDIVIDUAL THAT

15   WAS WORKING THAT DAY ON THE RADIO AND TOOK AN INCOMING CALL

16   FROM ROBERT TAYLOR.

17           THE COURT:  YOU ARE ENTITLED TO THAT.  YOU CAN DO

18   THAT.  YOU NEED TO SUBPOENA THAT WITNESS OR TO FILE A NOTICE

19   FOR HIS -- OR TO SERVE MS. GREENWOOD WITH A NOTICE OF

20   DEPOSITION ASSUMING THAT THE LOS ANGELES POLICE DEPARTMENT --

21   THAT FALLS WITHIN A 30(B)(6) DEPO.  OKAY.

22           I'M NOT HERE TO TEACH LAW SCHOOL, MS. HAYS.  THAT'S

23   NOT MY ROLE.

24           MS. HAYS:  WELL, I WISH THERE WAS FAIRY DUST, YOUR

25   HONOR, THAT I COULD SPRINKLE ON THESE PEOPLE SO THAT THEY

30

1  WOULD JUST BE STRAIGHTFORWARD AND PROFESSIONAL AND HONEST

2  WITH ME.

3          THE COURT:  ALL RIGHT.  WELL, I DON'T THINK THEY

4  HAVE TO DEFEND THEMSELVES.  I'VE SEEN NOTHING TO SUGGEST THAT

5  THEY'RE NOT BEING HONEST.  AND WHEN AND IF I DO, I WILL JOIN

6  IN WITH YOU.  BUT UNTIL THAT TIME, I'M GOING TO ACCEPT THEIR

7  REPRESENTATIONS, AND I DON'T HAVE ANY ISSUES WITH THE

8  LAWYERS.  OKAY.

9          MS. HAYS:  WELL, IF I ASK MS. GREENWOOD WHO IS THE

10 PERSON THAT TAKES THE CALL FROM THE LAPD -- I MEAN, BECAUSE I

11 -- I AM UNDER THE ASSUMPTION -- SEE, I TALKED TO PEOPLE FROM

12 LAPD, AND THEY'VE ALL BEEN NOTIFIED DO NOT TALK TO MS. HAYS.

13 YOU KNOW, EVERYTHING IS TO BE HANDLED THROUGH COUNSEL.  SO, I

14 (INAUDIBLE).  AND THEN I GO TO MS. GREENWOOD AND MS.

15 GREENWOOD DOES NOT PRODUCE.

16          THE COURT:  MS. GREENWOOD'S ROLE IS REALLY --

17 YOU'RE NOT DEPOSING HER.  YOU DON'T PROPOUND INTERROGATORIES

18 ON HER.  HER ROLE IS NOT TO TELL YOU WHO THAT PERSON IS.

19 THAT'S NOT WHAT HER JOB IS.

20          WHAT NORMALLY HAPPENS IN THESE CASES IS YOU SEND

21 OUT INTERROGATORIES, AND YOU ASK THE DEFENDANTS OR THE

22 LOS ANGELES POLICE DEPARTMENT SINCE YOU SUED THE LAPD WHO IS

23 THE PERSON WHO TOOK THE PHONE CALL OR THE RADIO DISPATCH FROM

24 ROBERT TAYLOR ON SUCH A GIVEN DATE.  OKAY.  AND YOU IDENTIFY

25 IT WITH SPECIFICITY.  AND THE LOS ANGELES POLICE DEPARTMENT

31

1   AND/OR A DEFENDANT SAYS, THIS IS THE PERSON.  HERE IS THEIR

2   NAME AND ADDRESS AND TELEPHONE NUMBER.  OKAY.  THAT'S HOW

3   IT'S NORMALLY DONE.

4           ALL RIGHT.

5           MS. HAYS:  SEE, I DON'T KNOW.  I DON'T KNOW.  I

6   DON'T KNOW.  WELL, WHO DOES KNOW.

7           THE COURT:  OKAY.  ALL RIGHT.  I'M DONE WITH THIS

8   PHONE CALL.  I'VE DONE ENOUGH TODAY.

9           AND, YOU KNOW, MS. HAYS, I'M SUPPOSED TO BE NEUTRAL

10  IN THIS CASE.  I AM NOT TELLING MS. GREENWOOD HOW TO DO HER

11  DISCOVERY FOR HER SIDE.  AND I DON'T WANT TO BE TELLING YOU

12  HOW TO DO YOUR DISCOVERY FOR YOUR SIDE.  IT SEEMS PATENTLY

13  UNFAIR TO ME.  ALL RIGHT.

14          YOU HAVE TO FIGURE IT OUT.

15          OKAY.  MS. GREENWOOD, ANYTHING FURTHER FROM YOU?

16          MS. GREENWOOD:  NOTHING FROM ME, YOUR HONOR.

17          THE COURT:  MS. GARNER?

18          MS. GARNER:  NOTHING FURTHER.  THANK YOU,

19  YOUR HONOR.

20          THE COURT:  ALL RIGHT.  I'M ASSUMING DETECTIVE

21  CORRELL HAS NOTHING -- PURCELL HAS NOTHING TO SAY AND MS.

22  SOBEL HAS NOTHING TO SAY.  YOU CAN SAY ANYTHING IF YOU DO.

23          MS. SOBEL?

24          MS. SOBEL:  NOTHING.  THANK YOU, YOUR HONOR.

25          THE COURT:  DETECTIVE.

32

1            DETECTIVE PURCELL:  NOTHING, YOUR HONOR.

2            THE COURT:  ALL RIGHT.

3            OKAY.  FOLKS, DO THE BEST YOU CAN.  AND IF YOU HAVE

4     AN ISSUE ABOUT THE DEPOSITION AND A QUESTION THAT'S ASKED OR

5     AN ANSWER THAT'S GIVEN, I WILL TRY AND DO MY BEST TO RESOLVE

6     IT.

7            OKAY.

8            MS. GREENWOOD:  THANK YOU, YOUR HONOR.

9            MS. GARNER:  THANK YOU, YOUR HONOR.

10           THE COURT:  THANKS.  THANKS A LOT, EVERYONE.

11           BYE-BYE.

12           (PROCEEDINGS CONCLUDED.)

13

14

15

16

17

18

19

20

21

22

23

24

25

33

1                      C E R T I F I C A T E

2

3            I CERTIFY THAT THE FOREGOING IS A CORRECT

4    TRANSCRIPT FROM THE ELECTRONIC SOUND RECORDING OF THE

5    PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

6

7

8

9    /S/ DOROTHY BABYKIN                    6/26/14

10   _____       _____

11   FEDERALLY CERTIFIED TRANSCRIBER        DATED

12   DOROTHY BABYKIN

13

14

15

16

17

18

19

20

21

22

23

24

25