```
 1

 2                      UNITED STATES DISTRICT COURT

 3                    CENTRAL DISTRICT OF CALIFORNIA
                             WESTERN DIVISION
 4

 5
     NADINE HAYS,                    )
 6                                   )
                                     )
 7         PLAINTIFF,                )
                                     )
 8         VS.                       )  CASE CV 12-10219-DMG(PJWX)
                                     )
 9   LOS ANGELES POLICE DEPARTMENT,)
     ET AL.,                         )  LOS ANGELES, CALIFORNIA
10                                   )
             DEFENDANT.              )  APRIL 10, 2014
11                                   )
     _____)
12

13
                            TELEPHONIC HEARING
14             BEFORE THE HONORABLE PATRICK J. WALSH
                    UNITED STATES MAGISTRATE JUDGE
15

16

17   APPEARANCES:              SEE NEXT PAGE

18   COURT REPORTER:           RECORDED; XTR

19   COURTROOM DEPUTY:         JACOB YERKE

20   TRANSCRIBER:              DOROTHY BABYKIN
                               COURTHOUSE SERVICES
21                             1218 VALEBROOK PLACE
                               GLENDORA, CALIFORNIA  91740
22                             (626) 963-0566

23

24

25   PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
     TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.
```

2

```
 1   APPEARANCES:  (CONTINUED)
     FOR THE PLAINTIFF:        NADINE HAYS
 2                            PRO SE

 3   FOR ALL DEFENDANTS        LOS ANGELES CITY ATTORNEY'S OFFICE
     EXCEPT ROBERT TAYLOR:     BY:  ELIZABETH L. GREENWOOD
 4                                  DEPUTY CITY ATTORNEY
                              CITY HALL EAST
 5                            200 NORTH MAIN STREET
                              6TH FLOOR
 6                            LOS ANGELES, CALIFORNIA  90012

 7   FOR ROBERT TAYLOR:        GORDON & REES LLP
                              BY:  LISA K. GARNER
 8                                  ATTORNEY AT LAW
                              633 WEST FIFTH STREET
 9                            52ND FLOOR
                              LOS ANGELES, CALIFORNIA  90071
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

1                              I N D E X
    CASE NO. CV 12-10219-DMG(PJWX)            APRIL 10, 2014
2
    PROCEEDINGS:   TELEPHONIC HEARING ON DISCOVERY DISPUTES
3

4

1          LOS ANGELES, CALIFORNIA; THURSDAY, APRIL 10, 2014

2          THE CLERK:  CALLING ITEM 1, NADINE HAYS VERSUS LOS

3   ANGELES POLICE DEPARTMENT, LAPD, ET AL., CV 12-10219.

4          COUNSEL AND MS. HAYS, IF YOU'D PLEASE STATE YOUR

5   APPEARANCES FOR THE RECORD.

6          MS. HAYS:  -- PLAINTIFF.

7          MS. GARNER:  LISA GARNER FOR DEFENDANT ROBERT

8   TAYLOR.

9          MS. GREENWOOD:  ELIZABETH GREENWOOD FOR THE REST OF

10  THE DEFENDANTS.

11         THE COURT:  GOOD AFTERNOON, COUNSEL.  AND GOOD

12  AFTERNOON, MS. HAYS.

13         WHAT'S UP?

14         MS. GREENWOOD, WHY DON'T YOU SUMMARIZE FOR ME

15  WHAT'S HAPPENING.

16         MS. GREENWOOD:  I GOT A CALL -- WELL, THERE ARE A

17  FEW THINGS GOING ON.

18         ONE, I GOT A CALL YESTERDAY FROM THE CITY ATTORNEY

19  WHO ADVISES MEDICAL RECORDS.  AND WE PLAYED PHONE TAG BACK

20  AND FORTH.  SHE INDICATED THAT THEY WERE GOING TO -- THEY HAD

21  RECEIVED A SIGNED RELEASE, AND THEY WERE GOING TO GIVE THE

22  MEDICAL RECORDS TO MS. HAYS.  AND SHE WANTED TO KNOW IF I

23  WANTED A COURTESY COPY.

24         I CALLED HER BACK, LEFT A VOICEMAIL, REPLIED YES.

25         AND WHEN I GOT BACK TO MY OFFICE IN THE AFTERNOON

5

1   THEY WERE WAITING ON -- THE COURTESY COPY WAS WAITING ON MY

