```
                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA
                          WESTERN DIVISION


   NADINE HAYS,                    )
                                   )
                                   )
        PLAINTIFF,                 )
                                   )
        VS.                        )  CASE CV 12-10219-DMG(PJWX)
                                   )
   LOS ANGELES POLICE DEPARTMENT,  )
   ET AL.,                         )  LOS ANGELES, CALIFORNIA
                                   )
             DEFENDANT.            )  APRIL 23, 2014
                                   )
   _____)



                         TELEPHONIC HEARING
                BEFORE THE HONORABLE PATRICK J. WALSH
                   UNITED STATES MAGISTRATE JUDGE



   APPEARANCES:            SEE NEXT PAGE

   COURT REPORTER:         RECORDED; XTR

   COURTROOM DEPUTY:       JACOB YERKE

   TRANSCRIBER:            DOROTHY BABYKIN
                           COURTHOUSE SERVICES
                           1218 VALEBROOK PLACE
                           GLENDORA, CALIFORNIA  91740
                           (626) 963-0566



   PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
   TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.
```

```
 1   APPEARANCES:  (CONTINUED)
     FOR THE PLAINTIFF:          NADINE HAYS
 2                               PRO SE

 3   FOR ALL DEFENDANTS          LOS ANGELES CITY ATTORNEY'S OFFICE
     EXCEPT ROBERT TAYLOR:       BY:  ELIZABETH L. GREENWOOD
 4                                    DEPUTY CITY ATTORNEY
                                 CITY HALL EAST
 5                               200 NORTH MAIN STREET
                                 6TH FLOOR
 6                               LOS ANGELES, CALIFORNIA  90012

 7   FOR ROBERT TAYLOR:          GORDON & REES LLP
                                 BY:  LISA K. GARNER
 8                                    ATTORNEY AT LAW
                                 633 WEST FIFTH STREET
 9                               52ND FLOOR
                                 LOS ANGELES, CALIFORNIA  90071
10
     ALSO PRESENT:               DETECTIVE DAVID PURCELL
11                               LOS ANGELES POLICE DEPARTMENT.

12                               WENDY SOBEL, COURT REPORTER

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                         I N D E X
   CASE NO. CV 12-10219-DMG(PJWX)            APRIL 23, 2014
2
   PROCEEDINGS:   TELEPHONIC HEARING RE DISCOVERY DISPUTES
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1        LOS ANGELES, CALIFORNIA; WEDNESDAY, APRIL 23, 2014
 2             THE CLERK:  CALLING CASE NADINE HAYS VERSUS LOS
 3   ANGELES POLICE DEPARTMENT, ET AL., 12-10219.
 4             COUNSEL AND EVERYONE THERE, WILL YOU PLEASE STATE
 5   YOUR APPEARANCES FOR THE RECORD, PLEASE.
 6             MS. HAYS:  NADINE HAYS, PLAINTIFF.
 7             MS. GARNER:  -- COUNSEL FOR DEFENDANT ROBERT TAYLOR.
 8             MS. GREENWOOD:  ELIZABETH GREENWOOD, COUNSEL FOR
 9   ALL THE DEFENDANTS.
10             DETECTIVE DAVID PURCELL:  DETECTIVE DAVID PURCELL,
11   LOS ANGELES POLICE DEPARTMENT.
12             MS. SOBEL:  THE COURT REPORTER, WENDY SOBEL.
13             THE COURT:  ALL RIGHT.
14             GOOD AFTERNOON, EVERYBODY.
15             MS. GREENWOOD:  GOOD AFTERNOON, YOUR HONOR.
16             MS. GARNER:  GOOD AFTERNOON, YOUR HONOR.
17             THE COURT:  I UNDERSTAND THERE'S SOME PROBLEMS WITH
18   THE DEPOSITION WITH MY ORDER THAT MS. HAYS HAS TO RELEASE
19   SOME MEDICAL RECORDS.  SO, LET'S DEAL WITH THOSE AS BEST WE
20   CAN.
21             MRS. HAYS, YOU'RE CLAIMING THAT AS A RESULT OF THIS
22   ARREST AND I SUPPOSE YOUR ARREST AT BURBANK AIRPORT AT THAT
23   TIME AND ALL THESE OTHER TIMES THAT YOU'VE HAD THESE
24   INTERACTIONS WITH THE POLICE, THAT YOU HAVE MENTAL AND
25   PHYSICAL PROBLEMS.
```

