**MICHAEL N. FEUER**, City Attorney - SBN111529x
**THOMAS H. PETERS**, Chief Assistant City Attorney - SBN163388
**CORY BRENTE**, Assistant City Attorney - SBN 115453
**ELIZABETH GREENWOOD**, Deputy City Attorney - SBN178010
elizabeth.greenwood@lacity.org
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Phone No.: (213) 978-7025  Fax No.: (213) 978-8785

Attorneys for Defendants **Los Angeles Police Department, Michael Brausam, Ronald Crump, Jason De La Cova, Derrick Dominguez, Pete Echavarria, Horace Frank, Larry Guillen, Kevin Montgomery, Javier Navarro, Derrick Prude, Jorge Rodriguez, Donald Schwartzer, Alex Vargas, and Andrew Vergara Jr.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADINE HAYS,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>LOS ANGELES POLICE DEPARTMENT (LAPD), LOS ANGELES BOARD OF POLICE COMMISSIONERS, BANK OF AMERICA, AND THE FOLLOWING INDIVIDUALS, ALL BEING SUED AS INDIVIDUALS AND IN THEIR PROFESSIONAL CAPACITY; OFFICER NAVARRO, #31587, OFFICER ESCHAVARRIA, #34633, OFFICER PRUDE, #34814, OFFICER GUMP, #33303, OFFICER FOWLER, OFFICER CORONADO, OFFICER BIRCH, OFFICER VERGARA, CAPTAIN RODRIQUEZ, OFFICER MONTGOMERY, OFFICER GILLEM, OFFICER DOMINQUEZ, #39968, CAPTAIN HORACE FRANK, DETECTIVE BRAUSAM, DETECTIVE MACIAS, DETECTIVE DELGADO, CAPTAIN DON SCHWARTZER, DETECTIVE DE LA COVA, ALEX VARGAS, ROBERT TAYLOR, #3866 and DOES 1-30,<br><br>　　　　　　Defendants. | CASE NO.: **CV12-10219 DMG (PJW)**<br>*Judge:* 　　**Hon. Dolly M. Gee, Ctrm. 7**<br>*Magistrate:* **Hon. Patrick J. Walsh, Ctrm. 23**<br><br>**DEFENDANT CITY OF LOS ANGELES' OPPOSITION TO PLAINTIFF'S REQUEST TO ADD DISCOVERED NAMES TO THIS LAWSUIT.** |

///

TO THE HONORABLE COURT, PLAINTIFF AND COUNSEL OF RECORD:

Defendant CITY OF LOS ANGELES, et al ("City Defendants") respectfully submits this Opposition to Plaintiff's Motion to Add Discovered Names to this Lawsuit

DATED: July 8, 2014

**MICHAEL N. FEUER**, City Attorney
**THOMAS H. PETERS,** Chief Asst. City Attorney
**CORY M. BRENTE**, Supervising Asst. City Attorney
**ELIZABETH GREENWOOD,** Deputy City Attorney

*/S/*

By: _____

**ELIZABETH GREENWOOD, Deputy City Attorney**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

#### A. Plaintiff's Motion

Plaintiff has filed a Request to Add Discovered Names to this Lawsuit. Although this purported civil rights action is anything but complex, Plaintiff has waited almost eight months after the discovery of the individuals contained in photographs to make an attempt to add individual defendants to this action. (Declaration of Elizabeth Greenwood ¶ 3)

The Motion should be denied for several reasons. First, Plaintiff waited until discovery had closed before she requested to add individuals to the case. Those people would be severely prejudiced if they were added to the case at this point. Second, Plaintiff's motion fails to satisfy the "good cause" standard and also fails to state to which of the causes of action she is requesting individuals be added. Third, Plaintiff's complaint names Does 1-30 in violation of Local Rule 19-1 which states "that no complaint or petition shall be filed that includes more than ten (10) Doe or fictitiously named parties." She is now attempting to substitute named individuals for Doe defendants exceeding the limit of the Local Rule. Finally, Plaintiff never held a "meet and confer" with defense counsel in violation of Local Rule 7-3. (Declaration of Elizabeth Greenwood ¶ __ ). As such, the Motion should be denied.

