UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-10219-DMG (PJW)** | Date | July 22, 2014 |
|---|---|---|---|

| Title | *Nadine Hays v. Los Angeles Police Department, et al.* | Page | 1 of 3 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE WALSH'S JUNE 12, 2014 ORDER [Doc. # 97]**

This matter is before the Court on Plaintiff Nadine Hays' motion for review of the June 12, 2014 Order of the Honorable Patrick J. Walsh, United States Magistrate Judge, currently set for hearing on July 25, 2014. [Doc. ## 97, 93.] On July 2, 2014, Defendants filed an Opposition to the motion. [Doc. # 112.] On July 10, 2014, Hays filed a reply. [Doc. # 121.] The Court deems this motion suitable for hearing without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, the Court upholds the Magistrate Judge's Order.

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

On November 29, 2012, *pro se* Plaintiff Nadine Hays filed a Complaint against Defendants, raising claims stemming from her arrest and incarceration following her attendance at an Occupy L.A. event. [Doc. # 1.] She alleges that she has suffered mentally and physically because of the nature of her arrest and the treatment that followed. (Compl. ¶¶ 22-23, 62, 109, 125, 140.)

On May 15, 2014, Judge Walsh granted Defendants' Motion to Compel Plaintiff's Independent Psychiatric Examination. (May 15, 2014 Order [Doc. # 75].) In that Order, Judge Walsh denied Hays' request for permission to videotape the examination, but gave her permission to audio record the clinical interview portion of the examination. (*Id.* at 2.) The Court determined that the testing portion of the examination, which involved proprietary testing materials, could not be recorded, however, for fear of "compromis[ing] the testing if the recording was disseminated to a wide audience." (*Id.*) (internal citation omitted.) One of the mental health tests proposed by Defendants' medical expert is protected by United States trade secret laws and is thus proprietary. (Rosenberg Decl. ¶ 7 [Doc. # 112-2].) In addition, Dr. James Rosenberg, the medical examiner, has also signed contracts with the publishers of all of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 12-10219-DMG (PJW) | Date | July 22, 2014 |
| Title | *Nadine Hays v. Los Angeles Police Department, et al.* | Page | 2 of 3 |

proposed tests to "protect the test questions from dissemination into the public domain." (*Id.* ¶ 8.)

Hays filed a Request for Reconsideration on May 16, 2014. [Doc. # 78.] Judge Walsh denied that request on May 29, 2014. [Doc. # 80.] On June 6, 2014, Hays filed yet another Request for Reconsideration [Doc. # 92], which was subsequently denied by Judge Walsh on June 12. [Doc. # 93.]

## II.
## STANDARD OF REVIEW

Where a district court considers objections to a magistrate judge's rulings on nondispositive matters, the magistrate judge's disposition will be set aside only if it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(a); *see also United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001) ("[T]he magistrate judge's decision in . . . nondispositive matters is entitled to great deference by the district court.").

## III.
## DISCUSSION

Hays argues that she is entitled to an audio recording of the entire medical examination. (Appeal at 3-4.) Defendants contend that Hays has not met her burden of showing why the proprietary portion of the examination should be recorded and thus why the magistrate judge erred. (Opp'n at 7.)

In her appeal, Hays cites to only one case, *Golfland Entertainment Centers, Inc. v. Superior Court*, 108 Cal. App. 4th 739, 133 Cal. Rptr. 2d 828 (2003) (citing *Vinson v. Superior Court*, 43 Cal. 3d 833, 239 Cal. Rptr. 292 (1987)), to support her argument. That case, however, is inapplicable. It involved a trial court's ruling that only answers could be recorded, and not corresponding questions. *Id.* at 750. It did not concern a medical examination involving proprietary tests. *Id.* at 750-51. *Vinson*, which Hays cites in the context of discussing *Golfland*, also does not address the issue of proprietary test materials. *See generally*, *Vinson*, 43 Cal. 3d 833.

While federal and state courts have allowed the audio recording of mental examinations under certain circumstances, Court have denied requests for audio recordings where the defendants "do not own the rights to the proprietary tests, [and thus] they do not have the right to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-10219-DMG (PJW)** | Date | July 22, 2014 |
| Title | ***Nadine Hays v. Los Angeles Police Department, et al.*** | Page | 3 of 3 |

distribute the proprietary material." *Ashley v. City and County of San Francisco*, Case No. CV-12-00045-JST(KAW), 2013 WL 2386655, at *4 (N.D. Cal. May 30, 2013) (unpublished) (denying plaintiff's request to record the proprietary portion of testing); *see also Gavin v. Hilton Worldwide, Inc.*, 291 F.R.D. 161, 168 (N.D. Cal. 2013) (federal courts and California law allow for audio recordings during mental examinations). A plaintiff must meet her "burden of convincing the court that the proprietary testing portion of the examination should be recorded" before such materials are distributed. *Ashley*, 2013 WL 2386655, at *4.

Here, neither Defendants nor Dr. Rosenberg own the rights to the tests, and Dr. Rosenberg has signed contracts requiring him to protect the test questions from the public domain. (Opp'n at 5-7; Rosenberg Decl. ¶¶ 8-10.) Hays' sole basis for her assertion of legal error by Judge Walsh is based upon *Golfland*, which is unpersuasive for the reasons noted above. And as Judge Walsh stated, Hays' request to record the interview based upon her fears of "abusive officers" and of "being with a strange doctor that is working for the opposition" (Reply at 4) are taken into account by allowing her to record the clinical interview portion of the examination and to confer with her therapist or friend during breaks. (May 15, 2014 Order at 2-3.) Hays makes no attempt to argue in her appeal to this Court why these accommodations are insufficient or otherwise in error. [Doc. # 97.] She has thus failed to meet her burden of establishing that Judge Walsh's orders are "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a).

### IV.
### CONCLUSION

For the foregoing reasons, Hays' appeal is **DENIED**. The July 25, 2014 hearing is **VACATED**.

**IT IS SO ORDERED.**