**MICHAEL N. FEUER**, City Attorney - **SBN111529x**
**THOMAS H. PETERS**, Chief Assistant City Attorney - **SBN163388**
**CORY BRENTE**, Assistant City Attorney - **SBN 115453**
**ELIZABETH GREENWOOD**, Deputy City Attorney - **SBN178010**
elizabeth.greenwood@lacity.org
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Phone No.: (213) 978-7025  Fax No.: (213) 978-8785

Attorneys for Defendants **Los Angeles Police Department, Michael Brausam, Ronald Crump, Jason De La Cova, Derrick Dominguez, Pete Echavarria, Horace Frank, Larry Guillen, Kevin Montgomery, Javier Navarro, Derrick Prude, Jorge Rodriguez, Donald Schwartzer, Alex Vargas, and Andrew Vergara Jr.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADINE HAYS,<br><br>Plaintiff,<br><br>vs.<br><br>LOS ANGELES POLICE DEPARTMENT (LAPD), LOS ANGELES BOARD OF POLICE COMMISSIONERS, BANK OF AMERICA, AND THE FOLLOWING INDIVIDUALS, ALL BEING SUED AS INDIVIDUALS AND IN THEIR PROFESSIONAL CAPACITY; OFFICER NAVARRO, #31587, OFFICER ESCHAVARRIA, #34633, OFFICER PRUDE, #34814, OFFICER GUMP, #33303, OFFICER FOWLER, OFFICER CORONADO, OFFICER BIRCH, OFFICER VERGARA, CAPTAIN RODRIQUEZ, OFFICER MONTGOMERY, OFFICER GILLEM, OFFICER DOMINQUEZ, #39968, CAPTAIN HORACE FRANK, DETECTIVE BRAUSAM, DETECTIVE MACIAS, DETECTIVE DELGADO, CAPTAIN DON SCHWARTZER, DETECTIVE DE LA COVA, ALEX VARGAS, ROBERT TAYLOR, #3866 and DOES 1-30,<br><br>Defendants. | CASE NO.: **CV12-10219 DMG (PJW)**<br>Judge:      Hon. Dolly M. Gee, Ctrm. 7<br>Magistrate: Hon. Patrick J. Walsh, Ctrm. 23<br><br>**DEFENDANT CITY OF LOS ANGELES' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION OF CAUSE OF ACTION #4, FALSE ARREST AND IMPRISONMENT** |

///

TO THE HONORABLE COURT, PLAINTIFF AND COUNSEL OF RECORD:

Defendant CITY OF LOS ANGELES, et al ("City Defendants") respectfully submits this Opposition to Plaintiff's Motion for Summary Adjudication of Cause of Action #4, False Arrest and Imprisonment.

DATED: September 3, 2014

> MICHAEL N. FEUER, City Attorney
> THOMAS H. PETERS, Chief Asst. City Attorney
> CORY M. BRENTE, Supervising Asst. City Attorney
> ELIZABETH GREENWOOD, Deputy City Attorney
>
> By /s/ Elizabeth Greenwood
> ELIZABETH GREENWOOD, Deputy City Attorney

## MEMORANDUM POINTS AND AUTHORITIES

### I. Introduction

As an initial matter, Plaintiff's motion for summary judgment, Dkt. 41, fails on several procedural grounds. She failed to meet and confer prior to filing this motion in violation of L.R. 7-3. She is also in violation of L.R. 56-1 due to her failure to lodge a proposed statement of uncontroverted facts and conclusions of law.

Plaintiff's motion also fails on legal grounds. First, Plaintiff lacks admissible evidence to prove that her detention, citation and arrest were false. She offers self serving declarations what discuss events without providing dates.

### II. Plaintiff Failed to Provide Evidence or a Legal Argument that Her Arrests were Without Probable Cause

The Federal Jury Instruction regarding the unreasonable seizure of a person and probable cause for arrest is instruction 9.20. That instruction says in part, "a seizure of a person by arrest without a warrant is reasonable if the arresting officers had probable cause to believe the plaintiff has committed or was committing a crime." To determine if plaintiff's arrests were proper under the 4th and 14th Amendments we must look to probable cause.

