UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADINE HAYS,<br>Plaintiff,<br>v.<br>LOS ANGELES POLICE DEPARTMENT, et al.,<br>Defendants. | CASE NO. CV 12-10219-DMG (PJW)<br><br>FINAL REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION (DOC NO. 94) |

This Final Report and Recommendation is submitted to the Hon. Dolly M. Gee, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California. For the reasons discussed below, it is recommended that Plaintiff's Motion for Summary Adjudication be denied and that Defendants be granted summary judgment on the issue of whether there was probable cause to arrest Plaintiff on April 25, 2012.[1]

[1] This Final Report and Recommendation has been issued to address arguments raised by Plaintiff in her Objections to the original Report and Recommendation.

I.

SUMMARY OF FACTS

On March 8, 2012, Plaintiff attended the Los Angeles Art Walk, a monthly outdoor food and art festival. (Hays Decl. at ¶¶ 4, 9; Frank Decl. at ¶ 2.) Plaintiff, who was a member of the "Occupy Movement," intended to perform what she calls an "educational road show" with her friend Donald Kronos, in which they inform attendees about important issues of the day. (Hays Decl. at ¶¶ 4, 9.) To facilitate her efforts, she brought a wheeled cart loaded with an amplifier, a computer, a plasma TV screen, candy to hand out to passers-by, and informational handouts. (Hays Decl. at ¶ 5.)

After Plaintiff set up her equipment, she was approached by Defendant Los Angeles Police Captain Horace Frank. (Compl. at ¶ 53; Hays Decl. at ¶¶ 9-10; Frank Decl. at ¶ 3.) Frank issued Plaintiff a citation for violating Los Angeles Municipal Code § 56.11, which makes it a crime to leave "merchandise, baggage or any article of personal property upon any parkway or sidewalk." (Hays Decl. at ¶¶ 10-12; Frank Decl. at ¶¶ 4-5; Los Angeles Municipal Code § 56.11.)

Six weeks later, on April 25, 2012, Plaintiff and Kronos returned to downtown Los Angeles with their equipment to perform their educational road show. Plaintiff began speaking to passersby through the amplifier while Kronos filmed the scene. (Hays Decl. at ¶¶ 19-21; Plaintiff's Motion, Exhs. 5-8, Digital Recordings from April 25, 2012.) Officers Walker and Echavarria told her that she had to move. (Hays Decl. at ¶¶ 19-20.) Plaintiff failed to move and began taunting the officers. (Hays Decl. at ¶ 20; Plaintiff's Motion, Exhs. 5-8.) She then began wheeling her cart down the street, continuing her monologue as she traversed the block, and, eventually, wheeled it back

to where she started. (Hays Decl. at ¶ 21; Plaintiff's Motion, Exhs. 5-8.) Once there, she parked her cart on the sidewalk, all the time speaking through her sound system. (Plaintiff's Motion, Exhs. 5-8.) Officers then arrested her for using amplified sound. (Hays Decl. at ¶¶ 22-24; Plaintiff's Motion, Exhs. 5-8.)

## II.

## ANALYSIS

Plaintiff brought this action against the Los Angeles Police Department, Captain Frank, Officer Echavarria, and others under 42 U.S.C. § 1983, alleging that they violated her constitutional rights when they falsely detained, arrested, and imprisoned her on March 8, 2012, and April 25, 2012. (Complaint at 23.) She now moves for summary adjudication, asking the Court to rule on "whether Plaintiff's two arrests were legally done or if they were done without probable cause."[2] (Motion at 2.)

