# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-10219-DMG (PJW) | Date | January 27, 2015 |
|---|---|---|---|
| Title | *Nadine Hays v. Los Angeles Police Department, et al.* | | |

| Present: The Honorable | Patrick J. Walsh, U.S. Magistrate Judge | |
|---|---|---|
| Jacob Yerke | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** Plaintiff's Unenumerated Motion re: 4/25/2012 Arrest and Use of Amplified Sound (Doc. No. 172.)

Before the Court is Plaintiff's unenumerated motion, titled "Motion that Plaintiff's Arrest on 4-25-12 Was Unlawful and Plaintiff Had the Right to Use Amplified Sound Per LAMC § 115.02." (Doc. No. 172.) In it, she contends that she is seeking an order finding that her arrest on April 25, 2012 was unlawful and that her right to use amplified sound was protected by the First Amendment and the Los Angeles Municipal Code. For the following reasons, the motion is denied.

On December 30, 2014, this Court denied Plaintiff's motion for summary adjudication as to her March 8, 2012 arrest. (Doc. Nos. 169, 170.) The Court also sua sponte granted summary judgment for Defendants on the issue of whether they had probable cause to arrest her on April 25, 2012 under Los Angeles' amplified sound ordinance, though the Court did not reach the issue of the ordinance's constitutionality. (*See* Doc. No. 169, at 9-10.)

In this latest motion, Plaintiff raises a variety of complaints she has about the Court's ruling on her motion for summary adjudication. It is not at all clear to the Court which, if any, of the Federal Rules of Civil Procedure she is proceeding under. For example, she contends that she has a right to be free from unlawful arrest, that she did not intend to violate the law, that she has a right to use amplified sound under the First Amendment and the Los Angeles Municipal Code ("LAMC"), and that the section of the LAMC under which she was arrested did not apply to her. She alternately claims that she is raising "several important issues at hand that should have been considered when determining if there was probable cause" for her arrest, that she is seeking injunctive relief regarding a municipal code ordinance, that she is seeking reconsideration of the Court's ruling, and that she is bringing a new motion arguing that the amplified sound ordinance is unconstitutional. The Court has no way of knowing what standard to apply to her arguments because she has not identified the rule of civil procedure she is moving under.

Assuming that she is asking the Court to reconsider its previous order on her motion for summary adjudication, her request is lacking. Under Local Rule 7-18, a motion for reconsideration is only allowed if the moving party can show that there is: a) a material difference in fact or law from that presented to the Court that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of the decision; b) the emergence of new material facts or a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

change of law that occurred after the decision; or c) a manifest showing of a failure to consider material facts presented to the Court before the decision.  Rule 7-18 further provides that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."  L.R. 7-18.  To the extent that Plaintiff was asking the Court to reconsider its earlier decision, she failed to make that clear in her motion.  She also seems to be repeating much of what she had included in that motion.  As such, the motion is denied.

Assuming that Plaintiff is proceeding under some other theory, she has failed to properly plead such theory and explain what rule she is moving under and, therefore, her motion is denied on that ground.

Plaintiff is admonished to follow the Federal Rules of Civil Procedure and the Local Rules of this court in bringing a motion.  Failure to do so will result in the denial of any future motions.  The January 28, 2015, hearing set for Plaintiff's motion is hereby taken off-calendar.

cc:
all counsel of record

S:\PJW\Cases-Civil Rights\HAYS 12-10219\MO motion on unlawful arrest.wpd

: 00

Initials of Preparer    sr