1  **MICHAEL N. FEUER**, City Attorney - SBN 111529x
   **THOMAS H. PETERS**, Chief Assistant City Attorney - SBN 163388
2  **CORY M. BRENTE**, Supervising Assistant City Attorney - SBN 115453
   **ELIZABETH GREENWOOD**, Deputy City Attorney - SBN 178010
3  200 North Main Street, 6th Floor, City Hall East
   Los Angeles, CA  90012
4  Email: Elizabeth.Greenwood@lacity.org
   Phone No.: (213) 978-7025, Fax No.: (213) 978-8785
5
6  Attorneys for Defendants **Los Angeles Police Department, Michael Brausam, Ronald
   Crump, Jason De La Cova, Derrick Dominguez, Pete Echavarria, Horace Frank,
   Larry Guillen, Kevin Montgomery, Javier Navarro, Derrick Prude, Jorge
7  Rodriguez, Donald Schwartzer, Alex Vargas, and Andrew Vergara Jr.**

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10  NADINE HAYS,                          CASE NO.: **CV12-10219 DMG (PJW)**
                                          *Judge:*      **Hon. Dolly M. Gee, Ctrm. 7**
11                Plaintiff,              *Magistrate:* **Hon. Patrick J. Walsh, Ctrm.
    vs.                                                 23**
12
    LOS ANGELES POLICE
13  DEPARTMENT (LAPD), LOS
    ANGELES BOARD OF POLICE             **DEFENDANTS' REPLY TO
14  COMMISSIONERS, BANK OF              PLAINTIFF'S OPPOSITION OF THE
    AMERICA, AND THE                    MOTION TO PRECLUDE EVIDENCE
15  FOLLOWING INDIVIDUALS, ALL          OF EMOTIONAL DISTRESS, PTSD OR
    BEING SUED AS INDIVIDUALS           DAMAGES AND THEIR REQUEST
16  AND IN THEIR PROFESSIONAL           FOR SANCTIONS AGAINST
    CAPACITY; OFFICER NAVARRO,          PLAINTIFF; DECLARATION OF
17  #31587, OFFICER ESCHAVARRIA,        ELIAZBETH L. GREENWOOD;
    #34633, OFFICER PRUDE, #34814,      EXHIBITS**
18  OFFICER GUMP, #33303, OFFICER
    FOWLER, OFFICER CORONADO,           Date:  April 10, 2015
19  OFFICER BIRCH, OFFICER              Time: 11:00 a.m.
    VERGARA, CAPTAIN                     Place: 23
20  RODRIQUEZ, OFFICER
    MONTGOMERY, OFFICER
21  GILLEM, OFFICER DOMINGUEZ,
    #39968, CAPTAIN HORACE
22  FRANK, DETECTIVE BRAUSAM,
    DETECTIVE MACIAS,
23  DETECTIVE DELGADO, CAPTAIN
    DON SCHWARTZER, DETECTIVE
24  DE LA COVA, ALEX VARGAS,
    ROBERT TAYLOR, #3866 and
25  DOES 1-30,

26                Defendants.

27  ——————————————————————

28  ///

                                    i

1  **TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD THEREIN:**

2         PLEASE TAKE NOTICE that Defendants Los Angeles Police Department,

3  Michael Brausam, Ronald Crump, Jason De La Cova, Derrick Dominguez, Pete

4  Echavarria, Horace Frank, Larry Guillen, Kevin Montgomery, Javier Navarro, Derrick

5  Prude, Jorge Rodriguez, Donald Schwartzer, Alex Vargas, and Andrew Vergara Jr.

6  (hereinafter "City Defendants") submit Memorandum of Points and Authorities in reply

7  to Plaintiff's Opposition to Defendants' Motion for an Order precluding Plaintiff

8  NADINE HAYS from evidence of any emotional distress, Post-Traumatic Stress

9  Disorder ("PTSD") or emotional distress damages at trial and seek sanctions against

10  Plaintiff for her failure to comply with this Court's Order, to provide supplementary

11  discovery responses as required by Federal Rule of Civil Procedure, Rule 26(e) and for

12  appropriate sanctions.

