# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADINE HAYS,<br><br>　　　　　Plaintiff,<br>vs.<br><br>LOS ANGELES POLICE<br>DEPARTMENT (LAPD), *et al.*<br><br>　　　　　Defendants.<br>_____ | CASE NO.: **CV12-10219 DMG (PJW)**<br>*Judge:*　　**Hon. Dolly M. Gee, Ctrm. 7**<br>*Magistrate:*　**Hon. Patrick J. Walsh, Ctrm. 23**<br><br>**PROTECTIVE ORDER GOVERNING PLAINTIFF'S ANSWERS AND TEST QUESTIONS GIVEN DURING THE DECEMBER 22, 2014 INDEPENDENT PSYCHIATRIC EXAM WITH DR ROSENBERG** |

**PROTECTIVE ORDER GOVERNING IN CAMERA REVIEWED INTERNAL AFFAIRS REPORT(S)**

　　　　Pursuant to Document 166 - Civil Minutes - General Proceedings: Hearing on Defendants' Motion to Preclude Evidence of Emotional Distress and for Sanctions (Doc. Nos. 161-164) of the Court's Docket in the above captioned matter, **IT IS HEREBY ORDERED,** that the following Protective Order, and its terms shall govern documents and things in this matter:

　　　　For purposes of this Order, Confidential Materials include, but are not limited to:

　　　　1.　　Examination answers given by plaintiff Nadine Hays in here Independant Psychiatric Exam on December 22, 2014; and if necessary,

///

///

2. Questions from those exams not in the custody of Dr. Richard Deamer.

## I. GOOD CAUSE STATEMENT

The psychological exams taken in this matter are proprietary and potentially useless if the questions are widely disseminated. Neither Defendants nor Dr. Rosenberg own the rights to the tests, and Dr. Rosenberg has signed contracts requiring him to protect the test questions from the public domain. The answers given are the work product of the defendants in this law suit. They are being turned over to Dr. Richard Deamer as plaintiff has indicated she intends to call him as her treating psychiatrist should this case go to trial. The Court ordered defendants to turn over the answers and any tests not in Dr. Deamer's possession subject to this protective order. The issuance of an appropriate protective order makes certain that these privacy and privilege concerns are not compromised beyond that degree necessary to the issues before the court. Accordingly, on behalf of the City of Los Angeles and those persons identified within a given Complaint, the Defendants respectfully request these procedural protections in the instant case.

## II. TERMS OF THE PROTECTIVE ORDER

1. The Confidential Documentation being provided pursuant to this Protective Order will be accomplished by affixing to such document or writing a legend, such as "Confidential," "Confidential Documents," "Confidential Material Subject to Protective Order" or words of similar effect. The documents and writings so designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this stipulation/protective order. The "Confidential" Watermark shall not obscure the writings on the document's legibility and shall not be repeated more than once per page.

2. Confidential Information may be used by the persons receiving such information only for the purpose of this above-captioned litigation .

3. Subject to the further conditions imposed by this stipulation/protective order,

2

Confidential Information may be disclosed only to the following persons:

    a.    Dr. Deamer, his secretaries and other such personnel working under his supervision;

    b.    Such other parties as may be agreed by written stipulation among the parties hereto, or by Court Order.

    c.    The test questions shall not be turned over to the plaintiff in this matter.

    4.    Prior to the disclosure of any Confidential Information to any person described in paragraph 3(a), 3(b) or 3(c), counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this protective order, and shall cause him or her to execute the following acknowledgment:

> "I understand that I am being given access to Confidential Information pursuant to the foregoing protective order. I have read the stipulation/protective order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information.
>
> Dated: _____ /s/ _____"

Once this is completed, Plaintiff will serve a copy of the acknowledgment upon Defendants.

    5.    Upon the final termination of this federal litigation, including any appeal pertaining thereto, including but not limited to any event wherein the case is ever remanded to State Court, all materials, as well as any other Court Ordered Documents provided pursuant to this Protective Order and **all copies thereof shall be returned to the Offices of the Los Angeles City Attorney's Office, 6th Floor, City Hall East, Los Angeles, California 90012 for destruction/shredding. All Confidential documentation provided to any person or party, pursuant to any provision hereof, also shall be returned to the City Attorney's Office**.

    6.    If any party who receives Confidential Information receives a subpoena and/or public record request seeking Confidential Information, he, she or it shall

immediately give written notice to counsel for defendants, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation/protective order so as to afford defendants an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material.  However, in no event should production or disclosure be made without written approval by defendants' counsel unless required by Court Order arising from a motion to compel production or disclosure of Confidential Information. **Nothing in this Protective Order should be construed as authorizing a party in this action to disobey a lawful directive from another court.**

7. Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer to Confidential Information, it shall be the party seeking to use such information burden to first request the sealing of such documents pursuant to Local Rule 79-5.1.

8. Counsel for the parties hereto agree to request that in the event any motions, applications or other pre-trial proceedings which could entail the discussion or disclosure of Confidential Information, that such a Party will first seek special permission from the Court to hear such information outside the presence of the jury.  Counsel for the parties further agree that, during any portion of the trial of this action which could entail the discussion or disclosure of Confidential Information, that Defendants will have an opportunity to make a special request to the Court that access to the courtroom be limited to parties, their counsel and other designated representative, experts or consultants who agreed to be bound by this stipulation/protective order, and court personnel.

///
///
///
///
///

1      9.    Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

    10.    This Protective Order survives settlement, trial and/or appeal.

***IT IS SO ORDERED***

Dated:    08/12/15

By: _____
       **HONORABLE PATRICK J. WALSH**
       **UNITED STATES MAGISTRATE JUDGE**