2   CHAIR.

3          MS. HAYS CAME IN THIS MORNING AND SAID THAT SHE HAD

4   SPENT THE MORNING SOMEWHERE ELSE IN THE CITY, AND THAT THEY

5   HAD TOLD HER THAT I WAS IN CHARGE OF THE MEDICAL RECORDS, AND

6   I WAS THE ONLY ONE WHO COULD RELEASE THEM.  AND SHE WANTED TO

7   CALL YOU RIGHT AWAY SO THAT SHE COULD LET YOU KNOW THAT I WAS

8   WITHHOLDING THEM.

9          I TOLD HER THAT I HAD ASSUMED THEY HAD BEEN

10  RELEASED, THAT I HAD RECEIVED A COURTESY COPY.  SHE THEN GOT

11  UPSET THAT I HAD RECEIVED THE COURTESY COPY BECAUSE THAT

12  VIOLATED HER RIGHTS AND WANTED TO TALK TO YOU ABOUT THAT.

13         I WENT AND MADE COPIES FOR HER AND HANDED THEM TO

14  HER.  THESE ARE THE -- IT'S FOUR PAGES OF MEDICAL RECORDS

15  FROM WHEN SHE WAS IN JAIL.  SO, SHE'D LIKE TO TALK TO YOU

16  ABOUT THAT.  THAT'S ISSUE NUMBER ONE.

17         ISSUE NUMBER TWO IS I WORK WITH A DETECTIVE TO HELP

18  ME WITH THE INVESTIGATION ON ALL OF MY CASES.  SHE IS

19  DEMANDING TO SIT DOWN AND MEET WITH HIM AND GO OVER THE VIDEO

20  SO THAT HE CAN IDENTIFY WHO OFFICERS ARE.

21         I'VE TOLD HER THAT HE WAS NOT A PERCIPIENT WITNESS,

22  THAT ANY INVESTIGATION THAT HE AND I CONDUCT IS WORK PRODUCT,

23  AND THAT SHE -- THIS IS NOT A PROPER -- IT'S NOT A PROPER

24  DISCUSSION WITH HIM.  HE IS NOT HER WITNESS.  SHE NEEDS TO GO

25  THROUGH THE PROPER DISCOVERY CHANNELS USING THE FRCP.

1           AND, THEN, FINALLY, THE ONLY OTHER ISSUE THAT HAS

2  COME UP IS THE SCHEDULING.  SINCE WE -- SINCE WE MOVED THE

3  DISCOVERY DATE TO MAY 5TH, I WOULD LIKE TO TALK ABOUT BUMPING

4  BACK THE EXCHANGE OF EXPERTS AND EVERYTHING ELSE ONE MORE

5  MONTH AS WELL.  BUT THAT CAN WAIT, OR WE CAN DO IT BY MOTION.

6  BUT WHILE YOU'RE ON THE PHONE, THAT WOULD BE --

7           THE COURT:  ALL RIGHT.

8           MS. HAYS, HERE'S THE STORY.  ON THE MEDICAL

9  RECORDS, COUNSEL IS ENTITLED TO HAVE A COPY OF THE MEDICAL

10 RECORDS.

11          DO YOU UNDERSTAND THAT?

12          WHEN YOU SUBPOENA RECORDS, THAT YOU REQUEST RECORDS

13 BOTH SIDES GET THEM.  SO, MS. GREENWOOD IS COMPLETELY WITHIN

14 HER RIGHTS TO HAVE YOUR MEDICAL RECORDS.

15          DO YOU WANT TO RESPOND TO THAT, MS. HAYS?

16          MS. HAYS:  I WAS NOT AWARE OF THAT, YOUR HONOR.  I

17 THOUGHT THAT I NEEDED TO SIGN A RELEASE.

18          THE COURT:  I UNDERSTAND YOU'RE NOT AWARE OF IT,

19 MS. HAYS.  FROM MY EXPERIENCE WITH YOU OVER THE LAST THREE

20 YEARS YOU'RE LIKE MOST PRO SE PLAINTIFFS.  THEY'RE NOT AWARE

21 OF THE LAW.  THEY DIDN'T GO TO LAW SCHOOL.  THEY DIDN'T STUDY

22 LAW.  I'M NOT CRITICIZING YOU FOR THAT.  THAT'S THE RULE.

23 OKAY.

24          SO, THAT ISSUE IS NOW RESOLVED.

25          NUMBER TWO, SHE HAS A DETECTIVE WHO WORKS AS AN

7

1    ASSISTANT IN HER CASES.  YOU CANNOT HAVE ACCESS TO THAT