1             AM I RIGHT?

2             MS. HAYS:  YES, YOUR HONOR.

3             THE COURT:  OKAY.  YOUR ENTIRE MENTAL AND PHYSICAL

4    HISTORY, PAST, PRESENT AND FUTURE, IS SUBJECT TO DISCOVERY IN

5    THIS CASE.  THEY CAN LOOK AT ANY OF YOUR MEDICAL RECORDS, ANY

6    OF YOUR PSYCHIATRIC RECORDS.  AND THEY CAN -- THEY CAN OBTAIN

7    THOSE THROUGH A SUBPOENA.  AND THEY CAN LOOK AT THEM.

8             MS. HAYS:  YOUR HONOR --

9             THE COURT:  HOLD ON A SECOND.

10            THEY CAN ALSO HAVE YOU GO TO THEIR PSYCHIATRIST WHO

11   IS GOING TO PERFORM A PSYCHOLOGICAL EVALUATION ON YOU AND

12   DETERMINE WHETHER OR NOT YOU HAVE BEEN -- YOU SUFFER ANY

13   PSYCHIATRIC INJURIES AS A RESULT OF THIS OR WHETHER THEY WERE

14   CAUSED -- ASSUMING YOU DO, IF THEY WERE CAUSED BY SOMETHING

15   ELSE.

16            GO AHEAD, MRS. HAYS.

17            (PAUSE IN PROCEEDINGS.)

18            MS. HAYS:  YOUR HONOR, I DO NOT, AS YOU KNOW,

19   BELIEVE ANYBODY HAS A RIGHT TO WALK OVER ANOTHER PERSON.  I

20   BELIEVE THAT I SHOULD HAVE THE OPPORTUNITY TO FIRST SEE MY

21   MEDICAL RECORDS.  I MEAN, I COULD DROP THE CASE IF MY PRIVACY

22   WAS MORE IMPORTANT THAN THIS CASE.

23            COULD I NOT?

24            THE COURT:  YES, YOU CAN.  AT ANY TIME YOU CAN DROP

25   THIS CASE.

1           MS. HAYS: OKAY. WELL, MY PRIVACY WILL BE
2   VIOLATED, AND I WON'T BE ABLE TO DO THAT.
3           THE COURT: YOU ARE WAIVING YOUR PRIVACY BY RAISING
4   YOUR MENTAL AND PHYSICAL WELL-BEING INTO ISSUE. THAT'S A
5   WAIVER. YOU CANNOT GET ON THE STAND AND SAY THEY HURT ME
6   PSYCHOLOGICALLY AND THEY GO TO CROSS-EXAMINE YOU BUT THEY
7   DON'T HAVE ANY EVIDENCE BECAUSE OF YOUR RIGHT TO PRIVACY.
8           MS. HAYS: OH, YOUR HONOR, YOU'RE NOT -- YOU'RE NOT
9   UNDERSTANDING ME, PLEASE.
10          THE COURT: I UNDERSTAND YOU.
11          MS. HAYS: NO, YOU DON'T. YOU DON'T.
12          WHAT I AM SAYING IS IF I UNCOVERED SOMETHING -- I
13  HAVEN'T EVEN SEEN MY MEDICAL RECORDS. I HAVE NO IDEA WHAT IS
14  GOING TO BE PRESENTED. AND IF SOMETHING CAME UP THAT I AM
15  NOT AWARE WHAT'S IN THE RECORDS, AND TO ME THE PRIVACY OF
16  THAT INFORMATION IS MORE IMPORTANT THAN THIS CASE, I THINK I
17  SHOULD HAVE THE RIGHT TO SAY MY PRIVACY IS MORE IMPORTANT. I
18  WILL DROP THIS, THIS AND THIS CAUSE OF ACTION THAT'S RELATED
19  TO MY MEDICAL RECORDS BECAUSE I DON'T WANT YOU TO SEE THIS.
20  I BELIEVE I SHOULD HAVE THE RIGHT TO DO THAT.
21          I KNOW THAT WHAT YOU'RE SAYING IS I WILL NOT HAVE
22  THE RIGHT TO GET THE CLAIM FOR DAMAGES IF I DON'T GIVE THE
23  INFORMATION TO THEM. I AGREE WITH YOU A HUNDRED PERCENT.
24          AND RIGHT NOW, I'M GOING TO SAY I WANT THEM TO HAVE
25  ALL OF MY MEDICAL RECORD BECAUSE IT WAS THE DEFENDANTS AND