### II. DISCOVERY HAS CLOSED AND THE ADDITIONAL DEFENDANT'S WOULD SUFFER SEVERE PREJUDICE

During the twenty months this case has been ongoing, this court has granted no less than four extensions to the discovery cut off in this case. The initial discovery cut off date was December 31, 2013, nearly two months after Plaintiff was given the names of the people she wishes to now add as defendants. (Docket Item 8; Declaration of Elizabeth Greenwood ¶ __ ) Three subsequent extensions of the discovery have been granted, two over defense objections. The final discovery cut off date was stipulated to

be May 5, 2014, with some stipulated to depositions after that date.  The twelve people Plaintiff seeks to now add to the lawsuit would be severely prejudiced if they were brought into a law suit after the close of discovery.  Plaintiff's failure over the course of months, and nearly years, to amend or serve the complaint should not now be rewarded by this court at the expense of these twelve individuals.

In the twenty months subsequent to the filing of this law suit, Plaintiff allowed four discovery cut off dates to pass before she attempted to add individuals to this suit. Plaintiff offers no justification for this delay whatsoever, and is indifferent to the harm and prejudice her delay would have on these people.  For this reason alone, this Court should deny her motion to add defendants

III.   **PLAINTIFF REFUSES TO FOLLOW THE REQUIREMENTS OF THE FEDERAL RULES OF CIVIL PROCEDURE AND THE LOCAL RULES**

A.     **Plaintiffs Failed to Establish Good Cause for Failing to Make Any Effort to Amend the Complaint to Add Additional Defendants**

In her motion Plaintiff claims that she only recently discovered the names of people involved in the case and discovered they were not named Defendants.  (Motion 1:20-23) This argument is confusing, illogical and untrue.  Plaintiff discovered the names of people on November 12, 2013, when Defendants' responded to her Request for Production.  (Declaration Elizabeth Greenwood ¶ 3).  That is six months before the filing of this motion. During the intervening months Plaintiff has not made any attempt to serve any of these individuals or any attempt to file and amended complaint.  Plaintiff fails to even argue that "good cause" exists which justifies her failure to serve KIM, NICHOLS, GONZALEZ, RAMIREZ, FLORES, GUADIANA, KHAMIS, LEFFEW, PARKER, VACA, WALKER and WILLIS.  (Motion, 4:10-23)

Federal Rule of Civil Procedure Rule 4(m) establishes a time limit for service 120 days following the filing of the complaint.  The Complaint in the instant matter was filed November 29, 2012.  (Docket Item #1) One hundred and twenty days beyond that is March 29, 2013.  This motion was filed over **thirteen months after the 120-day period**

4

1 | required by F.R.C.P. Rule 4(m) expired.

2 |      Even though Plaintiff failed to seek out the identities of the Doe defendants in a

3 | timely manner, should the court wish to start the clock on the day Plaintiff discovered the

4 | names of the officers with whom she was in contact, the cut off date for service was

5 | March 12, 2014.  Should this court wish to use the November 2013 date, this motion was

6 | filed over **two months after the 120-day period** required by F.R.C.P. Rule 4(m)

7 | expired.

8 |      There is no evidence before the court of any cause, good or otherwise for

9 | Plaintiff's failure to amend the complaint and serve any additional defendants.  Plaintiff

10 | is asking the court to allow her to name defendants twenty months after the

11 | commencement of a case with twenty seven causes of action.  In the twenty months

12 | subsequent to the filing she has made no attempt to amend the complaint and made no

13 | attempt to serve these people.  Plaintiff offers no justification for this failure whatsoever,

14 | and certainly fails to establish good cause for the failure.  For this reason alone, this

15 | Court should deny her motion to add defendants.

16 |      **B.**    **Plaintiff Erred in her Original filing.**

17 |      The Central District of California Local Rule 19-1states that, "no complaint or

18 | Petition shall be filed that includes more than ten (10) Doe or fictitiously named parties."

19 | In her Complaint, Plaintiff names 1-30 Does in violation of this rule.  Further, in

20 | Plaintiff's instant motion, she requests to name twelve additional people who have never

21 | been served and probably have no awareness of this law suit.  Not only does it violate the

22 | Central District's Local Rule, it is overly prejudicial and profoundly unfair to drag these

23 | individuals into litigation that is nearly two years old when Plaintiff's failure to obey the

24 | rule and Plaintiff's failure to act is the sole cause of the delay.