Instruction 9.20 continues by pointing to who holds the burden of proving probable cause. "In order to prove the seizure in this case was unreasonable, the **plaintiff must prove by a preponderance of the evidence** that she was arrested without probable cause." *Id.* Emphasis added. Plaintiff in this case has failed to even name the code sections for which she was cited and arrested and has produced no admissible evidence to the court when prematurely asking for summary judgment on one of twenty six causes of action.

The Ninth Circuit Jury Instruction Committee further described when probable cause is found, "[it] exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair

probability that the plaintiff has committed or was committing a crime." Again, plaintiff makes conclusory statements the defendants had no probable cause, but fails to cite the code she allegedly violated or any law involving the probable cause of her citation or arrest. On this ground alone, plaintiff's motion should be denied.

### III. Probable Cause Analysis

Cause of Action Number 4 on the instant case alleges False Arrest and Imprisonment on two separate occasions when she was detained, then cite or arrested for misdemeanor violations of the Los Angeles Municipal Code. The Los Angeles City Counsel has the legislative authority to enact laws binding within the City of Los Angeles. Pursuant to Los Angeles Municipal Code §11.00(m) unless otherwise noted, all violations of the Municipal Code are misdemeanors.[1]

#### A. Citation on March 8, 2012

On March 8, 2012 plaintiff had set up her 'road show' in front of the State of California building. (Complaint 15:7) She was detained and cited by Captain Horace Frank for violating Los Angeles Municipal Code section § 56.11, which states that "No person shall leave or permit to remain any merchandise, baggage or any article of personal property upon any parkway or sidewalk," As defendant Frank drove by plaintiff he saw her with her rolling cart, amplification system and projector stopped on the sidewalk preparing to show a movie on the walls of the state building without a permit. He detained plaintiff pending a investigation for a violation of Los Angeles Municipal Code section 56.11 that make it a crime to leave "merchandise, baggage or any article of personal property upon any parkway or sidewalk." LAMC §56.11. After discussing it with her numerous times defendant Frank wrote plaintiff a citation for the above

---

[1] LAMC §11.00(m) Violations of This Code, a Misdemeanor (Amended by Ord. No. 150,560, Eff. 3/19/78.) It shall be unlawful for any person to violate any provision or fail to comply with any of the requirements of this Code. Any person violating any of the provisions or failing to comply with any of the mandatory requirements of this Code, shall be guilty of a misdemeanor (Added by Ord. No. 172,759, Adop. 8/6/99, Eff. 9/18/99.) unless that violation or failure is declared in that section to be an infraction.

4

violation. Decl Frank ¶ 3-4.

B. <u>Arrest on April 25, 2012</u>

On April 25, 2013 at 4th Street and Hill Street in front of Bank of America plaintiff set up her portable road show including but not limited to a generator, and audio system, a plasma screen TV(Complaint 7:16-18). Plaintiff admits she was playing music over the amplified audio system when the police arrived. (Complaint 8:1-3) The officers exited their car and told her the had previously warned her for violating the ordinance against amplified music. (Complaint 8:4-6). Los Angeles Municipal Code § 41.57 forbids the use of amplified sound without first obtaining a permit.[2] It is uncontested that when the police arrived plaintiff was in front of Bank of America using her sound amplification system to broadcast her message and music.

A police officer has probable cause to arrest a suspect without a warrant if the available facts suggest a "fair probability" that the suspect has committed a crime. *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1094 (9th Cir.2006) (citing *United States v. Valencia-Amezcua*, 278 F.3d 901, 906 (9th Cir.2002). *See also Hart v. Parks*, 450 F.3d 1059, 1066 (9th Cir.2006). "An officer who observes criminal conduct may arrest the offender without a warrant, even if the pertinent offense carries only a minor penalty." *Tatum*, 441 F.3d at 1094(quoting *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) to the effect that "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.").

---

[2]LAMC § 41.57. LOUD AND RAUCOUS NOISE PROHIBITED.
(Added by Ord. No. 140,731, Eff. 8/24/70.)
(a) It is unlawful for any person to cause, allow or permit the emission or transmission of any loud or raucous noise from any sound making or sound amplifying device in his possession or under his control.
  (1) upon any private property, or
  (2) upon any public street alley, sidewalk or thoroughfare, or
  (3) in or upon any public park or other public place or property.
(b) The words "loud and raucous noise" as used herein shall mean any sound or any recording thereof when amplified or increased by any electrical, mechanical, or other device to such volume, intensity or carrying power as to unreasonably interfere with the peace and quiet of other persons within or upon any one or more of such places or areas, or as to unreasonably annoy, disturb, impair or endanger the comfort, repose, health, or safety of other persons within or upon any one or more of such places or areas.