### A. Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment, or, in this case, partial summary judgment, is warranted if there is no genuine dispute as to any material fact and the moving party is

---

[2] In her Complaint, Plaintiff alleges that Defendants violated her Fifth and Fourteenth Amendment due process rights. (Complaint at 23.) In her Motion, however, she claims that they violated her Fourth Amendment rights against unreasonable searches and seizures. (Motion at 15.) The detention and false arrest claims may not be raised under the due process clause of either the Fifth or Fourteenth Amendments. *See Albright v. Oliver*, 510 U.S. 266 (1994) (rejecting claim arrest and prosecution without probable cause violated substantive due process rights and holding claim must be evaluated under the Fourth Amendment); *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) (holding driver and passenger struck by police cruiser chasing suspect may not bring action under Fifth Amendment due process clause because it only applies to federal actors). For that reason, the Court will analyze these claims under the Fourth Amendment.

entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A "genuine issue" exists if there is a sufficient evidentiary basis upon which a reasonable jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A factual dispute is "material" if it might affect the outcome of the suit under governing law. *Id.* at 248. In ruling on a motion for summary judgment, the Court views the inferences it draws from the underlying facts in a light most favorable to the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A party seeking summary judgment bears the initial burden of informing the district court of the basis for the motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Where the moving party fails to do so, the opposing party need not come forward with evidence to counter the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970).

B. <u>The March 8, 2012 Incident</u>

On March 8, 2012, Plaintiff was cited and arrested for leaving her cart on the sidewalk. Plaintiff claims that Defendant Frank did not have probable cause to arrest her. For the reasons explained below, the Court concludes that Plaintiff has failed to establish that Frank did not have probable cause.[3]

---

[3] It is not clear to the Court whether Plaintiff was arrested on March 8, 2012, or merely issued a citation. In her declaration, she claims that Defendant Frank only cited her that day but explains that she "later found out that [the citation] was actually classified as an arrest." (Hays Decl. at ¶ 12.) In Captain Frank's report, which

Generally speaking, the Fourth Amendment prohibits a police officer from arresting someone unless there is probable cause to believe that the suspect has committed a crime. Const. Amend. IV. Probable cause exists where, under the totality of the circumstances known to the arresting officer, a prudent person would believe that the suspect committed a crime as that crime is defined under the law. *Lacey v. Maricopa County*, 649 F.3d 1118, 1131 (9th Cir. 2011), *citing Dubner v. City and County of San Francisco*, 266 F.3d 959, 966 (9th Cir. 2001); *Peschel v. City of Missoula*, 686 F. Supp. 2d 1107, 1118 (D. Mont. 2009). Said another way, if there is a "fair probability" that a suspect has committed a crime, a police officer has probable cause to arrest him. *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1094 (9th Cir. 2006)

Plaintiff was cited and arrested for violating Los Angeles Municipal Code § 56.11. This section makes it illegal to "leave or permit to remain any merchandise, baggage or any article of personal property upon any parkway or sidewalk." Plaintiff allowed her cart to remain on the sidewalk on March 8, 2012, even after being told by police to move it. As such, police had probable cause to arrest her.

Plaintiff disagrees. She seems to think that this ordinance only applies to vendors and points out that she was not selling anything that night and had not placed any merchandise on the sidewalk. (Complaint at 23; Hays Decl. at ¶ 10.) Plaintiff's interpretation of

---

Plaintiff submits as an exhibit to her Motion, he states that he arrested her then issued her a citation and released her. But in his declaration in opposition to the Motion, he states that he issued her a citation. (Motion at Exh. 2; Frank Decl. at ¶¶ 4-5.) The Court will assume for purposes of this Motion that Plaintiff was arrested that night.

the ordinance is misplaced. On its face it is not limited to vendors or to merchandise.

Further, to the extent that Plaintiff believes that the ordinance did not apply to her because her cart was on wheels and, therefore, was moveable, that argument, too, is rejected. The statute is not limited to carts without wheels. Clearly, it applies to carts (and other things) with wheels as well as those without. The obvious purpose of the ordinance is to prevent people from obstructing the sidewalks. The fact that the obstruction can be more easily moved when it is on wheels than when it is not does not shield the owner from the reach of the law.