13

14  DATED:     March 24, 2015

15                   Respectfully submitted,
                     **MICHAEL N. FEUER,** City Attorney
16                   **THOMAS H. PETERS,** Chief Assistant City Attorney
                     **CORY M. BRENTE,** Supv. Assistant City Attorney
17
                     By: */S/ Elizabeth Greenwood*
18                   **ELIZABETH GREENWOOD,** Deputy City Attorney
                     Attorneys for City Defendants
19

20

21

22

23

24

25

26

27

28

                                    ii

1

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

3     **I.     Plaintiff's opposition is based on neither facts nor law; she bases her**

4     **opposition entirely on her personal dislike of counsel for the City Defendants.**

5          Plaintiff has brought a law suit seeking damages from the City of Los Angeles, it's

6     Departments and employees alleging, *inter alia*, they violated her constitutional rights

7     over the course of several months.  In that suit she claimed damages for emotional

8     distress as well as other mental health issues.

9          Throughout this litigation Plaintiff has repeatedly refused to fully cooperate in the

10    discovery process.  On October 31, 2013,  City Defendants properly served Plaintiff

11    Nadine Hays with Interrogatories (Set One). Motion 1; 6-8. Plaintiff without objection

12    finally  supplied untimely answers to those Interrogatories January 13, 2014, which

13    included the names and contact information of her treating physicians. *Id*.

14          Plaintiff has stated she is seeing a new Psychiatrist that she intends on using as a

15    witness at trial and refuses to disclose his or her name. Motion 1; 11-17. On February

16    26, 2015, the City Defendants sent Plaintiff an letter informing her of her duty to

17    supplement disclosures and responses pursuant to Fed. R. Civ Pro., Rule 26(e). Motion

18    1; 18-22. Plaintiff again refused, instead becoming hostile and sarcastic. *Id*. Concerned

19    about preparing their case, Defendants' setting a date and time for a meet and confer on

20    the matter informing Plaintiff of their intent to file a motion to compel the information.

21    *Id*. Plaintiff emailed the next day refusing to attend a meet and confer. *Id*.

22          On February 27, 2015, City Defendants drafted a Joint Stipulation and sent it via

23    email and USPS to Plaintiff. Motion 1; 23-26. Plaintiff replied that she would not

24    cooperate and threatened City Defendants with a sanctions motion if they interrupted her

25    again. *Id*.

26          In her opposition to the instant motion Plaintiff again failed to justify her conduct

27    in refusing to participate in discovery, refusing to supplement her response to the

28    Interrogatory, refusing to participate in the meet and confer process on the issue, and

1

1   finally refusing to draft the Plaintiff's portion and to sign the joint stipulation.  She
2   merely attacks defense counsel for the City Defendants.

3        Because of Plaintiff's persistent refusal to cooperate, her inability to find any
4   statutory reason for that refusal, and the damage this has and continues to cause the
5   Defendants over the last three years, this Court should issue an order preclude evidence
6   of any emotional distress, Post-Traumatic Stress Disorder ("PTSD") or emotional
7   distress damages at trial.  In addition, Plaintiff should be required to pay reasonable costs
8   and fees incurred by the defense in filing this motion to compel and in the Defendant''s
9   previous motion to compel.

10

11  **II.   PLAINTIFF CLAIMS COUNSEL FAILED TO BE CONSIDERATE IN**
12  **SCHEDULING**

13       Federal Rule of Civil Procedure, Rule 37, details the process of compelling a party
14  to answer discovery.  Local Rule 37-1to 37-1 detail that process in the 9th Circuit.
15  Working within those rules, Defendants' set a date and time for the pre-filing conference
16  of counsel.  Decl Greenwood ¶ 2.  Defendants gave Plaintiff three separate times they
17  were available. In her opposition, Plaintiff claims Defendants refused to cooperate with
18  her on setting a meet and confer.  Opposition page 2, lines 7-17.  That is a blatantly false
19  statement one can only assume is designed to mislead the Court. On February 27, 2015,
20  the day following the meet and confer letter, Plaintiff sent an email containing one
21  sentence, "I cannot make your meet and confer meeting."  *Id.*