2    DETECTIVE.  HE WASN'T THERE.  HE'S NOT A PERCIPIENT WITNESS.

3    HIS GOAL AND HIS ROLE IS TO HELP MS. GREENWOOD DEFEAT YOUR

4    CASE.  NO, YOU MAY NOT SIT DOWN WITH HIM AND FIND OUT ALL THE

5    THINGS HE SHARED WITH MS. GREENWOOD.  THAT PROHIBITED UNDER

6    HICKMAN VERSUS TAYLOR -- ANOTHER CASE THAT I VENTURE TO GUESS

7    YOU'RE NOT FAMILIAR WITH.  I'M NOT HERE TO COMPLAIN.  YOU

8    MAYBE SHOULDN'T KNOW ABOUT HICKMAN VERSUS TAYLOR.  BUT HER

9    WORK PRODUCT IS PROTECTED AND PRIVILEGED AND YOU MAY NOT HAVE

10   IT.

11           YOU CAN RESPOND, MS. HAYS.

12           MS. HAYS:  WELL, I WAS UNDER THE UNDERSTANDING WITH

13   THE WAY THE COURT WAS MAKING THE REQUIREMENT FOR THE MEDICAL

14   RECORDS PEOPLE TO BE HERE IN COURT ON FRIDAY THAT THE MEDICAL

15   RECORDS WERE MY ENTITLEMENT.  THEY'RE MY RECORDS.  I SIGNED

16   THE RELEASE.  AND THEY SHOULD HAVE BEEN GIVEN TO ME.  AND

17   THEY KEPT WITHHOLDING THEM.  I WENT IN THERE.  I MADE CALLS,

18   AND THEY DIDN'T EVEN RESPOND TO MY PHONE CALLS.

19           THE COURT:  MS. HAYS, CAN I STOP YOU FOR A MINUTE.

20           MS. HAYS:  YES.

21           THE COURT:  WE'RE DONE WITH THE MEDICAL RECORD

22   ISSUES.

23           MS. HAYS:  OKAY.

24           THE COURT:  I WANT TO TELL YOU SOMETHING.  I'M NOT

25   DECIDING THE SAME ISSUE TWICE.  I GAVE YOU A CHANCE TO RAISE

8

1  YOUR OBJECTIONS.  YOU DID.  WE MOVED ON TO THE DETECTIVE.  I

2  ASKED YOU TO RESPOND TO THE DETECTIVE, AND YOU'RE MOVING BACK

3  TO THE MEDICAL RECORDS.

4         YOU CAN UNDERSTAND MY FRUSTRATION.  IF I LET THE

5  PARTIES MAKE ME GO BACK AND FORTH ON ALL THE ISSUES, I WOULD

6  SPEND MY WHOLE DAY IN HEARINGS.

7         MEDICAL ISSUES ARE RESOLVED AGAINST YOU.  SHE CAN

8  COPIES OF THEM.  SHE'S ENTITLED TO THEM.  THEY HAVE GIVEN YOU

9  A COPY OF YOUR OWN RECORDS  THAT'S ALL YOU'RE ENTITLED TO.

10         ANY FURTHER DISCUSSION ON MEDICAL RECORDS SHOULD BE

11  IN THE NATURE OF AN APPEAL TO JUDGE GEE OR AFTER THE CASE IS

12  OVER TO THE NINTH CIRCUIT COURT OF APPEALS.

13         PLEASE DO NOT BRING UP THE MEDICAL RECORDS WITH ME

14  ANYMORE UNLESS IT'S AN ISSUE WE HAVEN'T ALREADY RESOLVED.

15         YOUR TIME RIGHT NOW, THIS TIME THAT I'M ALLOTTING

16  YOU IS TO RESPOND TO THE WORK-PRODUCT DOCTRINE AND THE

17  ATTORNEY WORK PRODUCT THAT MS. GREENWOOD IS CLAIMING HERE AND

18  I'M UPHOLDING.

19         DO YOU HAVE ANYTHING TO SAY ABOUT HER BEING

20  REQUIRED TO OR NOT BEING REQUIRED TO HAVE HER DETECTIVE SIT

21  DOWN WITH YOU AND TELL HER -- TELL YOU WHAT HE'S TOLD MS.

22  GREENWOOD?

23         MS. HAYS:  YOUR HONOR, WHAT I HAVE SUGGESTED TO MS.

24  GREENWOOD IS THAT, NUMBER ONE, WHENEVER --

25         (PAUSE IN PROCEEDINGS.)