1  THEIR ACTIONS THAT CAUSED ME TO GO SEE THE PROFESSIONALS.
2  ALL WHAT I'M ASKING FOR, YOUR HONOR, IS FOR THE RIGHT TO SEE
3  THE MEDICAL RECORDS MYSELF FIRST -- NOT THAT I'M DENYING ANY
4  OF THE MEDICAL RECORDS TO THEM.
5              THE COURT:  I UNDERSTAND WHAT YOU'RE ASKING FOR.  I
6  THINK IT'S A CUMBERSOME PROCESS.  THEY'RE GOING TO SUBPOENA
7  THE RECORDS.  THE RECORDS ARE GOING TO BE SENT TO MS.
8  GREENWOOD.  SHE THEN WILL ARRANGE TO HAVE YOU -- TO LET YOU
9  HAVE A COPY OF THOSE.  IF SHE WANTS TO AGREE TO THAT, THAT'S
10 HER BUSINESS.  I'M NOT GOING TO INTERFERE.
11             YOU WANT TO GET A COPY OF YOUR OWN MEDICAL RECORDS,
12 YOU GO TALK TO YOUR DOCTORS AND TELL THEM TO GIVE YOU A COPY
13 AND READ THROUGH THEM.  YOU SEE SOMETHING IN THERE THAT YOU
14 DON'T WANT MS. GREENWOOD TO SEE AND YOU WANT TO DROP SOME
15 CLAIMS, YOU GO AHEAD.
16             BUT I WANT TO TELL YOU HOW ALMOST IMPOSSIBLE IT IS
17 GOING TO BE FOR ME TO SORT THROUGH THIS MEDICAL RECORD OR
18 THAT MEDICAL RECORD AND TIE IT INTO THIS CLAIM OR THAT CLAIM.
19 YOU HAVE RAISED YOUR MENTAL AND PHYSICAL HEALTH INTO ISSUE.
20 AND UNLESS AND UNTIL THAT HAS CHANGED, MS. GREENWOOD IS GOING
21 TO HAVE CARTE BLANCHE TO DISCOVER YOUR MEDICAL RECORDS.
22             I AM NOT GOING TO MICRO-MANAGE THIS CASE AND LOOK
23 AT EVERY SINGLE MEDICAL RECORD AND TIE IT IN TO ONE OF YOUR
24 CLAIMS.
25             MS. HAYS:  YOUR HONOR, I'M NOT ASKING THAT.  I AM