25 |      **C.**    **Plaintiff Failed to Comply with Federal Rule of Civil Procedure Rule 15**

26 |      Assuming Plaintiff's instant motion is a motion to amend the complaint, the

27 | parties and this court should look to the scheduling order.  Since no deadline for

28 | amendment was contained in the court's scheduling order Federal Rule of Civil

1    Procedure, Rule 15 is controlling.

2         While Rule 15 allows for a party to amend a pleading once as a matter of course,

3    that amendment must be done within 21 days of the service.  While the Los Angeles

4    Police Department and Alex Vargas were served in February 2013, the majority of

5    defendants were effectively served after the April 22, 2013 telephone conference with

6    the court in which we accepted service for them.  If Plaintiff wished to amend the

7    complaint, the cot off for an amendment as a matter of course was May 13, 2013, a year

8    before this motion was filed.

9         Rule 15(a)(2) states that if the 21 day deadline has passed, "a party may amend its

10   pleading only with the opposing party's written consent or the court's leave."  Defendants

11   have not given consent, in fact we object.

12        While Rule 15(a)(2) concludes that, "the court should freely give leave when

13   justice so requires" in this case justice requires the court deny Plaintiff's request.  Since

14   filing the case Plaintiff has failed to let any additional individual or entity know that she

15   was contemplating adding them to the complaint.  Plaintiff has missed every deadline for

16   amending the complaint or substituting in Doe defendants.  Finally, plaintiff waited until

17   after the forth discovery cut off date had passed to file this motion.  Any additional

18   defendant would be prejudiced by that delay.

19   **D.    Plaintiff Failed to Meet and Confer as Required by the Federal Rules of**

20   **        Civil Procedure,  Local Rule 7.3**

21        The Central District of California Local Rule 7-3 requires a meet and confer must

22   take place before the filing of any motion.  It states:

23        In all cases not listed as exempt in L.R. 16-12, and except in
          connection with discovery motions (which are governed by
24        L.R. 37-1 through 37-4) and applications for temporary
          restraining orders or preliminary injunctions, counsel
25        contemplating the filing of any motion shall first contact
          opposing counsel to discuss thoroughly, preferably in person,
26        the substance of the contemplated motion and any potential
          resolution. The conference shall take place at least seven (7)
27        days prior to the filing of the motion. If the parties are unable to
          reach a resolution which eliminates the necessity for a hearing,
28        counsel for the moving party shall include in the notice of

1    motion a statement to the following effect:    "This motion is
2    made following the conference of counsel pursuant to L.R. 7-3
     which took place on (date)."

3    While Plaintiff is *pro se*, she is not in custody which is required by Local Rule 16-

4    12 to be exempted from Local Rule 7-3. The language of this rule mandates a meet and

5    confer seven days prior to filing the motion and mandates the language acknowledging

6    that meeting be included with the motion. Plaintiff did not meet and confer with defense

7    counsel regarding her desire to file this motion. (Declaration Elizabeth Greenwood ¶ 5).

8    In the pleading papers there is not even a mention of an attempt to meet and confer.

9    Since Plaintiff again failed to comply with the local rule the motion should be denied.

10   **IV.    CONCLUSION**

11   Plaintiff has failed to show good cause justifying her exceptionally late request to

12   add twelve additional defendants well past the cut off dates imposed by the Federal

13   Rules of Civil Procedure and the Central District's Local Rules. These individuals

14   would suffer severe prejudice if they were brought into the lawsuit. Further, Plaintiff has

15   failed to recognize or attempt to comply with the Federal Rules of Civil Procedure or the

16   Local Rules of the Central District of California. Her motion should also be denied on

17   those grounds.

18   The Defendants respectfully request this Court deny Plaintiff's motion to add

19   additional defendants to the suit and allow the case to proceed to trial against the initially

20   named defendant's only.

21   DATED: July 9, 2014

22   **MICHAEL N. FEUER,** City Attorney
23   **THOMAS H. PETERS,** Chief Asst. City Attorney
     **CORY M. BRENTE,** Supervising Asst. City Attorney
24   **ELIZABETH GREENWOOD,** Deputy City Attorney

25                          */S/*

26   By: _____

27       **ELIZABETH GREENWOOD, Deputy City Attorney**

28   *Attorneys for The City of Los Angeles of Defendants*

7

## DECLARATION OF ELIZABETH L. GREENWOOD

I, Elizabeth L. Greenwood declare as follows:

1.      I am a Deputy City Attorney for Los Angeles and the attorney of record for all defendants except Robert Taylor in case 12-CV-10219.