In each of the instances above, when the Los Angeles Police arrived at the plaintiff's location she was violating a section of the Los Angeles Municipal Code and in so doing was committing a misdemeanor in the officer's presence. On March 8, 2012, plaintiff was with her cart of equipment setting up to project a movie against a wall. This was in direct violation of Los Angeles Municipal Code § 56.11 making illegal the keeping of personal property on a public sidewalk. On April 25, 2012, plaintiff admits she was using her amplification system in a public place. This was in direct violation of Los Angeles Municipal Code § 41.57 prohibiting the use amplified noise in public. In each case plaintiff was engaged in the behavior in front of the responding police officer, suggesting as required by *Tatum*, there was a "fair probability" that she committed a crime.

Plaintiff's actions on the day in question prevent a motion for summary judgment from being granted in her favor for false arrest.

## IV. Plaintiff Failed to Meet and Confer in Violation of Local Rule 7-3

Local Rule 7-3 states in relevant part:

> In all cases not listed as exempt in L.R. 16-12,....counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. If the proposed motion is one which under the F.R.Civ.P. must be filed within a specified period of time (e.g., a motion to dismiss pursuant to F.R.Civ.P. 12(b), or a new trial motion pursuant to F.R.Civ.P. 59(a)), then this conference shall take place at least five (5) days prior to the last day for filing the motion; otherwise, the conference shall take place at least ten (10) days prior to the filing of the motion.

Pursuant to Local Rule 1-3, Plaintiff would be bound by Local Rule 7-3 despite her *pro se* status. Local Rule 1-3 states: "Persons appearing pro se are bound by these rules, and any reference in these rules to 'attorney' or 'counsel' applies to parties pro se unless the context requires otherwise." Local Rule 16-12(c) provides that there is no conference of counsel requirement if "plaintiff is appearing pro se, is in custody, and is

6

not an attorney." Although Plaintiff fulfills two of the three criteria for the exemption since she is appearing pro se and is not an attorney, she fails to meet the third criteria: she is currently not in custody. The inclusion of the word "and" in the Local Rule makes it clear that all three requirements are necessary in order for her to be exempt and none of the requirements are optional, as Plaintiff may have mistakenly assumed in prior pleadings, leading her to mislead the court as to her exempt status under L.R. 7-3. Due to her inability to meet all three requirements, Plaintiff is not exempt. Therefore, Plaintiff would still be bound by Local Rule 7-3.

Plaintiff never met and conferred with defense counsel prior to filing this instant motion for summary judgment despite being required to do so. A court has discretion to strike a motion for failure to comply with Local Rules. *See Green v. Baca*, 226 F.R.D. 624 fn. 62 (C.D. Cal. 2005). Accordingly, this court should deny Plaintiff's Motion for Summary Judgment due to her violation of L.R. 7-3.

### V. Plaintiff's Failure to Lodge "Statement of Uncontroverted Facts and Conclusions of Law" in Violation of L.R. 56-1 Warrants the Denial of Plaintiff's Motion for Summary Judgment

Under Local Rules 56-1, a party filing a motion for summary judgment must lodge a proposed "Statement of Uncontroverted Facts and Conclusions of Law." L.R. 56-1. Here, Plaintiff failed to file a Statement of Uncontroverted Facts and Conclusions of Law in support of her Motion for Summary Judgment filed on June 11, 2014. (Dkt. No. 94). Therefore, the Court has no evidence upon which to rely to decide Plaintiff's motion for summary judgment. *See Kayan v. Asset Acceptance*, LLC, 2013 U.S. Dist. LEXIS 48998 (C.D. Cal. 2013); *Waters v. Howard Sommers Towing*, 2012 U.S. Dist. LEXIS 143349 (C.D. Cal. 2012). Accordingly, again, this court should deny Plaintiff's Motion for Summary Judgment.