Plaintiff contends that police were attempting to silence her for her political activities and that they were selectively enforcing this ordinance against her. Assuming that this is true, it does not help her cause. The officers' motivations are irrelevant in a probable cause analysis. *Lacey*, 649 F.3d at 1132 (noting arresting officers' intent or motivation is irrelevant to probable cause analysis); *Tatum*, 441 F.3d at 1094 ("If the facts known to an arresting officer are sufficient to create probable cause, the arrest is lawful, regardless of the officer's subjective reasons for it.").

If, as Defendants assert, Plaintiff parked her cart on the sidewalk (and refused to move it when told to by police), she violated section 56.11 and police had probable cause to arrest her. But, for purposes of this Motion, the Court only concludes that she has not carried her burden of establishing that they did not have probable

cause to arrest her. For that reason, her Motion for summary adjudication on this issue is denied.[4]

C. <u>The April 25, 2012 Arrest</u>

Plaintiff was arrested on April 25, 2012, for using amplified sound. She argues that Defendant officers did not have probable cause to arrest her because the ordinance barring amplified sound did not apply to what she was doing. (Complaint at 23; Motion at 14.) Defendants disagree. They contend that the law forbids the use of amplified sound and that they were justified in arresting her when she refused to stop using it. (Opposition at 5.) For the following reasons, the Court sides with Defendants, concluding that, not only is Plaintiff not entitled to summary judgment, but, with respect to the issue of probable cause for her arrest that day, Defendants are.

Los Angeles Municipal Code § 41.57, provides:

> It is unlawful for any person to cause, allow or permit the emission or transmission of any loud or raucous noise from any sound making or sound amplifying device in his possession or under his control. (sic) (1) upon any private property, or (2) upon any public street alley, sidewalk or thoroughfare, or (3) in or upon any public park or other public place or property.

Plaintiff admits that she was "talking to the public with [her] amplified sound" shortly before she was arrested. (Hays Decl. at

---

[4] The videos Plaintiff submitted with her Motion capture this arrest but they are too dark to see what happened that night. (Motion at Exh. 4.) Had they been brighter, it is likely that the Court would have granted Defendants summary judgment as to this arrest. *See, e.g., Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 311-12 (9th Cir. 1982) (explaining court can sua sponte grant summary judgment to the non-moving party when warranted by the record).

¶¶ 19-24.) Furthermore, she attached as an exhibit a video recording of the incident, which clearly shows her standing on the sidewalk and speaking through a microphone that is connected to an amplifier, which is loudly amplifying her voice. (Motion at Exh. 6.) The video shows the police arriving and explaining to her that she has to leave, and that, if she fails to, she will be arrested. (Motion at Exh. 6.) Plaintiff can be seen ignoring the officers' commands and taunting them through the amplifier. (Motion at Exh. 6.) Plaintiff can then be seen walking down the street, pulling her cart with her amplifier on it, and speaking through the microphone. (Motion at Exh. 6.) Plaintiff appears to walk almost to the end of the block, a distance of likely more than 75 feet, still speaking into the sound system, and can still be heard from where she walked away from the officers. (Motion at Exh. 6.)

Thus, what is patently clear from Plaintiff's evidence is that she violated the amplified sound ordinance and police had probable cause to arrest her for violating that law. As such, the Court denies Plaintiff's Motion for Summary Adjudication on this issue and grants summary adjudication to Defendants. *See Watts v. U.S.*, 703 F.2d 346, 347 (9th Cir. 1983); *Cool Fuel, Inc.*, 685 F.2d at 311-12 (noting, if a party moves for summary judgment and it is clear from the pleadings that there is no genuine dispute with respect to a material fact and the case cannot be proved at trial, the court may *sua sponte* grant summary judgment to the non-moving party).