22       Following Local Rule 37-2.1, upon Plaintiff's refusal to meet and confer regarding
23  her failure to disclose her treating Physician's name, defense counsel drafted the
24  Defendants' portion of the Joint Stipulation.  Upon completion, on February 27, 2015,
25  Defendants' properly served Plaintiff and sent her a courtesy copy via email.  Decl
26  Greenwood ¶ 3.  Instead of simply complying with Federal Rule of Civil Procedure,
27  Rule 26, and supplementing her previous answer, or Local Rules 37-1 by meeting and
28  conferring about discovery, or Local Rule 37-2.1 by adding Plaintiff's portion to the

1    Joint Stipulation, Plaintiff instead sent an email telling me that she, "ha[s] too many
2    things on my plate right now than to deal with your games." She further told me, "Your
3    e-mails to me are meant to distract, take up my time, and are unnecessary.  If you do this
4    one more time I will make a motion for sanctions once again."

5         As Defendants try to prepare for trial, the Plaintiff outright refuses to cooperate.
6    She refuses to turn over a Physician she plans to call as a witness as required by Fed. R.
7    Civ.Pro., Rule 26(e).  She refuses to meet and confer as required by Fed. R.Civ. Pro.,
8    Local Rule 37-1.  She refuses to draft the Plaintiff's portion of the Joint Stipulation as
9    required by Fed. R.Civ. Pro., Local Rule 37-2.1.   Finally, after forcing the Defendants to
10   fiel the instant motion, Plaintiff files an opposition lying to the Court claiming it is the
11   Defendants who refuse to cooperate.

12

13   **III.    PLAINTIFF CLAIMS SHE NO LONGER TRUSTS COUNSEL**

14        In her opposition Plaintiff admits she has not turn over her treating Psychiatrist's
15   name (Opposition 2; 21-22) but does not provide any supporting authority for that
16   refusal.  Also without authority, Plaintiff then goes on the attack and asks the Court to
17   prohibit Defendants from knowing the witness names before trial.  Opposition page 3,
18   line 20- page 4, line 2.  It is notable that Plaintiff cited Rule 26 (c) as her authority, but
19   failed to meet and confer, or even file a motion over the issue.

20

21   **IV.    PLAINTIFF CLAIMS THE  DISCOVERY MOTION IS FRIVOLOUS**

22        Federal Rule of Civil Procedure, Rule 26(e) entitled Supplementing Disclosures
23   and Responses, states, "A party who has made a disclosure under Rule 26(a)—or who
24   has responded to an interrogatory, request for production, or request for admission - must
25   supplement or correct its disclosure or response: (A) in a timely manner if the party
26   learns that in some material respect the disclosure or response is incomplete or incorrect,
27   and if the additional or corrective information has not otherwise been made known to the
28   other parties during the discovery process or in writing . . ." Plaintiff was served with a

3

1  Request to Produce her physicians names and contact information on October 31, 2013.
2  Plaintiff did not object and replied, although late, on January 14, 2014. She now remains
3  intransigent in her refusal too turn over a witnesses name.

4      This Court has repeatedly informed Plaintiff that her medical records were
5  discoverable because she has placed her mental health at issue. Doc75, 78, 80, 92, 97,
6  112, 125, 129, 153. This Court previously sanctioned Plaintiff $750.00 for failing to
7  cooperate in the discovery process and admonished her about further sanctions. Doc
8  166. It does not matter. Throughout this case Plaintiff has continually thumbed her nose
9  to this Court and to the District Court. Not only does she refuse to comply with the
10 Federal Rules of Civil Procedure or the Local Rules, she is now arguing they are
11 frivolous.

12

13 **V.  RULE 37(c) SANCTIONS COMPEL THE PRECLUSION OF PLAINTIFF'S**
14       **CLAIMS OF EMOTIONAL DISTRESS AND PTSD**

15     Federal Rule of Civil Procedure, Rule 37(c) (1), entitled  Failure to Disclose or
16 Supplement states clearly, " [i]f a party fails to provide information or identify a witness
17 as required by Rule 26(a) or (e), the party is not allowed to use that information or
18 witness to supply evidence on a motion, at a hearing, or at a trial . . ." Plaintiff offers no
19 legal authority for her intransigence, she simply refuses. Further, Plaintiff's actions are
20 in no way harmless to the Defense. She is denying the Defense the name and contact
21 information of a treating physician she plans on calling at trial. That denial is the exact
22 reason for Rule 37(c). This court should enforce the sanction that is outlined in that
23 Rule.
24 ///
25 ///
26 ///
27 ///
28 ///

4

1   **VI.   CONCLUSION**

2          For the foregoing reasons, Defendants respectfully request that their Motion to

3   Preclude Evidence of Emotional Distress be GRANTED, and that sanctions for costs and

4   attorney's fees for the filing on this motion be awarded in the amount of $ 2,587.50.