1           MS. HAYS: -- WHENEVER I HAVE THINGS THROWN AT ME

2   THAT TO ME ARE UNPROFESSIONAL, IT TRIGGERS ME.  AND WHEN IT

3   TRIGGERS ME, IT JUMBLES MY MIND AND I CAN'T THINK.

4           SO, I'M TRYING TO THINK OF WAYS TO TRY TO RESOLVE

5   THESE CURRENT ISSUES.  I HAVE NOT BEEN ALLOWED YET ON MY

6   SCHEDULE TO DEPOSE THE OFFICERS.

7           SO, MY SUGGESTION TO MS. GREENWOOD -- BECAUSE I

8   DON'T THINK THAT SHE'S GOING TO LIKE MY ANSWERS THAT I GIVE

9   HER TODAY.  I CAN'T.  I CAN'T.  I CAN'T -- I CAN'T EVEN LOOK

10  AT THE VIDEO -- EVEN THOUGH THEY'VE IDENTIFIED THE OFFICERS.

11  I MEAN, A FEW OF THE OFFICERS I CAN IDENTIFY, BUT SOME OF

12  THEM I CAN'T.

13          SO, HOW CAN I ANSWER THE QUESTIONS IN THE DEPO IF I

14  DON'T KNOW WHO THAT PERSON IS IN THE VIDEO.

15          THE COURT:  YOU ANSWER THE QUESTIONS TO THE BEST OF

16  YOUR ABILITY.  AND WHEN YOU DON'T KNOW WHO SOMEONE IS, THE

17  QUESTION -- THE ANSWER IS I DON'T KNOW WHO THAT IS.  IF AT A

18  LATER DATE YOU DETERMINE WHO THAT IS, YOU CAN LET MS.

19  GREENWOOD KNOW, OR YOU CAN SUPPLEMENT YOUR DISCOVERY

20  RESPONSES, OR YOU CAN WRITE HER A LETTER, AN EMAIL,

21  INFORMALLY AND TELL HER THAT I NOW KNOW THAT OFFICER X, WHO I

22  COULD NOT IDENTIFY IN MY DEPOSITION, IS NAMED BOB SMITH.  BUT

23  THAT'S A DIFFERENT ISSUE.

24          HERE'S YOUR JOB TODAY.  YOUR JOB IS TO ANSWER THE

25  QUESTIONS TRUTHFULLY TODAY.  THAT'S YOUR JOB.  AND IF YOU

10

1    TRUTHFULLY DON'T KNOW WHO SOMEONE IS, IT'S A REALLY SIMPLE

2    JOB TO DO.  I DON'T KNOW WHO THAT IS.

3           WHAT IS HARD ABOUT THAT, MS. HAYS?

4           MS. HAYS:  WELL, THAT'S WHAT I TOLD HER.  I WOULD

5    DO THE BEST TO MY ABILITY, BUT THERE AREN'T TOO MANY OF THE

6    OFFICERS THAT I'LL BE ABLE TO GIVE ANY CONCRETE ANSWERS

7    TODAY.

8           BUT AM I NOT ENTITLED TO ASK FOR A PICTURE WITH A

9    NAME OF THE OFFICERS THAT HAVE BEEN NAMED ON THE REPORT?  I

10   MEAN, AM I NOT ENTITLED TO KNOW THEIR IDENTIFICATION SO THAT

11   I CAN MATCH THE PERSON WITH THE VIDEO.  I HAVE FOUR OFFICERS

12   THAT WERE THERE ON THE DAY OF MY ARREST.  I'VE GOT THEIR

13   NAMES.  IT'S IN THE ARREST REPORT.

14          THE COURT:  HOW ABOUT YOU TAKE THEIR DEPOSITION.

15   YOU SHOW THEM THE VIDEO.  AND YOU ASK THEM TO IDENTIFY WHO'S

16   IN THERE.  HOW ABOUT YOU TRY THAT.  OKAY.

17          MS. HAYS:  OKAY.

18          THE COURT:  WHAT ARE YOU -- ARE YOU ASKING MS.

19   GREENWOOD TO GO TAKE THEIR PICTURES?

20          MS. HAYS:  NO.  WELL, I FIGURED THEY COULD TAKE

21   THEIR DRIVER'S LICENSE AND JUST HAVE A NAME AND A PICTURE --

22   NOT ANY OF THE PERSONAL INFORMATION.

23          THE COURT:  ALL RIGHT.  WELL, IF YOU ASK FOR THAT

24   IN DISCOVERY, MS. GREENWOOD WILL ADDRESS IT.  I'M NOT GOING