1  NOT ASKING THAT. THAT'S WHY I'M SAYING IT'S OBVIOUS THAT YOU
2  ARE NOT HEARING WHAT I AM SAYING AND MEANING.
3     THE COURT: I WANT TO STOP YOU. YOUR REQUEST THAT
4  YOU GET TO SEE THE MEDICAL RECORDS FIRST IS DENIED.
5     ALL RIGHT. LET'S MOVE ON TO THE NEXT ISSUE.
6     THE NEXT ISSUE IS THAT MS. GREENWOOD IS ASKING YOU
7  ABOUT EVERY OFFICER THAT YOU HAVE ALLEGED VIOLATED YOUR
8  RIGHTS. AND YOU ARE GETTING FLUSTERED BECAUSE YOU JUST WANT
9  TO SAY DITTO TO THIS, DITTO TO THAT. YOU DON'T WANT TO HAVE
10 TO GO THROUGH EACH ONE OF THEM.
11    EVERY OFFICER YOU'VE NAMED IN THIS LITIGATION MS.
12 GREENWOOD IS DEFENDING. AND SHE GETS TO ASK YOU ABOUT EACH
13 AND EVERY OFFICER. IF YOU WANT TO START DROPPING OFFICERS,
14 HAVE AT IT. OKAY. BUT AS LONG AS THERE'S AN OFFICER IN
15 THERE, YOU ARE REQUIRED TO ADDRESS HER QUESTIONS AND ANSWER
16 THEM.
17    MS. HAYS: YOUR HONOR --
18    THE COURT: GO AHEAD.
19    MS. HAYS: -- I'M GOING TO ASK FOR A LITTLE EMPATHY.
20 AND I DON'T KNOW WHETHER IT'S POSSIBLE FOR A JUDGE TO GIVE
21 EMPATHY, BUT I SPENT A LOT OF TIME -- A LOT OF TIME DOING MY
22 ANSWERS TO THE INTERROGATORIES. I TOOK EACH OFFICER. I
23 NAMED ALL OF THE CAUSES OF ACTION THAT APPLIED TO THAT
24 OFFICER. AND I PUT IN DETAIL WHAT THE OFFICER DID THAT MADE
25 THAT CAUSE OF ACTION APPLICABLE.

```
 1            SO, IS IT NECESSARY FOR HER TO -- I MEAN, SHE HAS
 2   THE RIGHT TO DRILL ME OVER AND OVER AND OVER AGAIN.
 3            THE COURT:  NO.  SHE DOESN'T HAVE THE RIGHT TO
 4   DRILL YOU OVER AND OVER AND OVER AGAIN, BUT SHE HAS A RIGHT
 5   TO ASK A QUESTION AND GET YOUR ANSWER UNDER OATH ON THE
 6   RECORD.
 7            MS. HAYS:  AND WHEN I -- WHEN I SAY SOMETHING AND
 8   SHE REPEATS WHAT I HAVE ALLEGEDLY SAID, THE WAY SHE WORDS HER
 9   -- HER RESPONSE BACK TO ME, IT'S NOT CORRECT.  AND SHE DOES
10   IT EVERY SINGLE TIME.  I CORRECT HER.  AND IT'S USUALLY --
11   IT'S LIKE -- I WISH I HAD AN EXAMPLE OF IT.
12            ARE YOU SAYING THAT THERE WAS NEGLIGENCE ON THE
13   BEHALF OF ALEX VARGAS BECAUSE HE DID NOT ALLOW YOUR HUSBAND
14   TO COME INTO THE INTERVIEW ROOM?
15            AND MY RESPONSE WOULD BE IT WAS NEGLIGENT FOR HIM
16   TO HAVE GIVEN ME THE IMPRESSION THAT MY HUSBAND WAS GOING TO
17   BE ALLOWED TO COME INTO THE INTERVIEW ROOM WITH ME.  SO, I'M
18   COMING THERE TO THE HEARING WITH THE FEELING THAT I AM GOING
19   TO HAVE MY HUSBAND BY MY SIDE.  AND THEN I SHOW UP FOR THE
20   HEARING, AND HE REFUSES TO LET MY HUSBAND COME IN.  I'M
21   FEARFUL.
22            THE COURT:  I DIDN'T CATCH THE LAST SENTENCE --
23   THAT -- WHAT WAS THE LAST THING YOU SAID?
24            MS. HAYS:  I AM FEARFUL.
25            THE COURT:  YOU'RE FEARFUL.  OKAY.  IN THE
```

```
 1   DEPOSITION OR WHEN YOU WERE AT THE OTHER THING? -- THE

 2   HEARING.

 3             MS. HAYS:  PARDON?

 4             THE COURT:  ARE YOU FEARFUL NOW OR WERE YOU FEARFUL

 5   WHEN -- WHEN YOU WENT TO THAT HEARING WITHOUT YOUR HUSBAND?

 6             MS. HAYS:  NO.  WHEN I WENT TO THAT HEARING.

 7             THE COURT:  ALL RIGHT.  LOOK, THE COURT REPORTER IS

 8   TAKING DOWN EVERYTHING MS. GREENWOOD IS SAYING AND EVERYTHING

 9   YOU'RE SAYING.  IF SHE'S MISCHARACTERIZING YOUR TESTIMONY, IT

10   WILL BE CLEAR FROM THE TRANSCRIPT.

11             MS. HAYS:  OKAY.  AND I UNDERSTAND THAT I -- I CAN

12   REVIEW THE TRANSCRIPT AND MAKE ANY TYPE OF COMMENTS.

13             THE COURT:  WELL, YOU CAN REVIEW THE TRANSCRIPT AND

14   CORRECT ANY ERRORS IN THERE.  AND IF YOU HAVE TO CHANGE AN

15   ANSWER, YOU CAN DO SO AND EXPLAIN WHY.  BUT COMMENTS, I DON'T

16   KNOW ABOUT COMMENTS.  SO, I DON'T KNOW WHAT YOU MEAN BY THAT,

17   BUT LET'S WAIT AND SEE WHAT HAPPENS.

18             YES, YOU ARE GOING TO HAVE AN OPPORTUNITY TO REVIEW

19   THE ENTIRE TRANSCRIPT WITHIN 30 DAYS OF RECEIVING IT.  MAKE

20   ANY CHANGES THAT ARE NECESSARY AND SIGN A DECLARATION THAT

21   THAT'S YOUR DEPOSITION TESTIMONY.

22             MS. HAYS:  OKAY.

23             YOUR HONOR, BUT THE BIG PROBLEM -- AND I APOLOGIZE

24   TO EVERYBODY -- THE COURT AND THESE ATTORNEYS, BUT KNOW THAT

25   I HAVE -- HAVE SAID THAT THIS HAS CAUSED GREAT DAMAGE.  AND
```