2.      On July 1, 2013, I assumed responsibility for the case load of retiring Deputy City Attorney Richard Arias.

3.      On November 12, 2013, the City of Los Angeles turned over supplemental responses to Plaintiff's Request for Production.  Within those responses were the names of individual employees of the Los Angeles Police Department whose images were contained in photographs.  A true and correct copy of the portion of the responses that contained those photographs and the names is attached hereto as Exhibit A.

4.      With the exception of some depositions, discovery closed on May 5, 2014.

5.      On May 28, 2014, Plaintiff filed a Request to Add Discovered Names to this Lawsuit.  Plaintiff never met and conferred with me regarding her desire to add additional defendants to the case.


I declare under the penalty of perjury the foregoing is true and correct.


Executed within the United States on July 9, 2014.


**ELIZABETH L. GREENWOOD**

HAYS vs COLA CV-12-10219

Page 1   Doe-1   Sgt Juhee Kim #34555

Page 1   Doe-2   Ofcr Stephen Nichols #33059

Page 2   Doe-4   Private Security Guard (Not a city employee)

Page 2   Doe-5   Private Security Guard (Not a city employee)

Page 1   Doe-1   Unknown

Page 1   Doe-2   Unknown

Page 2   Doe-3   Unknown

Page 2   Doe-4   Unknown

Page 2   Doe-5   Unknown

Page 2   Doe-6   Unknown

Page 3   Doe-7   Ofcr Pete Echavarria #34633/Sgt Garey Leffew #27058

Page 3   Doe-8   Sgt Aloaf Walker #26777

Page 3   Doe-9   Sgt James Willis #34203

Page 3   Doe-10   Private Security Guard (Not a city employee)

Page 4   Doe-11   Ofcr Javier Navarro #31587

Page 4   Doe-12   Ofcr Miguel Vaca #36025



SGT JUHEE KIM 34555



P-3+1 STEPHEN NICHOLS 33059

1

P-2 1 STEPHEN NICHOLS 33057



Doe 4 (security guard)

SGT JUHEE KIM 34555



Doe 5 (security guard)

2







1





2



SGT ALDAE WALKER 26777

SGT DAVID PARKER 37112

Parker

SGT JAMES WILLIS 34203

Doe 9

Doe 8

Doe 10

Doe 7

SGT GAREY LEFFEW 27058

PETE ECHAVARRIA 34633

3



JAVIER NAVARRO - 31587

Doe 8

Doe 11

Parker

Doe 12

SGT ALOAF WALKER 26777

SGT DAVID PARKER 37112

MIGUEL VACA 36025

4

Exhibit - A - Page - 15  46

**PROOF OF SERVICE**
**(Via Various Methods)**

I, KATHERINE FINAN, declare as follows:

I am over the age of 18 years, and not a party to this action. My business address is 200 North Main Street, 600 City Hall East, Los Angeles, California, which is located in the county where the mailing described below took place.

On November 12, 2013, I served the foregoing document described as

**DEFENDANT CITY OF LOS ANGELES ET. AL'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION**

**(SET ONE)**

on all interested parties in this action, by placing a true copy thereof in a sealed envelope addressed as follows:

Nadine Hays
370 Highland Hills Drive
Camarillo, CA 93010

[ XX ] BY PERSONAL SERVICE - (xx) I delivered by hand, or ( ) I delivered by via messenger service, such envelope(s) to the offices of the addressee with delivery time prior to 5:00 p.m. on the date specified above.

[   ] BY FACSIMILE TRANSMISSION TO:
I transmitted to the offices of the addressee via facsimile machine, prior to 5:00 p.m. on the date specified above. The facsimile machine I used was in compliance with Rule 2003(3) and the transmission was reported as complete without error. Pursuant to Rule 2008(e), I caused a copy of the transmission report to be properly issued by the transmitting facsimile machine.

[ ] BY MAIL - I deposited said envelope(s) in the mail at Los Angeles, California, with first class postage thereon fully prepaid. I am readily familiar with the business practice for collection and processing of correspondence for mailing. Under that practice, it is deposited with the United States Postal Service on that same day, at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed on November 12, 2013, at Los Angeles, California.

_Katherine Finan_
KATHERINE FINAN

Exhibit - A - Page - 16