///
///

### VI. Plaintiff's Statement of Facts Only Consists of Self-Serving Statements

Since Ms. Hays' statement of facts section only consists of self-serving statements, none of them would be dispositive on summary judgment. "It is true that self-serving statements in affidavits without factual support in the record carry no weight on summary judgment." *Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 925 (7th Cir. 2004). "That an affidavit is self-serving bears on its credibility, not on its cognizability for purposes of establishing a genuine issue of material fact. If the affidavit states only conclusions, and not such facts as would be admissible in evidence, then it would be too conclusory to be cognizable." *United States v. Shumway*, 199 F.3d 1093 (9th Cir. 1999).

### VII Conclusion

Based on the foregoing, the defendants respectfully request this Court deny plaintiff's motion for summary adjudication on cause of action number four

DATED: September 3, 2014

        MICHAEL N. FEUER, City Attorney
        THOMAS H. PETERS, Chief Asst. City Attorney
        CORY M. BRENTE, Supervising Asst. City Attorney
        ELIZABETH GREENWOOD, Deputy City Attorney

By: /s/ Elizabeth Greenwood
        ELIZABETH GREENWOOD, Deputy City Attorney

*Attorneys for The City of Los Angeles of Defendants*

# DECLARATION OF HORACE FRANK

I, Horace Frank declare as follows:

1. I am a Commander with the Los Angeles Police Department and a defendant in case 12-CV-10219.

2. On March 8, 2012, I was a Captain and working the area of Art Walk, a monthly out door food and art event.

3. At approximately 7:00 that evening I observed the plaintiff Nadine Hays on the corner of 3rd Street and Spring Street on the sidewalk in front of the Ronald Reagan State Building. She was stopped with a large cart containing a computer

4. I stopped to investigate a possible violation of Los Angeles Municipal Code section. When I spoke with Mrs. Hays I advised her that setting up her cart and leaving it there was in violation of Los Angeles Municipal Code section 56.11 that make it a crime to leave "merchandise, baggage or any article of personal property upon any parkway or sidewalk."

5. After a lengthy discussion I cited plaintiff for a violation of Los Angeles Municipal Code section 56.11.

I declare under the penalty of perjury the foregoing is true and correct. Executed within the United States on September 3, 2014.

_____
**HORACE FRANK**

9

PROOF OF SERVICE
(Via Various Methods)

I, Nina Kim, declare as follows:

I am over the age of 18 years, and not a party to this action. My business address is 200 North Main Street, 6th Floor, City Hall East, Los Angeles, California, which is located in the county where the mailing described below took place.

On September 3, 2014, I served the foregoing document described as:

**DEFENDANT CITY OF LOS ANGELES' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ADJUDICATION OF CAUSE OF ACTION #4, FALSE ARREST AND IMPRISONMENT**

on all interested parties in this action, by placing a true copy thereof in a sealed envelope addressed as follows:

*Plaintiff, In Pro Per.*
**NADINE HAYS**
**370 Highland Hills Drive**
**Camarillo, CA 93010**
**Tel: (805) 484-4452**
**Fax: (818) 474-7676**
NadineHays@aol.com

*Co-Defendants: ROBERT TAYLOR*
**DEBRA ELLWOOD**
**LISA K. GARNER**
**HILARY E. FEYBUSH**
**GORDON & REES LLP**
**633 West Fifth Street, 52nd Floor**
**Los Angeles, CA 90071**
**Tel: (213) 576-5000**
**Fax: (213) 680-4470**
dmeppen@gordonrees.com
Lgarner@gordonrees.com
Hfeybush@gordonrees.com

[ ] BY FACSIMILE TRANSMISSION TO: FX:
I transmitted such documents by fax to the office(s) of the addressee(s) via facsimile machine, prior to 5:00 p.m. on the date specified above. The facsimile machine I used was in compliance with Rule 2003(3) and the transmission was reported as complete without error. Pursuant to Rule 2008(e), I caused a copy of the transmission report to be properly issued by the transmitting facsimile machine.

**[XX ] BY MAIL** - I deposited said envelope(s) in the mail at Los Angeles, California, with first class postage thereon fully prepaid. I am readily familiar with the business practice for collection and processing of correspondence for mailing. Under that practice, it is deposited with the United States Postal Service on that same day, at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 3, 2014, at Los Angeles, California.

_____
Nina Kim