Plaintiff argues that she had already turned off the amplifier when the officers arrested her. (Hays Decl. at ¶ 25.) This is not clear from the video. But, even if it was, it is irrelevant. The officers were free to arrest her at any time after she used the system

to amplify her voice in violation of the law. There was no time limit for them to do so. The fact that they may have waited to arrest her does not render her arrest unlawful.

In her Objections to the Report and Recommendation, Plaintiff contends that she was also seeking summary adjudication on the constitutionality of the amplified sound ordinance. The Court rejects this argument. Plaintiff made clear in statements to the Court before filing the Motion that she sought resolution only on the issue of probable cause. As she explained on more than one occasion, if the Court found that there was probable cause, she was inclined to drop her lawsuit because it was creating friction with her husband. (Motion at 2.) In her Motion, she noted that this friction had "spurred Plaintiff to ask for the Court to make a ruling as to whether Plaintiff's arrests were made without probable cause." (Motion at 2.) She explained that, "If the Court rules that the arrests were justified, Plaintiff will have no justification to proceed with this lawsuit." (Motion at 2.)

After receiving the Report and Recommendation containing the Court's finding that there was probable cause for her arrest, Plaintiff shifted gears, arguing in her Objections that she was also seeking a ruling on the constitutionality of the amplified sound ordinance. It is too late to make that argument now. Plaintiff never argued in the Motion that the ordinance was unconstitutional or ask the Court to rule on whether it was. For that reason, Defendants never addressed it in their brief. Nor did the Court in the original Report and Recommendation. Her request that the Court take up the issue in the now without any briefing is denied. Plaintiff may bring

a separate motion challenging the constitutionality of the ordinance if she sees fit.[5]

D. Plaintiff's Other Objections to the Report and Recommendation

Plaintiff complains that she did not get notice of the motion hearing date and, therefore, did not have the chance to argue her positions at the hearing. (Objections at 3.) This objection is overruled. The Court sent her a minute order two months before the hearing notifying her of the time and date of the hearing. (Doc. No. 113.) Assuming that she did not receive it, she should have checked the docket or called the clerk to determine when her Motion was being heard. This is particularly true since the hearing was held three months after she filed the Motion.

Further, the Court does not find that she has suffered any prejudice as a result of missing the hearing. Defendants' counsel merely submitted on the tentative when Plaintiff failed to appear and whatever Plaintiff could have or would have said at the hearing she has been able to say in her filings since the hearing, including in her Objections.

Plaintiff contends that the Court unfairly denied her request for additional time to file a reply brief despite the fact that it granted

[5] Even assuming that the Court were to conclude that the ordinance was unconstitutional, it would also have to conclude that the officers were entitled to qualified immunity because it appears from the face of the ordinance that it is constitutional and, therefore, the officers are shielded from suit for enforcing it, even if it is later determined to be unconstitutional. *See Acosta v. City of Costa Mesa*, 718 F.3d 800, 823-24 (9th Cir. 2013) (holding officers entitled to qualified immunity for arrest pursuant to ordinance that is later determined to be unconstitutional).

Defendants' request for additional time to file an opposition. (Objections at 5.) There is no merit to this argument.

The Court denied Plaintiff's request for an extension because it came after the Court had issued its tentative decision and after the hearing on the Motion was over. Further, after the Report and Recommendation was issued, Plaintiff filed Objections, which included her arguments regarding the Motion and to which she improperly attached her Reply brief anyway. The Court has drafted this Final Report and Recommendation with those arguments in mind. Thus, Plaintiff has not been prejudiced by the Court's failure to grant her request to file her Reply brief after the Court released its tentative decision and held a hearing on the Motion.

III.

RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) accepting this Final Report and Recommendation; (2) denying Plaintiff's Motion for Summary Adjudication on the March

8, 2012 arrest; and (3) granting summary adjudication to Defendants on the issue of whether they had probable cause to arrest her on April 25, 2012.

DATED: December 22, 2014

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Civil Rights\HAYS 12-10219\Hays Final RR on MSA.wpd