5   Defendants further request the court again consider it's stayed decision on sanctions

6   from its December 3, 2014, order and impose the sanction request contained in that

7   motion.  Defendants' also request that the court advise Plaintiff that continued failure to

8   cooperate in the future could result in an additional sanctions up to and including a

9   dismissal of her actions.

10  DATED:      March 24, 2015

11

                   Respectfully submitted,

12
                   **MICHAEL N. FEUER,** City Attorney
13                 **THOMAS H. PETERS,** Chief Assistant City Attorney
                   **CORY M. BRENTE,** Supv. Assistant City Attorney

14

15                 By: /S/ Elizabeth Greenwood
                   **ELIZABETH GREENWOOD,** Deputy City Attorney
16                 Attorneys for City Defendants

17

18

19

20

21

22

23

24

25

26

27

28

                                    5

DECLARATION OF ELIZABETH L. GREENWOOD

1

## **DECLARATION OF ELIZABETH GREENWOOD**

2

3      I, Elizabeth Greenwood, if called to testify, could and would swear to the
4    following facts of my own personal knowledge.

5    1.      I am a Deputy City Attorney with the Los Angeles City Attorney's Office,
6    currently assigned to the Police Litigation Section. I am the attorney of record for
7    Defendants Los Angeles Police Department, Michael Brausam, Ronald Crump, Jason De
8    La Cova, Derrick Dominguez, Pete Echavarria, Horace Frank, Larry Guillen, Kevin
9    Montgomery, Javier Navarro, Derrick Prude, Jorge Rodriguez, Donald Schwartzer, Alex
10   Vargas, and Andrew Vergara Jr. in the case of *Nadine Hays v. Los Angeles Police
11   Department, et al.*, Case No. CV12-10219 DMG (PJW).

12   2.      Attached hereto as Exhibit "**1**" is a true and correct copy of the letter setting a date
13   and time for a meet and confer and Plaintiff's email in response.

14   3.      Attached hereto as Exhibit **2** is a true and correct copy of the letter and email
15   regarding the Joint Stipulation for a Motion to Compel.

16      I declare under the penalty of perjury of the laws of the State of California, the
17   foregoing is true and correct.

18      Executed March 24, 2015 at Los Angeles, California.

19

20                              By: /S/Elizabeth Greenwood

21                              ELIZABETH GREENWOOD, Declarant

22

23

24

25

26

27

28

6.

EXHIBIT 1



Elizabeth Greenwood <elizabeth.greenwood@lacity.org>

---

# RE: Your failure to participate in discovery
1 message

**Nadine Hays** <nadinehays@aol.com>                                              Fri, Feb 27, 2015 at 2:03 PM
To: Elizabeth Greenwood <elizabeth.greenwood@lacity.org>
Cc: Lisa Garner <lgarner@gordonrees.com>, Hilary Feybush <hfeybush@gordonrees.com>, Kelly Heaton
<kelly.heaton@lacity.org>

I cannot make your meet and confer meeting.

**From:** Elizabeth Greenwood [mailto:elizabeth.greenwood@lacity.org]
**Sent:** Thursday, February 26, 2015 1:11 PM
**To:** Nadine Hays
**Cc:** Lisa Garner; Hilary Feybush; Kelly Heaton
**Subject:** Your failure to participate in discovery

Ms. Hays,

Please see the attached correspondence.

Sincerely,

Elizabeth Greenwood

***************Confidentiality Notice *************************

This electronic message transmission contains information

from the Office of the Los Angeles City Attorney, which may be confidential or protected by the
attorney-client privilege and/or the work product doctrine. If you are not the intended recipient,
be aware that any disclosure, copying,

distribution or use of the content of this information is prohibited.  If you have received this
communication in error, please notify us immediately by e-mail and delete the original message and
any attachments without reading or saving in any manner.