25   TO ADDRESS IT NOW.

11

1      OKAY.  SO, THAT'S -- NOW WE KNOW.  FOR THE

2  DEPOSITION TODAY, YOU ANSWER THE QUESTIONS TO THE BEST OF

3  YOUR ABILITY.

4      FOR THE DEPOSITIONS OF THE OFFICERS, YOU CAN JUST

5  SUBPOENA THE -- YOU CAN GIVE MS. GREENWOOD A NOTICE OF

6  DEPOSITION OF THE DEFENDANTS.  AND THEY WILL COME TO THEIR

7  DEPOSITION.  AND YOU CAN SEE WHO THEY ARE.

8      AS FAR AS OFFICERS THAT ARE NOT DEFENDANTS WHO YOU

9  WANT TO DEPOSE, YOU CAN SUBPOENA THEM.  BUT YOU HAVE TO

10 GATHER THAT INFORMATION.  THAT'S NOT MY ROLE.  OKAY.

11     MS. HAYS:  YES, YOUR HONOR.

12     THE COURT:  ALL RIGHT.

13     THE LAST THING, SCHEDULING.

14     MS. GREENWOOD, YOUR REQUEST TO EXTEND THE DEADLINES

15 ARE GRANTED.  YOU AND MS. HAYS AND MS. GARNER WORK OUT THE

16 NEW DEADLINES.  PUT A STIPULATION TOGETHER AND PROPOSED

17 ORDER.  AND I'LL SIGN IT.  ALL RIGHT.

18     MS. GREENWOOD:  OKAY.

19     THANK YOU, YOUR HONOR.

20     MS. GARNER:  THANK YOU, YOUR HONOR.

21     THE COURT:  ANYTHING ELSE I HAVE TO DO BEFORE I LET

22 YOU GO TODAY?

23     MS. HAYS.

24     MS. HAYS:  NO, YOUR HONOR.

25     THE COURT:  MS. HAYS, DO THE BEST JOB YOU CAN.  I

12

1  UNDERSTAND THERE'S SOME LIMITATIONS HERE.  YOU DON'T HAVE ALL

2  THE INFORMATION YOU THINK YOU NEED.  YOU JUST ARE UNDER THE

3  SAME RULE THAT EVERYBODY WHO EVER HAS THEIR DEPOSITION HAS

4  TAKEN.  YOU DO THE BEST JOB YOU CAN.  AND YOU REMEMBER THAT

5  YOUR ANSWERS ARE UNDER OATH.

6          IF YOU CANNOT ANSWER A QUESTION, YOU TELL

7  MS. GREENWOOD I CANNOT ANSWER THAT AND YOU TELL HER WHY.

8          ALL RIGHT.

9          MS. HAYS:  YES.

10          THE COURT:  ALL RIGHT.

11          AND MS. GARNER'S -- AND THE SAME WITH MS. GARNER'S

12  QUESTIONS.

13          ALL RIGHT.  MS. GREENWOOD, ANYTHING FURTHER I CAN

14  HELP YOU OUT WITH TODAY?

15          MS. GREENWOOD:  NO, YOUR HONOR.

16          THANK YOU VERY MUCH.

17          THE COURT:  MS. GARNER, ANYTHING?

18          MS. GARNER:  NO.

19          THANK YOU, YOUR HONOR.

20          THE COURT:  ALL RIGHT, FOLKS.

21          I'M SORRY I WAS AT LUNCH.  I USUALLY DON'T GO TO

22  LUNCH, AT LEAST I DON'T LEAVE THE BUILDING.  I WENT FOR LUNCH

23  TODAY, BUT I'M GOING TO BE AROUND FOR THE REST OF THE DAY.

24  AND I WILL BE AROUND TOMORROW.

25          MS. GREENWOOD:  THANK YOU, YOUR HONOR.

13

1          THE COURT:  THANKS A LOT, FOLKS.

2          BYE-BYE.

3          MS. GREENWOOD:  BYE-BYE.

4          (PROCEEDINGS ADJOURNED.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

14

1

2

3                        C E R T I F I C A T E

4

5              I CERTIFY THAT THE FOREGOING IS A CORRECT

6     TRANSCRIPT FROM THE ELECTRONIC SOUND RECORDING OF THE

7     PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

8

9

10

11    /S/ DOROTHY BABYKIN                    6/27/14

12    _____        _____

13    FEDERALLY CERTIFIED TRANSCRIBER         DATED

14    DOROTHY BABYKIN

15

16

17

18

19

20

21

22

23

24

25