1  MY MIND DOES NOT THINK THE WAY A NORMAL MIND THINKS,
2  UNFORTUNATELY.  SO, SHE MAY THINK THAT SHE'S ASKING A
3  QUESTION VERY CLEARLY, BUT THE WAY MY MIND IS PROCESSING
4  THAT, IT'S NOT CLEAR, OR IT'S NOT WHAT I WANT IT TO SAY.
5  AND, SO, THAT'S WHY THIS HAS TAKEN SO LONG BECAUSE I'LL TRY
6  TO SAY IT.  AND THEN SHE'LL SAY IT IN HER WAY.  AND I GO NO.
7  AND THEN I HAVE TO REPEAT IT.
8          AND IT'S LIKE SHE DOESN'T WANT TO JUST -- LIKE YOU
9  SAID, IT'S GOING TO BE DOWN IN THE TRANSCRIPTS.  SO, I GUESS
10 WE'LL DEAL WITH THE PROBLEMS WHEN THE PROBLEMS ARISE.
11         THE COURT:  I THINK THAT'S A GOOD IDEA.
12         MS. HAYS, I'M GOING TO LET YOU GO NOW.  AND YOU DO
13 THE BEST YOU CAN IN YOUR DEPOSITION.  ALL RIGHT.
14         MS. HAYS:  YOUR HONOR, WE NEED TO TALK ABOUT WHEN I
15 DEPOSE PEOPLE.
16         THE COURT:  LET'S NOT DO THAT TODAY.
17         MS. HAYS:  OKAY.
18         THE COURT:  OKAY.  WE'LL SET UP A TIME.  WE'LL TALK
19 ABOUT THAT.
20         I WANT YOU TO UNDERSTAND THAT THIS -- I GET IT THAT
21 THIS DEPOSITION IS DIFFICULT.  BUT, YOU KNOW, YOUR CONCERNS
22 ABOUT YOUR MEDICAL RECORDS AND BEING FORCED TO HAVE A
23 PSYCHIATRIC EVALUATION ARE SOME THINGS -- SOME THINGS YOU MAY
24 WANT TO THINK ABOUT BEFORE YOU DECIDE TO GO FORWARD WITH THIS
25 LITIGATION.  ALL RIGHT.