*******************************************************************

**EXHIBIT 1**                                              **Page 7**



Police Litigation Unit
City Hall East, Room 600
200 North Main Street
Los Angeles, CA 90012

(213) 978-6900 Tel
(213) 978-8785 Fax
elizabeth.greenwood@lacity.org
www.lacity.org/atty

**MICHAEL N. FEUER**
**City Attorney**
February 5, 2015

<u>VIA  U.S. MAIL AND E-Mail</u>
Nadine Hays
370 Highland Hills Drive
Camarillo, CA 93010
NadineHays@aol.com

*Re: Nadine Hays  v. Los Angeles Police Department, et al Case No.: CV12-10219 DMG (PJW)*

Mrs. Hays,

In a recent email you indicated that you were currently seeing a psychiatrist. When I asked his or her name you have repeatedly refused to give it to me, instead choosing to attempt to discuss and attack personal details about me. I am not a party to this case.

This case involves your arrests in 2012 and your claim for damages. You have been repeatedly told that we have a right to your medical information. Further, in response to written discovery you were asked about your medical history and treating physicians. You did not object to the question and provided answers. Pursuant to Federal Rule of Civil Procedure 26 (e) you are mandated to supplement your discovery responses. You have repeatedly refused to do that.

Because of your refusal to participate in the discovery process the Defendants will be filing a motion to compel the information pursuant to Federal Rule of Civil Procedure, Rule 37, and seeking the costs of filing that motion from you. In an effort to avoid spending the time and money required to file the motion I have set a meet and confer for Tuesday, March 3, 2015 at 2:00 in my office at 200 N. Main, 600 CHE, Los Angeles California 90012. If that date or time does not work for you I am also available on March 4, 2015 at 11:00 or at 2:00.

I trust you will rectify this situation. But if not, I will see you next week.

Very truly yours,

Elizabeth Greenwood
Deputy City Attorney

eg/kh

EXHIBIT 1                    Page 8

EXHIBIT 2



Elizabeth Greenwood <elizabeth.greenwood@lacity.org>

## RE: Motion to Compel your Psychiatrist's Name

1 message

**Nadine Hays** <nadinehays@aol.com>             Fri, Feb 27, 2015 at 6:02 PM
To: Elizabeth Greenwood <elizabeth.greenwood@lacity.org>

This seems to be a very one-sided case and unfortunately I am seeing that even the Court is on yours. I'm certain that you have the Civil Minutes dated 2/23/15, where the Court refuses to impose sanctions on you for your unprofessional conduct. I was really blown away when the following statement was made on page 2: During the brief instances during which Defendants' counsel leaned over to say something to Frank during the deposition, *it appeared to be in regards to questions unrelated to the issues in this litigation.* You don't have relationships with any of Walsh's clerks, do you?

A great example of the prejudice I haves been subjected to includes:

1. Not receiving transcripts from Otero's courtroom when you did your trial. Did you have any input on this?

2. Being attacked by the U.S. Marshall in the Main Street security area. Did you have any input on this?

3. Being accused of recording the trial. I know you were the one that instigated this.

4. Being promised to see my medical records first before anyone else, and then getting them the day the doctor was deposed instead?

5. Insisting that it was to doctor's policy to not have the recorders on during the IME when it was strictly your own way of making life difficult for me...and the judge believed you!

6. By keeping my own medical records away from me when detained in the MDC.

7. By refusing to allow me to walk through the MDC, talk with Alan Boldman, etc. when this is critical discovery that is supposed to be allowed.

8. By objecting to every question I made of Commander Frank to the point that I was triggered and ended the deposition in disgust. I mentally could not take it any longer.

The above are just a few examples.

I don't think it is professional conduct that I should make a motion for all of the times you don't do what you are supposed to do and when you do do things you aren't supposed to.

I have too many things on my plate right now than to deal with your games.

You know what you need to do to find out who my psychiatrist is. I do not want you to talk with him unless I am present and a deposition is being conducted. You have already unethically spoken with Dr. Guy and who knows who else at Kaiser Permanente. Any more attempts will motivate me to once again ask for sanctions.

Have a wonderful weekend and please do not bother me any more with trivialities. I am working on my FAC and these interruptions are very bad for me.

Oh...sorry I got tangential and probably missed the point of your e-mail on why I don't want to give you the name of my psychiatrist.