1          MS. HAYS: YOUR HONOR, I HAVE NO PROBLEM WITH AN
2  EVALUATION.
3          I JUST DON'T -- I HAVE KNOWN FROM MY EXPERT THAT A
4  PSYCHIATRIC EVALUATION IS NOT A PROPER WAY TO DIAGNOSE
5  DAMAGE.
6          AND IS THAT NOT THE PURPOSE OF A PSYCHIATRIC
7  EVALUATION?
8          THE COURT: THIS IS NOT A TUTORIAL. THEY'RE GOING
9  TO BE ALLOWED TO HAVE A PSYCHIATRIC EVALUATION. OKAY. YOU
10 CAN -- YOU CAN FILE ANY OBJECTIONS YOU HAVE. AND IF YOUR
11 EXPERT WANTS TO SUBMIT A DECLARATION THAT SAID THAT'S NOT THE
12 WAY TO DETERMINE DAMAGES, HE CAN DO SO.
13         BUT IT'S NOT JUST DAMAGES, IT'S ALSO CAUSE AND
14 EFFECT. YOU'RE CLAIMING THAT YOUR PSYCHIATRIC -- SOME OF
15 YOUR PSYCHIATRIC INJURIES STEM FROM YOUR ARREST. THE
16 PSYCHIATRIST IS GOING TO DETERMINE WHETHER OR NOT HE BELIEVES
17 THAT'S ACCURATE.
18         MS. HAYS: OKAY.
19         THE COURT: ALL RIGHT.
20         OKAY. MS. GREENWOOD, ANYTHING ELSE BEFORE I LET
21 YOU GO?
22         MS. GREENWOOD: NO, YOUR HONOR.
23         THANK YOU FOR YOUR TIME.
24         THE COURT: I'M SORRY. THERE ARE OTHER COUNSEL
25 THERE. AND, OF COURSE, I'VE ALREADY FORGOTTEN EVERYBODY'S

```
 1  NAME.  SO, TELL ME --
 2          MS. GARNER:  THIS IS LISA GARNER, COUNSEL FOR
 3  ROBERT TAYLOR.
 4          NOTHING FURTHER, YOUR HONOR.
 5          THANK YOU.
 6          THE COURT:  THANKS, MS. GARNER.  I'M SORRY.  I HAVE
 7  THE MINUTE -- THE CALENDAR IN FRONT OF ME.  AND I DIDN'T SEE
 8  YOUR NAME ON IT.
 9          OKAY.  AND ANYONE ELSE?
10          I KNOW THE COURT REPORTER DOESN'T HAVE A VIEW.
11          AND, MS. HAYS, ANYTHING FURTHER BEFORE I LET YOU
12  GO?
13          MS. HAYS:  NO, YOUR HONOR.
14          THE COURT:  DO THE BEST YOU CAN, MS. HAYS.  YOU'LL
15  GET A TRANSCRIPT.  AND YOU CAN TRY AND STRAIGHTEN OUT
16  ANYTHING THAT YOU THINK WENT WRONG.  ALL RIGHT.
17          MS. HAYS:  THANK YOU.
18          THE COURT:  ALL RIGHT.  THANKS A LOT.
19          BYE-BYE.
20          MS. GREENWOOD:  BYE-BYE, YOUR HONOR.
21          (PROCEEDINGS ADJOURNED.)
22
23
24
25
```

14

C E R T I F I C A T E

I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE ELECTRONIC SOUND RECORDING OF THE PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

/S/ DOROTHY BABYKIN                          6/27/14
_____            _____
FEDERALLY CERTIFIED TRANSCRIBER            DATED
DOROTHY BABYKIN