1. You have spoken unethically with my doctor that you were in the process of deposing.

2. You have unethically coached my doctor that you were in the process of deposing.

3. You have promised to give me information and then you don't keep your promise.

4. I am tired of being the nice guy and getting nothing but dirt from you, Feybush, and Garner.

5. You can get the information you need without bothering me.

If you make a motion for the name of my doctor, I hope Judge Walsh can see that this is harassment. If Judge Walsh rules in your favor, then I know there is collusion. You don't need for me to tell you the name. There are other ways for you to find out.

If you make any more threats, I will simply ignore them and not even respond back.

Your e-mails to me are meant to distract, take up my time, and are unnecessary. If you do this one more time I will make a motion for sanctions once again. At least this will all be on the record in case there is an appeal.

Sincerely,

Nadine Hays

P.S. If you do make a motion, please include the entire contents of this e-mail so nothing is taken out of context. Thanks.

**From:** Elizabeth Greenwood [mailto:elizabeth.greenwood@lacity.org]
**Sent:** Friday, February 27, 2015 4:01 PM
**To:** Nadine Hays
**Cc:** Hilary Feybush; Lisa Garner; Kelly Heaton
**Subject:** Motion to Compel your Psychiatrist's Name

Please see attached documents. Please note, if I do not have your responses by next Friday, I will be forced to tell the Court that you failed to cooperate in this process.

*****************Confidentiality Notice *************************

This electronic message transmission contains information

from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,

distribution or use of the content of this information is prohibited.  If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.

*****************************************************************



Elizabeth Greenwood <elizabeth.greenwood@lacity.org>

## Motion to Compel your Psychiatrist's Name
1 message

**Elizabeth Greenwood** <elizabeth.greenwood@lacity.org>                    Fri, Feb 27, 2015 at 4:00 PM
To: Nadine Hays <nadinehays@aol.com>
Cc: Hilary Feybush <hfeybush@gordonrees.com>, Lisa Garner <lgarner@gordonrees.com>, Kelly Heaton
<kelly.heaton@lacity.org>

Please see attached documents.  Please note, if I do not have your responses by next Friday, I will be forced to
tell the Court that you failed to cooperate in this process.

📄 **letter and deft portion of mtc name of psychiatrist.pdf**
331K



Police Litigation Unit
City Hall East, Room 600
200 North Main Street
Los Angeles, CA 90012

(213) 978-6900 Tel
(213) 978-8785 Fax
elizabeth.greenwood@lacity.org
www.lacity.org/atty

**MICHAEL N. FEUER**
**City Attorney**
February 5, 2015

**VIA  U.S. MAIL AND E-Mail**
Nadine Hays
370 Highland Hills Drive
Camarillo, CA 93010
NadineHays@aol.com

*Re: Nadine Hays  v. Los Angeles Police Department, et al Case No.: CV12-10219 DMG (PJW)*

Mrs. Hays,

On March 10, 2015 we will be filing a Motion to Compel your disclosure of your treating psychiatrist pursuant to Federal Rule of Civil Procedure Rule 37.  Prior to that filing we need to meet and confer.  I previously scheduled a meet and confer and you replied that you would not be coming to the meeting.

Pursuant to Local Rule 37-2 we must draft and file a Joint Stipulation.  I have drafted the defense portion of that Joint Stipulation and it is attached here.  Pursuant to Local Rule 37-2.2 you are required to provide me with the defense your portion of the Joint Stipulation no later than Friday, March 6, 2015.

Very **truly** yours,

Elizabeth Greenwood
Deputy **City Attorney**

eg/kh

EXHIBIT 2                                      Page 13

**MICHAEL N. FEUER**, City Attorney - SBN 111529x
**THOMAS H. PETERS**, Chief Assistant City Attorney - SBN 163388
**CORY M. BRENTE**, Supervising Assistant City Attorney - SBN 115453
**ELIZABETH GREENWOOD**, Deputy City Attorney - SBN 178010
200 North Main Street
6th Floor, City Hall East
Los Angeles, CA 90012
Email: Elizabeth.Greenwood@lacity.org
Phone No.: (213) 978-7025, Fax No.: (213) 978-8785

Attorneys for Defendants **Los Angeles Police Department, Michael Brausam, Ronald Crump, Jason De La Cova, Derrick Dominguez, Pete Echavarria, Horace Frank, Larry Guillen, Kevin Montgomery, Javier Navarro, Derrick Prude, Jorge Rodriguez, Donald Schwartzer, Alex Vargas, and Andrew Vergara Jr.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADINE HAYS, | CASE NO.: **CV12-10219 DMG (PJW)** |
| Plaintiff, | *Judge:* **Hon. Dolly M. Gee**, *Ctrm. 7* |
| vs. | *Magistrate:* **Hon. Patrick J. Walsh**, *Ctrm. 23* |
| LOS ANGELES POLICE DEPARTMENT (LAPD), LOS ANGELES BOARD OF POLICE COMMISSIONERS, BANK OF AMERICA, AND THE FOLLOWING INDIVIDUALS, ALL BEING SUED AS INDIVIDUALS AND IN THEIR PROFESSIONAL CAPACITY; OFFICER NAVARRO, #31587, OFFICER ESCHAVARRIA, #34633, OFFICER PRUDE, #34814, OFFICER GUMP, #33303, OFFICER FOWLER, OFFICER CORONADO, OFFICER BIRCH, OFFICER VERGARA, CAPTAIN RODRIQUEZ, OFFICER MONTGOMERY, OFFICER GILLEM, OFFICER DOMINGUEZ, #39968, CAPTAIN HORACE FRANK, DETECTIVE BRAUSAM, DETECTIVE MACIAS, DETECTIVE DELGADO, CAPTAIN DON SCHWARTZER, DETECTIVE DE LA COVA, ALEX VARGAS, ROBERT TAYLOR, #3866 and DOES 1-30, | **LOCAL RULE 37 JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL DEPOSITION TESTIMONY**<br><br>[Declaration of Elizabeth Greenwood filed concurrently,]<br><br>Date:<br>Time:<br>Place: |
| Defendants. | |

i

EXHIBIT 2                                    Page 14

TO THE HONORABLE MAGISTRATE JUDGE JOHN E. MCDERMOTT:

Pursuant to Local Rule 27, the parties hereby submit the following stipulation in connection with Defendants' Motion to Compel Plaintiff NADINE HAYS to answer the previously propounded Interrogatories.

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S
ANSWERS TO DEFENDANTS' INTERROGATORIES

## I.     DEFENDANTS' INTRODUCTION AND STATEMENT OF FACTS

Plaintiff brings this action alleging, *inter alia*, that the Los Angeles Police Department and specific members have conspired to arrest her and violate her constitutional rights in an effort to prevent her from discussing the pretrial housing of Bradley Manning in solitary confinement.  Plaintiff has named Los Angeles Police Department, Michael Brausam, Ronald Crump, Jason De La Cova, Derrick Dominguez, Pete Echavarria, Horace Frank, Larry Guillen, Kevin Montgomery, Javier Navarro, Derrick Prude, Jorge Rodriguez, Donald Schwartzer, Alex Vargas, and Andrew Vergara Jr. as defendants in the case.  On October 31, 2013 Defendants properly served on Plaintiff their First Set of Interrogatories.  Significantly past the deadline, Plaintiff mailed her responses to Defendants on January 13, 2014.  *Greenwood Decl.,* ¶ __.

On May 5, 2014, discovery cut off.  Plaintiff randomly emailed defense counsel asking if the report from her IME had been received because she needed to know if she needed to retain a forensic expert or just use her current psychiatrist.  Since over a year has passed since her answers to the Interrogatories, defense counsel inquired about the name of her psychiatrist.  Instead of responding with her physician's name, Plaintiff demanded to know the name of defense counsel's psychiatrist and after, a soliloquy about people with high moral standards, opined that she needed one.  When counsel again asked Plaintiff responded that defense counsel needed to ask "the proper way" and only then Plaintiff "may respond."  When defense counsel pointed out that Pursuant to

1

EXHIBIT 2                                    Page 15

1   FRCP, Rule 26(e) she was required to supplement discovery and asked again plaintiff
2   stopped responding.

3         On February 26, 2015, defense counsel drafted and sent Plaintiff a meet and confer
4   letter regarding her refusal to participate in the discovery process and disclose the name
5   of her psychiatrist. Pursuant to FRCP, Rule 37, I set a meet and confer date and time
6   with additional possibilities if that did not work. On February 27, 2015, Plaintiff replied
7   that she, "cannot make your meet and confer meeting." In responding to that email, I
8   again asked the name of her psychiatrist. Plaintiff has not responded.

9         This Court has repeatedly ordered Plaintiff to turn over medical information and
10   submit to medical exams because she has placed her mental health at issue in this case.
11   Plaintiff's actions have repeatedly unfairly disadvantaged the defense by depriving it of
12   necessary discovery and unfairly cost the Defendants tens of thousands of dollars in
13   costs and fees. Plaintiff's repeated refusal to cooperate in the discovery process appears
14   to be nothing more than an attempt to manipulate the proceedings to the Defendants'
15   detriment.

16         Because Plaintiff has failed to justify her conduct, and her refusal to comply
17   with the supplemental discovery requirements required by the Federal Rule
18   of Civil Procedure, Rule 26(e) deprived Defendants of necessary evidence to prepare for
19   trial, the Court should issue an order compelling Plaintiff to disclose the name and
20   treatment dates of her psychiatrist. In addition, Plaintiff should be required to pay
21   reasonable costs and fees incurred by the defense in compelling discovery under Rule 37.

22

23   **II.**    **PLAINTIFF'S INTRODUCTION AND STATEMENT OF FACTS**

24       *A.*    ***Introductory Statement by the Pro Se Plaintiff:***

25

26

27

28

EXHIBIT 2                    Page 16

## III.   DEFENDANTS' CONTENTIONS

### A.   Defendants Are Entitled to Plaintiff's Deposition

There is no question that Defendants are entitled to the name and address of Plaintiff's treating psychiatrist as set forth in Fed. R. Civ. Proc. 34.  "An important purpose of discovery is to reveal what evidence the opposing party has, thereby helping determine which facts are undisputed -- perhaps -- paving the way for a summary judgment motion -- and which facts must be resolved at trial."  *Computer Task Group, Inc. v. Brotby,* 364 F.3d 1112, 1117 (9th Cir. 2004).

### B.   Plaintiff's Refusal to Testify Is Not Justified and Merits Sanctions

Plaintiff's refusal to supplement her answers to Interrogatories, and refusing to meet and confer on the matter is petulant and unfair to the Defendants.

The fact that Plaintiff is proceeding *pro se* is not enough to spare her case from discovery sanctions, including dismissal; all litigants, including those proceeding *pro se*, have obligation to comply with court orders, and when they flout that obligation they, like all litigants, must suffer consequences of their actions. *Mathews v U.S. Shoe Corp.,* 176 F.R.D. 442 (WD NY 1997) ; *Watkins v. Payless Shoesource, Inc.* 174 F.R.D. 113 (MD FLA 1997).

Rule 37(a)(5) provides that the party who prevails on a motion to compel is entitled to his or her expenses, including reasonable attorney's fees, unless the losing party was substantially justified in making or opposing the motion.  Furthermore, Rule 37(d)(3) provides that in either in addition to or instead of  the sanction available under Rule 37(b)(2)(A)(i)-(vi) "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or the circumstances make an award of expenses unjust."

Plaintiff has, without legal justification, refused to disclose the name of her treating psychiatrist, necessitating a motion to compel to obtain the information. Plaintiff must be required to pay Defendants $1,400.00 for their reasonable expenses and

3

EXHIBIT 2                    Page 17

1  attorney's fees to date in compelling her responses. *Greenwood Decl., ¶¶ ___.*

2  **IV.    PLAINTIFF'S CONTENTIONS**

3          *A.    The Plaintiff's Contentions and Points and Authorities*

4

5  DATED:

6                                          NADINE HAYS, PRO SE

7                                          By: _____
                                               NADINE HAYS

8

9

10 DATED:

11

12                                     Respectfully submitted,

13                                     **MICHAEL N. FEUER**, City Attorney
                                       **CORY M. BRENTE**, Assistant City Attorney

14                                     By: _____/S/Elizabeth Greenwood_____
15                                     **ELIZABETH GREENWOOD**, Deputy City Atty
                                       *Attorneys for Defendants*

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 2                                           Page 18